# EXHIBIT 9

# DECLARATION OF LOUISE CARHART

I, LOUISE CARHART, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. My name is Louise Carhart. I am an attorney at Kempster, Corcoran, Quiceno & Lenz-Calvo, Ltd., and am based in Chicago, Illinois. My practice area is focused on immigration. I have three years of experience representing noncitizens in affirmative and defensive applications to USCIS and EOIR. I have represented clients detained at the ICE Broadview Staging Service Area ("Broadview") at 1930 Beach St. in Broadview, Illinois.

2. One of my clients was detained at Broadview from June 16, 2025, until June 20, 2025. He was first held in a windowless basement at O'Hare International Airport for five days. I did not speak to him while he was at O'Hare. I learned through my client's family that he was being transferred to Broadview.

3. On June 16, I entered my client's information into the ICE online detainer locater system (https://locator.ice.gov/odls/#/search). It simply listed my client as being "in ICE custody," but did not list where he was detained. The ICE detainee locator never stated that he was at Broadview.

4. I called the ICE Chicago Field Office phone number (872) 351-3990) multiple times between June 16 and June 20, but each time I called, after going through the menu, the call dropped.

5. While he was detained at Broadview, he was unable to call me or his family. His family did not hear from him until he was transferred out of Broadview. The day he was transferred out of Broadview, the ICE detainee locator listed him as being in Clay County Detention Center, but he was not there. ICE had instead sent him to the Campbell County Detention Center in Newport, Kentucky.

6. My client was prejudiced due to ICE's refusal to allow him to access counsel. ICE's denial of access prevented me from starting on his case while he was at Broadview. I could not obtain his signature on documents or file for bond while he was detained at Broadview. My client was detained at Broadview for four days. Because ICE denied access, my client was in detention for nine days before I could even begin seeking relief.

7. My client told me he felt lucky to be alive by the time he left Broadview. At Broadview, he only received one cold meal a day. The holding room was very crowded and cold. There were no beds, and he was forced to attempt to sleep on the floor. There were no working showers available, and the toilets were shared with many individuals.

8. My client takes medication for high blood pressure. During his four days at Broadview, ICE did not give him his medication. His family dropped off a duffel bag of his

1

belongings at Broadview, which included his prescription medication. ICE never provided him with this medication. He did not receive the duffel bag until he was released from ICE custody.

Executed on 9th of October 2025, in Chicago IL

Louise Carhart
Attorney
Kempster, Corcoran, Quiceno & Lenz-Calvo, Ltd