# EXHIBIT 10

## DECLARATION OF KHIABETT OSUNA

I, KHIABETT OSUNA, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. My name is Khiabett Osuna. I am an immigration attorney based in Chicago, Illinois, at Kriezelman Burton & Associates, LLC. I have 6 years of experience representing noncitizens in immigration proceedings as an attorney. I focus primarily on representing individuals in removal proceedings in immigration courts throughout the United States, as well as individuals seeking relief before the U.S. Citizenship and Immigration Service. As part of my practice in Chicago, I have represented clients detained at Broadview.

2. On Friday, August 15, 2025, I went with my client to her USCIS interview at the Chicago Field Office for an adjustment of status. The USCIS officer told me she was not going to make a decision that day because she was busy with interviews. Her supervisor confirmed that the officer was scheduled for interviews all day and a same-day decision could not be issued. They both told me that ICE wanted to talk to us in the basement..

3. Minutes later, ICE told me that the officer denied my client's application. I was not informed by USCIS about the denial or the reasons for the denial. I did not receive a written decision from USCIS until days later, which I needed to file an appeal.

4. ICE immediately detained my client. She is an elderly woman in her late 70s with several health conditions that require medication including diabetes, high blood pressure, high cholesterol, and thyroid problems. The ICE officer said to my client: "give your keys to your attorney." The ICE officer again informed us that the USCIS officer had denied my client's case, but that they did not know why. When I asked why it was necessary to detain my client, who was elderly and sick, they said they did not have discretion, that their orders were given to them by headquarters. My client gave me her house keys, which I gave to my client's friend. Her friend got my client's medication and dropped it off with an ICE officer at Broadview. The ICE officer had told me that medication for my client could be dropped off at Broadview and they would make sure that she received it.

5. Later that day, around 4 or 5PM, I entered my client's information on the ICE Online Detainee Locator System (https://locator.ice.gov/odls/#/search) to find the facility where she was located. She did not appear in the locator.

6. I checked the ICE locator all weekend and she never appeared on it. On Tuesday August 19, I emailed ICE ERO at chi-ero-detained@ice.dhs.gov and Chicago.Outreach@ice.dhs.gov to find out where she was located. I also emailed several ICE officers. I received an email from ICE ERO Chicago that my client was detained at Grayson County Jail in Kentucky.

7. I checked the ICE detainee locator to confirm this information, but my client's information still did not appear on the website.

1

8. My client was detained at Broadview for four days during which I was unable to locate her. ICE only told me where she was located after they transferred her out of Broadview.

9. I needed to contact my client and get her signature in order to file the I-290B Notice of Appeal. I was unable to get in touch with my client and get her signature, so I had to file the application without her signature.

10. At Broadview, my elderly client was confined in a small holding cell with many people for four days. She told me the room was very cold and had bright lights on all day and night. Despite her medical conditions, she was only given sandwiches for every meal.

11. My client was held at the detention facility for approximately one month. She never appeared on the ICE locator.

12. My client did not receive the right medication or the right dosages of medication at the detention facility. I informed ERO and they responded that Broadview did not send the medication to the facility, and they did not have any record whatsoever of the medication my client received at Broadview. They told me that without proof of the medication she received at Broadview, ERO cannot change her medication to give her the correct prescription.

13. The experience with her medication seems to be a pattern. I have another client who was detained at Broadview. She was transferred to a detention facility where she was not given the correct medication. I reached out to ICE and told them she was receiving the wrong medication. ICE ERO told me that they have no record of her receiving any medication at Broadview and refused to correct her prescription without that record.

Executed on 2nd day of October 2025, in Chicago, IL

Khiabett Osuna

2