# EXHIBIT 26

**DECLARATION OF CONSTANCE H. LARA**

I, Constance H. Lara, make the following declaration based on my personal knowledge:

1. My name is Constance Lara. I am an immigration attorney based in Chicago, Illinois. My practice consists of removal defense, family petitions, naturalizations, etc.

2. One of my clients was arrested by ICE at approximately 9:00 a.m. on Saturday, October 11, 2025, in the Menards parking lot. They did not have a warrant or probable cause; they arrested him because he is Latino. Agents detained my client and took him to Broadview where they processed him by issuing a Notice To Appear and a warrant for Arrest of Alien on October 12, 2025, more than 28 hours after his arrest.

3. His wife called me because he was missing and she did not know where he was. I started trying to locate my client at 12:00 p.m. on Saturday, October 11.

4. I searched on the ICE Online Detainee Locator System but he did not appear.

5. I called the phone numbers for the Chicago ICE Field Office and Broadview, but no one answered my calls.

6. I then drove to Broadview to try to find my client. I got off at 25th Street going southbound and there was an Illinois State Police officer blocking the road with his squad car. The ISP officer said he could not let me go past that point. I explained that I needed to verify the location of my client, who I believed may be at Broadview.

7. The ISP officer said I could not pass because it was after 6:00 p.m. I explained that I am an attorney, and I needed to verify whether ICE had my client. He said that I could not pass unless I had the name of somebody with ICE who was expecting me at Broadview. If I had a name, he would call ICE to confirm whether I could come to the facility. No one at ICE answered my calls so I could not provide him a name. I was not allowed to go near the Broadview facility.

1

8. My client still did not appear on the locator at midnight or the next morning.

9. On October 12, after missing for over 30 hours, my client was able to briefly call his wife and tell her where he was located. She told me where he was because he could not call me.

10. My client did not appear on the detainee locator until Monday, October, 13, the same day he was transferred out of Broadview. However, ICE had an incorrect last name for him.

11. I could not contact my client the entire time he was at Broadview, and he was never permitted to contact me.

12. Approximately one month ago, I had another client at Broadview. Similarly, I had no idea where he was. I searched on the online locator but he did not appear. I sent emails to ICE at chi-ero-detained@ice.dhs.gov, and detentionbroadview-ins@dhs.gov but they did not respond.

13. As soon as I found out my client's A-number, I filed a G-28 and was given an 800 number to call to locate my client. The number went to a call center in Washington, D.C. The employee who answered confirmed my client was in ICE custody but refused to tell me where he was located. She said she was "not authorized" to give me any additional information as to the whereabouts of my client. I later learned he was at Broadview.

14. I have been practicing immigration law for 40 years and have never experienced anything like what is going on at Broadview. There is absolutely no reason to allow detained aliens the ability to speak to counsel and to have information about their whereabouts provided to the family.

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on October 20th, 2025, in Chicago, Illinois.

*Constance H. Lara*

Constance H. Lara, Esq.