# EXHIBIT 34

## **DECLARATION OF SHELBY VCELKA**

I, SHELBY VCELKA, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I am an immigration lawyer based in Chicago, Illinois, at the Victory Law Office. I have more than six years of experience representing noncitizens in immigration applications and proceedings. I have represented clients detained at Broadview Processing Center ("Broadview"), 1930 Beach Street, Broadview, Illinois, by U.S. Immigration and Customs Enforcement (ICE) and the Department of Homeland Security.

2. Since September 14, 2025, I have had multiple clients detained at Broadview for multiple days. Broadview has no method for lawyers to contact or communicate confidentially with their detained clients and does not offer legal visits.

3. On or about September 14, 2025, ICE detained two of my clients, Moises Encisco Trejo and Constantina Ramírez Meraz. My clients are married, originally from Mexico, and they have resided in Cicero for approximately 18 years. After the arrest, both of my clients were taken to the Broadview Processing Center.

4. On September 14 and for several hours on September 15, 2025, I tried to file my appearance form (known as a G-28) with the ICE web portal for their Enforcement and Removal Operations (ERO), but it did not work. It was not until the afternoon on September 15, 2025 that I was able to file my appearance.

5. On Monday, September 15, 2025, I filed my appearance forms (known as a G-28) with the ICE web portal for their Enforcement and Removal Operations (ERO).

6. In the past, when I had clients detained, I could email the local ERO email address and receive a response about my clients and information about scheduling legal calls.

7. On or about Tuesday, September 16, 2025, I emailed the ERO email address for Broadview Processing Center (chi-ero-detained@ice.dhs.gov) requesting information for my clients and legal calls. I also sent an email to the national ERO email address to request information about my clients and legal calls. No one from ICE responded.

8. Mr. Enciso was detained at the Broadview Processing Center for about three and a half days, from Sunday, September 14, 2025, to on or about Wednesday, September 17, 2025. Ms. Ramirez was also detained at the Broadview Processing Center for about three and a half days, from Sunday, September 14, 2025, to on or about Wednesday, September 17, 2025.

9. During the time that Mr. Enciso and Ms. Ramirez were detained at the Broadview Processing Center, I called the ICE Chicago-ERO field office at (872) 351-3990 at least fifteen times to schedule legal calls with my clients. No one at ICE Chicago-ERO returned my calls. I also called the telephone number listed for the Broadview facility (708) 343-7841, but I received an automated message that the number was no longer in service.

10. During the days that Mr. Enciso and Ms. Ramirez were detained at Broadview, I was not permitted to schedule or have any confidential legal calls or visits with my clients. My clients were allowed to make short calls with their adult children, and at times, I participated in these calls. These calls were not confidential and were very loud. There was a lot of background noise from Broadview, and it was hard to hear my clients.

11. Ms. Ramirez takes medication and follows a special diet because she is pre-diabetic. On information and belief, during the four days of her detention at the Broadview Processing Center, she did not have access to medication or a special diet and was limited to a bottle of water with meals. ICE provided a small sandwich for each meal.

12. ICE separated my clients and transferred Ms. Ramirez to an ICE detention facility in Leitchfield, Kentucky, and her husband, Mr. Enciso, to an ICE detention facility in Northfield, Michigan.

13. On or about September 15, ICE agents stopped my client, Mario Hernandez García, as he was driving his car in Chicago. The agents smashed his car window and dragged him out of the car. Mr. Hernandez has a pending U nonimmigrant status ("U visa") application because he is a crime victim and cooperated with the investigation or prosecution of that crime. He currently has a work permit.

14. Mr. Hernandez was detained at Broadview for about four days from September 15 until September 19, 2025.

15. Immediately following his arrest by ICE on September 15, Mr. Hernandez experienced a medical event where he felt like he was unable to breathe, felt weak, and felt like he was drowning. He was sweating and his heart was beating very fast. He was transported by ambulance to Mt. Sinai Hospital. After receiving various tests at the hospital, he was eventually told that he had suffered from a panic attack.

16. While still in the hospital, one of the immigration officers went up to him and said to him in Spanish in an aggressive manner, "If you do something stupid, things will go worse for you and you aren't going to get out of here." He was then handcuffed to the hospital bed.

17. The respondent was later taken to Broadview. At no point upon leaving the hospital or being released from Broadview was he given any discharge paperwork from his time at the hospital.

18. On September 15 and 16, I tried to file my appearance form (known as a G-28) with the ICE web portal for their Enforcement and Removal Operations (ERO), but it did not work. It was not until September 17, 2025 that I was able to file my appearance.

19. During the time of Mr. Hernandez's detention at Broadview, I could not contact my client to arrange for a legal call or schedule a legal visit.

20. On September 19, ICE released Mr. Hernandez from detention at Broadview, without providing any medical documentation to him related to his hospital visit.

21. On October 20, 2025, my client Maria Del Carmen Garcia Rodriguez went to a pre-arranged ICE check-in in Milwaukee, Wisconsin. She was taken into custody at this check-in and transferred from Milwaukee to Broadview.

22. While at the ICE check-in in Milwaukee, my office was contacted two times by the ICE officers. I or a member of my staff provided them with my email address both times. Although I was told that I would be receiving an email from them, I have not received one.

23. Ms. Garcia Rodriguez is currently nursing a 4-month-old U.S. citizen baby, and her family contacted me to tell me that she has been unable to express milk and requires a pump.

24. I emailed ERO at the email address noted above and also at Chicago.Outreach@ice.dhs.gov to let them know that my client was nursing and needed a breast pump. I never received a response.

25. Hearing nothing from ERO, I drove to Broadview unannounced this morning, October 21, 2025, to bring Ms. Garcia Rodriguez a pump that I had purchased for her at Target. Eventually, I was able to give the pump to an ERO officer. I also gave him my phone number and email address, but I have not heard back from him. As of now, I don't know whether my client was given the pump.

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on October 22, 2025, in Chicago, Illinois.


_Shelby R. Vcelka_
Shelby Vcelka