# EXHIBIT 37

# DECLARATION OF JENNIFER PEYTON

I, JENNIFER PEYTON, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. My name is Jennifer Peyton. I am an immigration attorney and partner at Kriezelman Burton & Associates, LLC, based in Chicago, Illinois. At present, I exclusively practice immigration and nationality law. I was in private practice of immigration law from 2002 until 2016, when I joined the Department of Justice as an Immigration Judge based in the Chicago Immigration Court. I was then promoted and reassigned as Assistant Chief Immigration Judge of the Chicago Court in January 2022, until I was terminated without cause on July 3, 2025.

2. I have represented multiple clients who have been detained at the ICE Broadview Facility ("Broadview") at 1930 Beach St. in Broadview, Illinois.

3. Broadview is a black hole. When my clients are there, I am unable to speak to them or contact them.

4. On September 23, 2025, I accompanied one of my firm's clients, Client K, to his USCIS interview. After the interview, two ICE officers entered the interview room and took him into custody on the basis of a prior exclusion order. I asked the officers where they were taking him and the ICE officer said they were taking him to Broadview. I told the officer that I needed to be able to get a hold of Client K while he was at Broadview. I asked the officer if I could call him while he was at Broadview, and the officer responded: "No. He can call you." I asked if I could have a legal visit and the officer said: "No." I told the officer that sometimes I need to get in contact with my client, and the client would not know this, I asked again how I am supposed to contact my client if I need to speak to him and the officer said: "He will be able to call you."

5. Client K was unable to contact our law office during the time he was held at Broadview. He was at Broadview for at least two days. The ICE Detainee Locator is the website where non-citizens locations may be found. When I checked the ICE Detainee Locator for this client, it did not provide his location, and rather said, to call the local field office. It is well known that the Chicago ERO Field Office at 872-351-3990 is not monitored, and no one answers, nor is there any mechanism to leave messages.

6. A second client, Client J, was detained at Broadview for three days in September 2025 until being transferred to Clay County Detention Center. I was unable to contact him the entire time he was held at Broadview, and he was unable to contact me. Again, the information on the ICE Detainee Locator just said to "call the local field office". When I called the Chicago ERO Field Office, no one answered. His wife advised me that he was transferred to Clay.

1

7. A third client, Client H, was detained at Broadview for five days in mid-September. He slept on the floor and described detainees sleeping in bathrooms near the toilet. He was not given a change of clothes and wore the same clothing for the duration of his time in ICE custody.

8. Client H is a parent of three United States children, and had no criminal record. He had been in the United States for twenty years, was married in 2024, and purchased a house in July 2025. His wife had filed for asylum and included him on the pending asylum application. He also was eligible for relief known as EOIR 42B Non Lawful Permanent Resident Cancellation of Removal, which must be presented to the Immigration Court. I signed a retainer to prepare for the removal hearing process but I was not able to speak to him at all while he was at Broadview. He was then transferred to Indianapolis for just five hours and then sent to a detention facility in Texas for several hours before being deported to Honduras. He did not sign any documents, especially any stipulating to deportation. Due to how quickly ICE moved my client between facilities after he left Broadview, and their failure to update his location, I was unable to speak to my client before he was deported. I have filed a habeas on this matter challenging his removal with a removal order.

9. In late September, I brought a fourth client, Client L, his wife and their nine year old child to their asylum interview at USCIS. Client L did not have a Notice to Appear, as he was appearing affirmatively before the asylum office. He did not have a criminal record. ICE arrested him *before* his scheduled interview, and he was unable to attend his immigration interview because he was in ICE custody.

10. During this client's arrest encounter, the ICE officer showed me a warrant for administrative arrest. I told the officer I had a G-28 on file and asked why they did not contact me to coordinate my client's arrest or placement into detention. I asked for the officer's name and who authorized this arrest. The officer told me that his supervisor, Officer Pool, authorized the arrest. He told me that Client L would be taken to Broadview and then to another detention facility. I asked how to learn where he would be sent, and he told me to call the ICE field office. I told him that no one answers that phone, and there is no way to leave messages. He then told me to email the outreach email at "Chicago.Outreach" <Chicago.Outreach@ice.dhs.gov>.

11. The ICE officer told me my client would be at Broadview for one day. I asked where ICE was going to house him, as they do not have beds at Broadview. He did not answer me. It is my understanding that Client L was held at Broadview for three days before he was transferred.

12. Client L is presently in Eden Processing Center in Eden Texas and has a bond hearing scheduled for October 8, 2025. I was able to speak with him on October 7, 2025. His asylum interview was September 25, 2025. I was unable to speak with my client between September 25, 2025 and October 7, 2025.

13. During the morning of Friday, October 3, 2025, another client, Client R, was picked up in a public space. He was taken to Broadview. We filed a habeas petition on Friday, October 3, 2025, in the afternoon. We advised the US Attorneys Office that the habeas had been filed. The AUSA requested we provide them with Client R's file number (also known as the alien number). We emailed the Outreach email box per the directions noted in paragraph 10.

14. On Friday afternoon, at 6:10p, District Court Judge Matthew Kennelly entered an order restraining and enjoining the respondents from removing Client R from this district pending further order of the Court.

15. Over the weekend, on October 4, I agreed with the AUSA that Client R could be held in Indiana or Wisconsin.

16. Over the weekend, on October 4, 2025 at 3:44A, I received a reply from the Outreach Email box stating: His Alien number is pending.

17. Over the weekend, on October 5, 2025, Client R's family provided me with his file number, and advised me that Client R was being transferred to Detroit, Michigan.

18. On Sunday October 5, 2025, I provided Client R's file number to the AUSA, and Client R was transferred to Clay County, Indiana, per our agreement. The Notice to Appear reflects that it was prepared on October 4, 2025, and served on the respondent on October 5, 2025.

Executed on 07 of October 2025, in Chicago, Illinois

_____
Jennifer Peyton
Partner, Kriezelman Burton & Associates, LLC
Supreme Court of Ohio Bar # 0069675