IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 25-cv-13323<br>) |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.* | ) Class Action<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Plaintiffs respectfully request that the Court order limited, expedited discovery contemporaneously with this court's adjudication of the motion for a temporary restraining order. Expedited discovery is necessary so that this court can have a fuller record in adjudicating the forthcoming motion for a preliminary injunction. The proposed discovery is set forth in Exhibit A. In support of this motion, Plaintiffs state as follows:

### BACKGROUND

This suit concerns systemic and ongoing constitutional harms to the individuals detained at what is supposed to be a short-term, 12-hour, federal immigration holding center in Broadview, Illinois ("Broadview") following a mass ICE arrest campaign in Chicago known as "Operation Midway Blitz." Compl. ¶¶ 1–17. Defendants have essentially transformed Broadview into a *de facto* long-term detention facility, imposing on detainees multi-day or -week stays in overcrowded and unclean conditions; denying adequate food, water, and medical care; providing no resources for sleeping or bathing; and disallowing any sort of privacy. Compl. ¶¶ 1, 3–5.

In addition to subjecting detainees to these inhumane conditions, federal officers at Broadview under Defendants' command are coercing detainees to sign immigration paperwork that they do not understand and that relinquishes their rights and purports to allow Defendants to send detainees out of the country without ever seeing an immigration judge. Compl. ¶ 11. Defendants are transferring people to distant detention facilities or even out of the country before their attorneys can locate them and intervene. *Id.* ICE officers at Broadview prevent people from speaking with their lawyers, or from obtaining a lawyer if they do not already have one. Compl. ¶ 8. Detainees cannot make confidential phone calls to their lawyers or prospective lawyers. *Id.* Federal officers tell attorneys they cannot visit their clients, and attorneys who try to contact their clients inside the facility are rebuffed or ignored. Compl. ¶ 9.

Defendants have blocked access at Broadview not just for attorneys but also for others who have historically been granted entrance. Compl. ¶ 12. This includes members of Congress, who have explicit oversight authority over detention centers in this country yet have not been permitted to exercise it under Defendants' watch. *Id.* It also includes members of the clergy, who have provided pastoral care at Broadview for years but have been denied access to detainees seeking such care inside the facility under Defendants' command. *Id.*

Plaintiffs now seek expedited discovery to support their forthcoming motion for a preliminary injunction. In particular, Plaintiffs seek: (1) entry into Broadview with Plaintiffs' detention expert, and, in the course of that inspection, the opportunity to photograph and to take video of conditions; (2) depositions, limited to three hours, of Defendant Samuel Olson, Interim Chicago Field Office Director, U.S. Immigration and Customs Enforcement, and an individual or individuals with day-to-day responsibility for administering Broadview and for ensuring conditions at the facility; and (3) the opportunity to propound a narrow set of document production

requests relating to the recent conditions at Broadview and the denial of counsel to detainees. These requests are attached to this motion as Exhibit A. Plaintiffs' requests are reasonable and minimally burdensome given their narrow scope, and Plaintiffs have demonstrated good cause given Defendants' restriction of access to Broadview to date and the high relevance of gathering additional information to support Plaintiffs' forthcoming motion for a preliminary injunction.

## DISCUSSION

This Court generally has "wide discretion in managing the discovery process." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (citing *Merrill Lynch v. O'Connor,* 194 F.R.D. 618, 623 (N.D. Ill. 2000)). This Court also has explicit authority to order discovery, including before the parties have conducted a conference under Rule 26(f), under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(1) (permitting early discovery where authorized "by court order").

In the Seventh Circuit, district courts evaluate motions for expedited discovery on "the record to date and the reasonableness of the request in light of all the surrounding circumstances"—particularly where the plaintiff will seek preliminary injunctive relief. *Ibarra*, 816 F. Supp. 2d at 554; *O'Connor*, 194 F.R.D. at 624. In assessing the reasonableness of the request, courts consider whether a preliminary injunction hearing is pending; the purpose of requesting expedited discovery; and the breadth of the discovery sought and its burden on the opposing party.[1] *Campaignzero, Inc. v. Staywoke Inc.*, No. 20-cv-06765, 2020 WL 7123066, at *1 (N.D. Ill. Dec. 4, 2020).

