# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 25-cv-13323 |
| v. ) | |
| ) | Class Action |
| KRISTI NOEM, Secretary of the U.S. ) | |
| Department of Homeland Security, in her ) | |
| official capacity, *et al*. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REQUESTS FOR EXPEDITED DISCOVERY**

Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, instruct that Defendants produce for inspection and copying the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within seven (7) days of service and afterward supplement each response as may become necessary as required by Rule 26(e) and as set forth in individual requests. Plaintiffs further request Defendants permit entry upon the land and facilities described below so that Plaintiffs' counsel, their expert, and a photographer may inspect, measure, survey, and photograph the facility or any designated object or operation on it, at a date and time mutually agreed upon by the parties but in no event later than 7 days before any preliminary injunction hearing scheduled in this matter.

**DEFINITIONS**

1. Document(s) means any writing or recording as broadly defined in Federal Rule of Civil Procedure 34(a)(1) and includes without limitation: (a) all writings of whatever type, nature,

or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

2. Communication(s) means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any persons, including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, social media posts, text messages, voice messages, voicemails, messages sent on phone applications including but not limited to Signal, Whatsapp, Telegram, faxes, notations, telegrams, advertisements, interviews, conferences, presentations, and all other Documents.

3. Relating to means discussing, describing, alluding to, analyzing, commenting on, concerning, constituting, referencing, evidencing, dealing with, regarding, responding to, setting forth, stating, or summarizing the referenced matter.

4. Relevant Time Period means September 8, 2025, through the Present.

5. Defendants means Defendants in the above-captioned action.

6. Plaintiffs means Plaintiff and the putative class in the above-captioned action.

7. You, Your, and Yours means Defendants in the above-captioned action.

*8.* Complaint means the Complaint in the above-captioned action filed in the Northern District of Illinois on October 30, 2025, entitled Class Action Complaint in *Pablo Moreno Gonzalez, et al. v. Kristi Noem, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.*

9. Broadview means the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois.

10. Detainee or Detainees means all individuals held in Broadview under the authority of Defendants.

**INSTRUCTIONS**

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 34(b)(2).

2. In construing these Requests, You should give effect to the Definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

3. Respond to each Request separately and fully unless it is objected to, in which event the specific reason for the objection must be stated.

4. In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, identify the Document as completely

as possible and specify the Document's disposal date, disposal manner, disposal reason, the person who authorized the disposal, and the person who disposed of the Document.

5. If there are no Documents responsive to any particular request, the response shall state so explicitly in writing.

6. If any Documents responsive to a request are known by You to exist but are not in your possession, custody or control, identify those Document(s) and the Person who has possession, custody or control thereof.

5. If You are not producing Documents in response to any of the Requests herein, Your response should make clear that You are not producing Documents in response to that Request and the basis for withholding the documents.

6. If Your response to any Request is qualified in any particular manner, set forth the details of such qualification.

7. In responding to these Requests furnish all information and produce all Documents in Your possession, custody, or control including not only information and Documents immediately available to Your counsel, but also Documents that are available to or in the possession, custody, or control of any third-party, such as an agent or business partner, that is reasonably available to You upon Your request.

8. All Documents should be produced according to the terms of any stipulation between the parties or any court order regarding discovery of electronically stored information. If there is no stipulation or court order, all Documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

9. If any Document responsive to these Requests is withheld under a claim of privilege, You must provide a privilege log according to the terms of any stipulation between the parties or any court order regarding privilege logs. If there is no stipulation or court order, You must identify the basis for the privilege and provide sufficient information to assess the claim of privilege, including the following:

    a. Date, author, addressees, persons carbon copied or blind carbon copied, including the relationship of those persons to You or the author of the Document;

    b. Brief description sufficient to identify the type, subject matter, and purpose of the Document;

    c. All persons to whom the Document's contents have been disclosed;

    d. The party who is asserting the privilege.

10. Wherever used herein: the singular shall include the plural and the plural shall include the singular; verb tenses shall be interpreted to include past, present, and future tenses; the word "all" includes the word "any" and vice versa; and the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any Documents which might otherwise be construed to be outside their scope.

11. If You object to part of a Request and refuse to respond to that part, You must produce all Documents called for which are not subject to that objection. Similarly, wherever a Document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not produced. If You object to a Request's scope or time period, state Your objection and respond to the Request for the scope or time period You believe is appropriate.

12. Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

13. You are to produce the original and each non-identical copy of all Documents requested herein that are in Your possession, custody or control.

