IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, Secretary of the U.S. ) <br> Department of Homeland Security, in her ) <br> official capacity, *et al*. ) <br> ) <br> Defendants. ) | Case No. 25-cv-13323 <br><br> Hon. Robert W. Gettleman |

**PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER MANDATING ATTORNEY ACCESS AND REQUIRING THAT THE INDIVIDUAL NAMED PLAINTIFFS <u>REMAIN IN, OR BE RETURNED TO, THIS CIRCUIT</u>**

Pursuant to Rule 65, the All Writs Act, 28 U.S.C. § 1651, and the inherent authority of this Court, Plaintiffs move for an emergency court order mandating that Plaintiffs' counsel have confidential access to consult with the named Plaintiffs, by phone and in person, wherever they are held in Defendants' custody. Plaintiffs also seek an order ensuring that the named Plaintiffs remain in, or be returned to, this Circuit for the purpose of litigating this lawsuit and to protect their fundamental rights as set forth herein.

In support of this motion, Plaintiffs state as follows:

1. On October 30, 2025, Plaintiffs filed a Complaint on behalf of a class of immigrant detainees at the Broadview ICE facility stemming from the unconstitutional conditions of confinement at the facility, including Defendants' wholesale denial of access to counsel for detainees. ECF No. 1.

1

2. Plaintiffs Pablo Moreno Gonzalez and Felipe Agustin Zamacona are lead plaintiffs in this putative class action. Plaintiffs filed for emergency relief on their behalf, as well as on behalf of the putative class, seeking immediate improvement in conditions and access to lawyers. Plaintiffs' emergency motion for a temporary restraining order (TRO) remains pending. *See* ECF No. 17.

3. At the time Plaintiffs filed their Complaint, motion for class certification, and emergency motion for a TRO, Plaintiffs Moreno Gonzalez and Agustin Zamacona were detained at the Broadview ICE facility. As part of the proposed TRO, Plaintiffs requested that "Defendants [] not move Plaintiffs outside the jurisdiction of Seventh Circuit Court of Appeals (Illinois, Indiana, Wisconsin)." *See* ECF No. 17-1 at 4.

4. Immediately after filing, Plaintiffs provided notice of the pleadings to attorneys for the government, Thomas Walsh, the Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of Illinois, and Craig Oswald, the Deputy Chief of the Division, via email and text message. The notice specifically included the request that neither of the named plaintiffs be transferred out of the Northern District of Illinois until the Court had an opportunity to consider the emergency TRO motion. Mr. Oswald confirmed receipt.

5. On October 31, 2025, Mr. Moreno Gonzalez's location on the ICE locator changed to Greene County Jail in Springfield, Missouri. Ex. 1, Moreno Gonzalez Locator. However, as of the time of this filing, Greene County Jail staff were unable to confirm he was there, and the GCSO Active Greene County Jail Population search page has zero record of him. Mr. Moreno Gonzalez's last known whereabouts were at the Broadview ICE facility in the early morning of October 31. The locator returns no results for Mr. Agustin Zamacona. *See* Ex. 2, Agustin Zamacona Locator. Plaintiffs' counsel presumes he is still at Broadview.

6. Plaintiffs now ask the Court to issue an order requiring that their counsel have access to the named Plaintiffs. In particular, it is essential that counsel be permitted to consult confidentially with the named Plaintiffs in person, or through confidential telephone calls at a minimum, wherever they are being held. The named Plaintiffs have a First Amendment right to speak with their counsel, obtain legal advice, and direct the conduct of the representation. *See Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000); *Lashbrook v. Hyatte*, 758 F.App'x 539, 541 (7th Cir. 2019).

7. Plaintiffs also request that this Court issue an order prohibiting the Plaintiffs' transfer outside this Circuit (or, if either of them have already been transferred, returning them to this Circuit), during the pendency of these proceedings.

8. Mr. Moreno Gonzalez will suffer irreparable harm if he is transferred out of the geographic jurisdiction of the Seventh Circuit (and, in the event Defendants have already transferred him, he will suffer irreparable harm if not returned).[1] Mr. Agustin Zamacona will suffer irreparable harm if he is transferred outside of the Seventh Circuit. Moving Plaintiffs out of the geographic jurisdiction of this court has caused or will cause the named Plaintiffs' grave and immediate harm for several reasons:

    a. It impairs their ability to participate as lead plaintiffs representing the putative class in this lawsuit and to provide evidence and testimony in support of their claims;

    b. Plaintiffs will be prejudiced in their habeas proceedings and immigration proceedings because they will be separated from potential witnesses, evidence,

---

[1] Plaintiffs also seek relief ensuring their clients' presence within this Circuit in their Petitions for Writ of Habeas Corpus filed contemporaneously with this motion. Plaintiffs seek parallel relief through this motion in the alternative to ensure crucial access to their counsel and out of an abundance of caution.

