UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, Secretary U.S. Department ) <br> of Homeland Security, *et al.*, ) <br> ) <br> Defendants. ) | No. 25 C 13323 <br><br> Judge Gettleman |

**DEENDANTS' OPPOSITION
TO PLANTIFFS'MOTION FOR CLASS CERTIFICATION**

**Introduction**

Plaintiffs, and the putative class on whose behalf they seek to bring this case, filed this action to challenge the conditions of confinement and limitations on attorney access at the U.S. Immigration and Customs Enforcement ("ICE") transitional holding facility in Broadview, Illinois ("Broadview"). Plaintiffs have moved to certify a class of "all immigration detainees who are detained and those who will be detained in the future at the Broadview ICE facility," regardless of how long they are held at that location. Dkt. 25 (Pls.' Mem. Supp. Class Cert.).

The court should deny the class-certification motion for two reasons. First, the proposed class is overbroad in that it includes many detainees who are held at Broadview for a *short* period of time and therefore would not experience unconstitutional conditions of confinement or limitations on access to counsel equivalent to a deprivation of the right to counsel. Such "short-term" detainees lack commonality with the detainees who plaintiffs allege are held at Broadview for days or weeks. Second, plaintiffs have not satisfied Rule 23(a)'s typicality and adequacy requirements because they fail to show that their claims are typical to those of the class they seek

to represent, nor do they satisfy Rule 23(b)(2)'s requirements to show that final injunctive or declaratory relief is appropriate respecting the class as a whole.

## Background

Plaintiffs filed this action on October 30, 2025, alleging that the conditions of confinement at Broadview violate their (and the proposed class members') Fifth Amendment rights, that limitations on access to legal counsel violate their First and Fifth Amendment rights, and that a coercive policy and practice at Broadview designed to pressure them to sign documents and waive rights violates the Due Process Clause of the Fifth Amendment. *See* Compl. at ¶¶ 18, 202-41.

Broadview "is a service staging facility" where recently arrested aliens are "processed and temporarily staged prior to being transported to a detention facility, other holding facility or, in certain circumstances, for removal from the United States." Byers Decl. at ¶ 10. In this respect, it operates as a waypoint for apprehended aliens. *See id.* Plaintiffs Pablo Moreno Gonzalez and Felipe Agustin Zamacoa allege that they were arrested by the Department of Homeland Security on October 29, and October 30, 2025, respectively, and taken to the Broadview facility. Compl. at ¶¶ 14-15. Plaintiffs assert they "will suffer the rights violation at issue in this case." *Id.*

## Argument

### A. Legal Standard

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). The party seeking class certification bears the burden of demonstrating that they have satisfied all four of the prerequisites in Rule 23(a) and that their proposed class lawsuit falls within one of the three types of actions permitted under Rule 23(b) of the Federal Rules of Civil Procedure. *See Amchem Prods., Inc. v. Windsor*, 521 U.S.

591 (1997); *Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015). Rule 23(a) requires a party seeking to certify a class first to demonstrate that:

> (1) The class is so numerous that joinder is impractical [("numerosity")];
>
> (2) There are questions of law or fact common to the class [("commonality")];
>
> (3) The claims or defenses of the named plaintiffs are typical of claims or defenses of the class [("typicality")]; and
>
> (4) The named plaintiffs will fairly and adequately protect the interest of the class [("adequacy of representation")].

Fed. R. Civ. P. 23(a).

The Supreme Court has emphasized that "Rule 23 does not set forth a mere pleading standard" and, thus, a plaintiff "must affirmatively demonstrate [his] compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Consequently, the court must conduct a "rigorous" class certification analysis, which may "entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. Although the court "should not turn the class certification proceedings into a dress rehearsal for the trial on the merits," the court "may not simply assume the truth of the matters as asserted by the plaintiff." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Where a material factual dispute exists, the Court "must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'" *Id.* (quoting *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)). If the court is not fully satisfied that all Rule 23 requirements are met, the court cannot certify the class. *Id*; *see Bell*, 800 F.3d at 373.