---

[1] Courts sometimes also consider how far in advance of the typical discovery process the request for expedited discovery was made, but this factor is not relevant when a plaintiff seeks expedited discovery in conjunction with an anticipated motion for a preliminary injunction. *See Campaignzero, Inc.*, 2020 WL 7123066, at *1 (not addressing this factor where Plaintiff filed for a preliminary injunction and expedited discovery).

3

Plaintiffs' request for expedited discovery is reasonable. Expedited discovery is appropriate after the court has adjudicated a motion for a temporary restraining order and prior to a preliminary injunction hearing in order to create a fuller evidentiary record for the hearing. *See Admiin Inc. v. Kohan*, No. 23-cv-04430, 2023 WL 4625897, at *3, 13 (N.D. Ill. July 19, 2023) (finding expedited discovery appropriate where preliminary injunction motion pending and hearing scheduled); *Penske Truck Leasing Co., L.P. v. Cent. States, Southeast & Southwest Areas Pension Plan*, No. 21-cv-05518, 2022 WL 1028927, at *3 (N.D. Ill. Apr. 6, 2022) (allowing expedited discovery to create fuller record for preliminary injunction motion); *Inventus Power, Inc. v. Shenzhen Ace Battery Co., Ltd.*, No. 20-cv-3375. 2020 WL 3960451, at *14 (N.D. Ill. July 13, 2020) (granting TRO and motion for expedited discovery simultaneously); *Am. Telugu Ass'n v. Kandimalla*, No. 16 C 2404, 2016 WL 1639734, at *4 (N.D. Ill. Apr. 26, 2016) (granting TRO and ordering parties to engage in expedited discovery in preparation for preliminary injunction hearing); *Nobel Biocare USA, Inc. v. Lynch*, No. 99 C 5744, 1999 WL 958501, at *4 (N.D. Ill. Sept. 15, 1999) (simultaneously granting TRO and motion for expedited discovery "as [expedited discovery] provides a fuller record for the court when deciding whether to issue a preliminary injunction")*; see also* Order Granting in Part and Denying in Part Pl.'s Mot. For Limited Expedited Discovery, *C.M. v. Noem*, No. 1:25-cv-23182-RAR, Dkt. No. 41 at 4–5 (S.D. Fla. Aug. 4, 2025) (granting expedited discovery in part because requests were "directly relevant to the Court's ability to formulate an effective, appropriate order on" a preliminary injunction motion in suit challenging conditions at immigration detention facility); *Ache v. Witte*, No. 6:20-cv-01320, 2020 WL 7393895, at *2 (W.D. La. Dec. 16, 2020) (granting expedited discovery for ICE detainee habeas petitioners alleging Defendants failed to comply with CDC guidelines).