## REQUESTS FOR PRODUCTION

1. All formal and informal policies, procedures, directives, regulations, and guidance memoranda in effect during the Relevant Time Period related to or governing:

   a. Detainees' telephonic and in-person access to counsel at Broadview, including but not limited to:

      i. The facility's telephone and phone monitoring procedures, including policies governing Detainees' access to cell phones, landlines, and pay phones;

      ii. Detainees' access to and use of private rooms for confidential and unmonitored visits with attorneys and prospective attorneys;

      iii. Detainees' access to confidential and unmonitored legal phone calls;

      iv. Attorney access to clients at Broadview;

      v. Whether attorney visits are permitted at Broadview, including whether and how attorneys can access private rooms for confidential visits with clients or prospective clients; and

      vi. Whether and how attorneys can consult with their clients or prospective clients on confidential and unmonitored legal phone calls.

   b. The conditions of confinement for detainees at Broadview, including but not limited to, if applicable, Directive 11087.2: Operations of ERO Holding Facilities,

6

       the June 24, 2025 Nationwide Hold Room Waiver, and the Performance-Based National Detention Standards 2011, revised 2016.

    c. Updating and maintaining the ICE online detainee locator, including but not limited to when to update it, how often to update it, what information to include, and the circumstances under which Detainees' locations at Broadview are not updated and why; and

    d. Whether Defendants ask Detainees to sign immigration documents impacting their legal status or any legal proceedings to which Detainees are a party, including but not limited to forms agreeing to voluntary departure and/or relinquishing rights to challenge their removal or other rights within the immigration system. This request specifically includes copies of any such documents presented to or signed by Detainees during the Relevant Time Period.

2. All Documents relating to whether Detainees were provided the opportunity to consult with counsel or prospective counsel at Broadview during the Relevant Time Period, including but not limited to:

    a. Written or verbal requests by Detainees for telephone calls and/or in-person meetings with counsel or prospective counsel;

    b. Defendants' responses to any requests set forth in subsection **a**;

    c. Documents showing telephone access granted to Detainees for the purposes of speaking to counsel or prospective counsel, and whether or not this allowed for private conversations and/or provision of confidential legal advice;

    d.    Documents showing any meeting space(s) provided for Detainees to meet in person with counsel or prospective counsel, and whether or not this space allowed for private conversations.

3.    All Documents, including memoranda, notes, logs, schedules, reports, and, if applicable, Correspondence, sufficient to show:

    a.    How frequently the ICE online detainee locator was changed or updated, how long after each Detainee's arrival at Broadview the locator was changed or updated, and what information was changed or updated during the Relevant Time Period;

    b.    All attorney requests to visit clients or prospective clients inside Broadview during the Relevant Time Period;

    c.    All non-attorney visitation requests during the Relevant Time Period, including from Detainees' family members;

    d.    All responses to the requests set forth in subsections **b** and **c**, including whether the requests were granted or denied (and if no response was given to a request, specifically state so);

    e.    Any and all visitors to Broadview during the Relevant Time Period who were not employed by Defendants.

4.    All "Detention Logs" and "Holding Facility Inspection Logs" from Broadview from the Relevant Time Period and ongoing. *See* Directive 11087.2, Operations of ERO Holding Facilities § 5.8. Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on a weekly basis.

5.    Document spreadsheets, tables, logs, or similar compilations, that show the following information from the Relevant Time Period and ongoing: the name, age, case number

8

or A Number, current location, and the current case status for all individuals who have been detained at Broadview; the number of persons detained at Broadview each day; and the date and time each detainee arrived at Broadview, the date and time they were processed, the date and time they were transferred out of Broadview, and the location to which they were transferred. Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on a weekly basis.

6. Documents sufficient to show the following information about Broadview during the Relevant Time Period:

   a. The amount and type of food provided to Detainees, including documents indicating how the food is prepared or obtained, how often each day the food is distributed, and whether Defendants make special meals available for people with religious, dietary, or other restrictions;

   b. The amount of potable water, or the equivalent amount of bottled water, provided to Detainees within a 12-hour period, including documents indicating the precise quantity and frequency with which Defendants provide such water;

   c. Detainees' sleeping conditions, including but not limited to whether Defendants provide Detainees with beds, mattresses, bedding, and/or pillows or otherwise make any kind of provision for people to sleep overnight;

   d. All medical services provided to Detainees, including but not limited to contracts with any medical service providers, the type of medical services provided, whether Defendants conduct medical screenings of Detainees during intake, and whether and how Defendants provide Detainees access to prescription and non-prescription medicine.

e. All mental health services provided to Detainees, including but not limited to contracts with any mental health service providers, the type of mental services provided, whether Defendants conduct any mental health screenings of Detainees during intake and, if so, which ones, and whether and how Defendants provide Detainees access to prescription and non-prescription psychiatric medication.

f. Detainees' access to functioning and private bathing facilities (e.g., showers or baths) and to hygiene products, including but not limited to toothbrushes, toothpaste, changes of clothing, soap, and menstrual products.

g. Location of toilets and bathing facilities made accessible to Detainees and the extent to which such facilities allow for privacy.

h. How often Broadview and its hold rooms are cleaned and sanitized, including but not limited to any cleaning logs or schedules.

i. The total number of Detainees held at Broadview, the total number of Detainees held in excess of 12 hours, the total number of Detainee held at Broadview in excess of 72 hours, and the average length of stay.

j. For each day during the relevant period, the total number of people assigned to and/or placed in each holding room.

k. The total number of people who have been deemed exempt from placement in hold rooms due to obvious illness; special medical, physical, and or psychological needs; or other documented reasons such as being an unaccompanied minor (under 18 years), over the age of 70, a female with children, and/or part of a family group.