3

and support that they have as a result of their longstanding, deep ties in Chicago.[2]

c. Plaintiffs' arrests were likely in violation of the Consent Decree in *Castaňon Nava v. Dep't of Homeland Sec.,* No. 18-cv-03757, (N.D. Ill.), Dkt. 151-1, and they are potential class members in that lawsuit. Under the terms of that Consent Decree, class members who have been subjected to unlawful warrantless arrests are entitled to be released from ICE custody as soon as practicable. *See id.* at 8. Plaintiffs both appear to have been arrested unlawfully, without warrants and without the requisite probable cause. *See id.* at 8 (requiring that before making a warrantless arrest, officers have probable cause "that the individual is in the United States in violation of U.S. immigration law *and* that the individual is likely to escape before a warrant can be obtained for the arrest"). Currently, the parties are undergoing a meet and confer process to identify class members under the supervision of the Honorable Jeffrey I. Cummings, after the court's ruling that defendants substantially violated the Consent Decree. *See Castaňon Nava v. Dept. of Homeland Sec.*, No. 18-CV-3757, 2025 WL 2842146, at *25 (N.D. Ill. Oct. 7, 2025). Transferring Plaintiffs out of the jurisdiction of this Court would complicate the ability of Class Counsel in *Castaňon Nava* to locate Plaintiffs and their corresponding documents to confirm that they are class members to secure their release, and it would prolong Plaintiffs' unlawful detention in violation of that Consent Decree.

---

[2] As set forth in footnote 1, Plaintiffs are separately filing petitions for writs of habeas corpus, seeking bond determinations or release from Custody.

9. For the foregoing reasons, Plaintiffs are suffering or will suffer serious harm as a result of being transferred out of the jurisdiction of this Court. Plaintiffs ask that the Court prohibit Defendants from transferring the named Plaintiffs outside the Circuit in the future, during the pendency of the proceedings in this matter. If either Plaintiff has already been transferred outside of this Circuit, Plaintiffs ask that the Court order their prompt return to this Circuit.

10. Pursuant to the All Writs Act and the Court's inherent authority to control proceedings and issue orders in aid of its jurisdiction, this Court may prohibit Defendants from transferring Plaintiffs outside of this Circuit in the future and, if either Plaintiff has already been transferred, to return Plaintiff to this jurisdiction. *See* 28 U.S.C. § 1651(a) (authorizing courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); *see also California v. M&P Investments*, 46 F. App'x 876, 878 (9th Cir. 2002) (quoting *Adams v. United States*, 317 U.S. 269, 273 (1942)) (finding that the All Writs Act should be expansively construed to "achieve all rational ends of law"); *Arroyo v. United States Dep't of Homeland Sec.*, No. SACV19815JGBSHKX, 2019 WL 2912848, at *10 (C.D. Cal., June 20, 2019) (granting injunction prohibiting transfer because it would "unduly burden and effectively destroy their established counsel relationship"); *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1162 (D. Or. 2018) (prohibiting transfer from the District of Oregon because "detention of [non-citizens] far from where potential or existing counsel was located" would "effectively deny access to counsel"); *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205-WJM-STV, 2025 WL 2280357, at *15 (D. Colo. Aug. 8, 2025) (similar); *cf. Ozturk v. Hyde*, 136 F.4th 382, 388 (2d Cir. 2025) (requiring petitioner to be returned from Louisiana to Vermont and finding that petitioner's interest in participating in proceedings in person outweighed the government's administrative and logistical costs of returning her).

WHEREFORE, Plaintiffs respectfully ask that the Court enter an Order that Defendants shall:

A. ensure that counsel for the Plaintiffs are able to meet in person with Plaintiffs or, at a minimum, have confidential and unmonitored calls of unlimited duration with each Plaintiff wherever they are being held;

B. not transfer Plaintiffs out of the geographic jurisdiction of the Seventh Circuit, during the pendency of these proceedings; and

C. if either Plaintiff has been transferred, immediately return such Plaintiff to a facility within the Seventh Circuit.

Dated October 31, 2025

Respectfully submitted,

/s/ Alexa Van Brunt
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura (license pending)
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org

/s/Kevin Fee
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601

Phone: (312) 201-9740
Fax: (312) 288-5225
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org

/s/Nathan Eimer
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone:  312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com

**COUNSEL FOR PLAINTIFFS**