### B.  The Proposed Class Is Overbroad and Fails to Meet the Commonality Requirement.

Plaintiffs' proposed class of "all immigration detainees who are detained and those who will be detained in the future at the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois," is overbroad because it includes all present and future detainees regardless of how long they are held at Broadview. *See* Pls.' Mem. Supp. Class Cert. at 10-13. "Commonality demands more than a showing that members 'have all suffered a violation of the same provision of law' at the hands of the same defendant." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755 (7th Cir. 2014) (quoting *Wal-Mart*, 564 U.S. at 350). The key consideration for class certification is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (cleaned up). "Where the defendant's allegedly injurious conduct differs from plaintiff to plaintiff, . . . no common answers are likely to be found." *Suchanek*, 764 F.3d at 756.

Plaintiffs have not demonstrated that the proposed class meets Rule 23(a)'s commonality requirement. Immigration detainees who are only briefly held at Broadview do not "suffer[] the same injury," as Plaintiffs allege is suffered by those who may be held at Broadview for longer periods. *Wal-Mart*, 564 U.S. at 350. Indeed, the basis of Plaintiffs' claim is the conditions they allege arise from the use of ICE's transitional Broadview facility for longer-term detention. *See generally* Compl. And, although plaintiffs suggest that current conditions at Broadview violate ICE's policies for short-term detentions of under twelve hours, *id.* at ¶¶ 170-77, they do not show that ICE's previous practice of holding detainees at Broadview for a "short term" is unconstitutional.[1] *See id.*; *see, e.g.*, *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998)

---

[1] Relatedly, as addressed more fully in the defendants' opposition to plaintiffs' request for a temporary restraining order and preliminary injunction, defendants dispute plaintiffs' allegation

("As the Supreme Court has stressed, there is, of course, a de minimis level of imposition with which the Constitution is not concerned.") (cleaned up).

To be sure, "minor overbreadth problems [that] do not call into question the validity of the class as a whole" may best be resolved by "amend[ing] the class definition as needed to correct for the over-breadth" rather than "deny[ing] class certification entirely." *Scott v. Dart*, 99 F.4th 1076, 1093 (7th Cir. 2024) (quoting *Messner*, 669 F.3d at 826 n.15). However, the problem is exacerbated here by plaintiffs' failure to show that they have, in fact, suffered any injury from the detention at the Broadview facility that is in any way similar to what they allege others have suffered. *See* Pls.' Mem. Supp. Class Cert. at 10-13. They have thus failed to show that common answers are likely to be found in litigating their claims. *See Suchanek*, 764 F.3d at 756.

### C. The Proposed Class Does Not Meet Rule 23(a)'s Typicality and Adequacy Requirements.

Plaintiffs also have not demonstrated that their claims are typical of those of the proposed class. The typicality requirement "ensures that class representatives have an incentive to litigate vigorously the claims of the absent class members." *Howard v. Cook Cty. Sherriff's Office*, 989 F.3d 587, 606 (7th Cir. 2021) (cleaned up). The representative's claim is typical where "it arises from the same course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory." *McFields v. Dart*, 982 F.3d 511, 518 (7th Cir. 2020). While allowing for some factual differences between the claims of representatives and class members, the typicality requirement "'primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the essential characteristics as

---

that ICE unconstitutionally restricts access to counsel at its Broadview facility. *See also* Byers Decl. at ¶¶ 26-31.

the claims of the class at large.'" *Muro v. Target Corp.*, 580 F.3d 4875, 492 (7th Cir. 2009) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

Here, plaintiffs provide no basis for finding that any particular claims they may have bear the same "essential characteristics" as those of the class they purport to represent. *See* Pls.' Mem. Supp. Class Cert. at 13-14. At best, plaintiffs allege that others have recently suffered adverse conditions at Broadview and that plaintiffs themselves were recently detained and taken to Broadview. *See id.*; *see generally* Compl. Plaintiffs do not specifically allege that they have experienced the same or similar adverse conditions at Broadview. *See* Pls.' Mem. Supp. Class Cert. at 13-14. In fact, it appears that they were processed and transferred out of Broadview within *hours*, not the several days or more that is the class they purport to represent Because plaintiffs have not shown that they suffered the same or even similar injuries, they have not shown that they are suitable proxies for any of the putative class members. *See Howard*, 989 F.3d at 606.