Second, the need for discovery in order to prepare a preliminary injunction motion is a proper purpose for ordering expedited discovery even if such motion has not yet been filed. This is particularly true here because the Defendants' actions barring attorney and other access to Broadview—some of the very conduct challenged in the Complaint—severely impede Plaintiffs' ability to gather evidence. In a materially similar case, a district court in Arizona granted a motion for expedited discovery to a putative class of plaintiffs challenging the conditions of confinement in a Department of Homeland Security facility. There, as here, "because [Defendants] bar[] access to the[] facilities to any attorneys seeking to represent the detainees in immigration proceedings, Plaintiffs' counsel and experts cannot obtain adequate access to inspect the … facilities at issue in this litigation." Pls.' Mot. For Expedited Discovery, *Doe v. Johnson*, No. 4:15-cv-00250-TUC-DCB, Dkt. No. 25 at 6 (D. Ariz. June 23, 2015). "Without a court order, Plaintiffs are significantly impeded in their ability to gather direct evidence on the full extent of the substandard conditions in which they and putative class members are now being held." *Id.* The plaintiffs in *Doe* sought access and permission to photograph Department of Homeland Security facilities and the review of certain targeted documents including documents showing detention practices, policies and operational procedures, cell occupancy logs, detainee call logs, incident reports, and surveillance video footage. *Id.* at 1, 6–7. The court granted plaintiffs' motion, finding "good cause for the expedited discovery because it is needed by Plaintiffs to prepare and file a Motion for Preliminary Injunction" and thus "the administration of justice outweigh[ed] the prejudice to the Defendants given the narrow limits of the discovery." *Doe v. Johnson*, No. 4:15-cv-250-TUC-DCB, 2015 WL 5086291, at *1 (D. Ariz. Aug. 14, 2015). Plaintiff here faces the same obstacles (and similar injuries at the hands of DHS and other Defendants) as those in *Doe*. Given the opacity of Broadview's operations and Defendants' policies of excluding counsel and others from the

5

premises, expedited discovery to understand the true nature of Broadview's conditions is critical to developing the factual record necessary to pursue Plaintiffs' case.

Third, Plaintiffs' requested discovery is narrowly crafted and not burdensome on Defendants. The discovery requests are tailored to ascertain the conditions at Broadview, detainees' ability to access counsel, and documents that detainees have been made to sign while detained at Broadview. They are thus "reasonably targeted and clear so that the burden on Defendants will be minimal." *Malam v. Adducci*, No. 20-10829, 2020 WL 12738917, at *2 (E.D. Mich. Apr. 30, 2020).[2]

The requested discovery is of the type that has been approved before when conditions at ICE facilities have been challenged. *See id.*; *see also Doe*, 2015 WL 5086291, at *1–2. Plaintiffs seek information about Broadview's conditions that is relevant to the allegations of the complaint and is of "the kind that prison facilities typically collect," making it minimally burdensome for Defendants to provide. *Malam*, 2020 WL 12738917, at *2. Plaintiffs seek only documents relating to everyday maintenance and operation of the facility in the last six or seven weeks—records and logs of visitors and detainee conditions, as well as videos and recordings that already exist. Further, an inspection of Broadview takes little to no effort on Defendants' part. Plaintiffs seek a limited number of depositions of a reasonable length of time (less than half that permitted by Federal Rule of Civil Procedure 30(d)(1)).

---

[2] Written discovery is insufficient here. Plaintiffs need access to the premises. A court in this district has recently admonished Defendant Noem for the "troubling trend" of submitting declarations indicating "both bias and a lack of objectivity," including with respect to the "state of affairs in Broadview." *Illinois v. Trump*, No. 25-cv-12174, 2025 WL 2886645, at *5, *5 n.6 (N.D. Ill. Oct. 10, 2025).

6

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for expedited discovery is reasonable and necessary to prepare and present their motion for preliminary injunction. Plaintiffs respectfully request that this Court grant the motion for expedited discovery described above and as set forth in Exhibit A, and permit Plaintiffs to: (1) inspect Broadview with Plaintiffs' detention expert and document the conditions at the facility; (2) take depositions, limited to three hours, of Samuel Olson and of an individual or individuals responsible for administering Broadview and for ensuring conditions at the facility; and (3) propound a narrow set of requests for production upon Defendants.

Dated: October 30, 2025                                   Respectfully submitted,

/s/ Nathan P. Eimer
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com


/s/ Alexa Van Brunt
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura (license pending)
**MACARTHUR JUSTICE CENTER**

7

        160 E. Grand Avenue, 6th floor
        Chicago, Illinois 60611
        Phone: 312-503-1336
        alexa.vanbrunt@macarthurjustice.org
        jonathan.manes@macarthurjustice.org
        danielle.berkowsky@macarthurjustice.org
        chisato.kimura@macarthurjustice.org


*/s/ Kevin M. Fee*
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
Fax: (312) 288-5225
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org