7. Copies of completed voluntary departure documents and any other documents signed by detainees that waive their right to a hearing before an immigration judge or that

otherwise purport to reflect a detainee's agreement to be sent out of the United States without any further court proceedings. This request is limited to documents completed or signed by detainees at Broadview during the Relevant Time Period.

8. All Documents relating to complaints made by Detainees or by other individuals acting on their behalf, including by attorneys or family members, to Defendants or their agents, employees, or contractors during the Relevant Time Period and pertaining to Detainees' conditions of confinement at Broadview, including but not limited to complaints concerning overcrowding, access to food, access to water, access to or availability of medical services, access to functioning bathing facilities, sleeping conditions, the cleanliness of the facility, the provision of hygiene products (including menstrual products, toothpaste, toothbrushes, or soap), access to telephones, access to lawyers, and treatment by officers or staff. This request specifically seeks both complaints and any responses to those complaints. If no response to a given complaint exists, specifically so state.

9. All Documents, including incident reports, logs, memoranda, and email correspondence, documenting any emergency in the Broadview facility during the Relevant Time Period. For purpose of this request, "emergency" includes but is not limited to any incident in which medical services were provided to Detainees by first responders or paramedics, in which a Detainee was transported to an outside hospital, or in which a federal or local/municipal law enforcement entity was contacted by Defendants.

10. Video footage taken by the facility's surveillance cameras on the following dates: September 19, 2025 at 12:00 a.m. to September 22, 2025 at 11:59 p.m., October 10, 2025 at 12:00 a.m. to October 13, 2025 at 11:59 p.m. and from October 21, 2025 at 12:00 a.m. to October 24, 2025 at 11:59 p.m.

11. All footage from inside Broadview taken by videographers or camera crews employed or contracted by Defendants during the Relevant Time Period, including but not limited to any footage taken during Defendant Noem's visit to Broadview on October 3, 2025, and footage taken by a camera crew on or around October 11, 2025.

12. Floor plans for each floor and area of Broadview, including room and area measurements and showing the location of all toilets, sinks, water fountains, and showers or other bathing facilities.

**EXPEDITED REQUEST FOR INSPECTION**

1. Plaintiffs request an expedited inspection of Broadview, 1930 Beach Street, Broadview, Illinois, by Plaintiffs' counsel, an expert identified by their counsel, and a photographer, to take place at a time mutually agreed upon by the parties but in any event no later than 7 days before any preliminary injunction hearing scheduled in this matter. The inspection should include all areas where Detainees are or were housed, processed, transported, provided medical care, or otherwise held at Broadview. It should also include the following areas: the area where Detainees are processed at intake; any and all hold rooms; any and all attorney visitation or consultation rooms; storage areas; food preparation areas; medical treatment areas; offices; all file rooms, including all files and records maintained there by Defendants concerning Detainees; any location containing a telephone to which Detainees are permitted access; and any areas that contain sinks, toilets, and any bathing facilities, including showers or baths, to which Detainees have access. The inspection should also cover every shift in which employees of Defendants are scheduled to work at Broadview.

Plaintiffs seek to observe, photograph, document, and evaluate the conditions of confinement. The inspection shall include the right to enter and visually inspect the premises, take

12

photograph and video recordings, take measurements and notes, and inspect and photograph records, logs, postings, or signage that are physically located on-site and relevant to the conditions of confinement. Plaintiffs' expert shall have the right to briefly interview any Detainees present in the facility during the inspection about their conditions of confinement and access to counsel.

## REQUEST FOR DEPOSITION

Plaintiffs also request three-hour deposition(s) of the following individuals, to take place at a time mutually agreeable by the parties within seven (7) days of service of these Requests.

1. The individual or individuals with day-to-day responsibility for administering Broadview; for procuring food, water, and medical and mental health services for detainees; and for updating the ICE tracker and/or any other systems or information relating to inmate whereabouts or legal status.

2. The individual or individuals with responsibility for directing, overseeing, and/or monitoring the conduct of officials at Broadview who are responsible for processing detainees; preparing and processing immigration-related documents (including voluntary departure documents and any other documents that purport to reflect a detainees' agreement to be sent out of the United States); and for obtaining detainees' signature or agreement with respect to the above.

3. Defendant Samuel Olson, Interim Chicago Field Office Director, U.S. Immigration and Customs Enforcement.

Dated: October 30, 2025                     Respectfully submitted,

                                            */s/ Nathan P. Eimer*
                                            Nathan P. Eimer
                                            Scott C. Solberg
                                            Michael L. McCluggage
                                            James B. Speta
                                            Lisa S. Meyer
                                            Brent R. Austin

13

**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com


*/s/ Alexa Van Brunt*
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura (license pending)
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org


*/s/ Kevin M. Fee*
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org