For similar reasons, plaintiffs also have not met the adequacy requirement for Rule 23(a)(4). *See* Pls.' Mem. Supp. Class Cert. at 14-16. That requirement is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy "determination is one of critical importance, and depends on the facts of each case." *Young v. Magnequench Int'l, Inc.*, 188 F.R.D. 504, 507 (S.D. Ind. 1999). As with the other requirements for class certification, it is the plaintiffs' burden to show their "adequacy as a class representative." *Id.* "In order to be an adequate representative, the named plaintiff must be part of the class and possess the same interest and suffer the same injury as the class members." *Conrad v. Boiron*, 869 F.3d 536, 539 (7th Cir. 2017). Plaintiffs have not shown that they have suffered any injury, much less the same injury as the class members they seek to represent. *See*

Pls.' Mem. Supp. Class Cert. at 14-16. Accordingly, they failed to meet their burden of showing their adequacy as class representatives.[2]

### D. Plaintiffs' Proposed Class Fail to Satisfy Rule 23(b)(2).

Plaintiffs also fail to satisfy Rule 23(b)(2)'s requirements. Under Rule 23(b)(2), final injunctive or declaratory relief must be appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2). The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360 (citation omitted). But plaintiffs fail to meet Rule 23(b)(2)'s requirements because 8 U.S.C. § 1252(f)(1) prohibits the court from granting plaintiffs the relief they seek, and any version of the relief sought that would not run afoul of § 1252(f)(1) would not address the alleged injuries of the proposed class.

First, the court lacks jurisdiction to enjoin or restrain defendants from detaining individuals under 8 U.S.C. § 1225(b). Section 1252(f)(1) states that:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, *no court (other than the Supreme Court)* shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of Part IV [of subchapter II of the INA], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f)(1) (emphasis added). As the Supreme Court explained, § 1252(f)(1)'s reference to "the 'operation of' the relevant statutes is best understood to refer to the Government's efforts to enforce or implement them." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). Section

---

[2] Additionally, if the Court agrees with the Government's argument that the proposed class is overbroad, and instead certifies a narrower class of persons who are or will be detained at Broadview for longer than a specified timeframe, Plaintiffs may not mee the definition of that class (depending on the timeframe) and be inappropriate as class representatives for that reason as well.

1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or refrain from taking actions to enforce, implement, or otherwise carry out" the covered statutory provisions of the INA. *Id*. To the extent plaintiffs' proposed class seeks to restrain the Government from detaining aliens, § 1252(f)(1) applies because the statutory authority for the detention of aliens, like plaintiffs, who are present in the United States without being admitted, is one of the covered provisions. *Id*.

Given § 1252(f)(1)'s limitations on classwide injunctive relief, any relief the court might order would fall far short of being appropriate relief to the proposed class as a whole. The relief sought by plaintiffs would not be uniform and applicable to all class members. Because plaintiffs allege defendants' policies and practices violate their rights under the Due Process Clause of the Fifth Amendment, the court should hesitate to resolve such claims via a Rule 23(b)(2) class action. *See generally* Compl. As the Supreme Court has cautioned, courts should consider "whether a Rule 23(b)(2) class action litigated on common facts is an appropriate way to resolve [plaintiffs'] Due Process Clause claims. [D]ue process is flexible, we have stressed repeatedly, and it calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 583 U.S. 281, 314 (2018) (internal quotation makes omitted) (second alteration in original); *see also Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (noting that "the Due Process Clause does not mandate procedures that reduce the risk of erroneous deprivation to zero" and that "[d]ue process is a flexible concept that varies with the particular situation"). Because Plaintiffs' putative class, as defined, could include dissimilarly situated individuals, the Court could not enter a single declaratory judgment to resolve classwide Due Process claims.

**Conclusion**

For the foregoing reasons, the court should deny plaintiffs' motion for class certification.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Jana L. Brady
JANA L. BRADY
Assistant United States Attorney
327 S. Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444
jana.brady@usdoj.gov