IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, FELIPE AGUSTIN ZAMACONA, and a class of similarly situated people,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; MARCOS CHARLES, Acting Executive Associate Director, U.S. Immigration and Customs Enforcement and Removal Operations, in his official capacity; SAMUEL OLSON, Interim Chicago Field Office Director, U.S. Immigration and Customs Enforcement, in his official capacity; GREGORY BOVINO, Commander-at-Large, U.S. Customs and Border Protection, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION; and the DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 25-cv-13323<br><br>Class Action |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

## INTRODUCTION

This is a straightforward conditions case. Plaintiffs Pablo Moreno Gonzalez and Felipe Agustin Zamacona, on behalf of themselves and others who are similarly situated, challenge Defendants' common policies and practices of subjecting immigration detainees to inhumane conditions at the Broadview ICE facility ("Broadview"). Plaintiffs seek certification of a class of "all immigration detainees who are detained and those who will be detained in the future at the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois" (the "Class"). Even without receiving any discovery from Defendants, Plaintiffs satisfy the class certification requirements of Federal Rules of Civil Procedure 23(a) and (b) based on the dozens of declarations and hours of testimony they have marshaled to date. In their opposition, Defendants do not dispute that Plaintiffs satisfy Rule 23(a)(1)'s numerosity requirement, Rule 23(a)(4)'s adequacy requirement as it pertains to proposed Class counsel, or Rule 23(b)(1)(A) because of a risk of inconsistent or varying adjudications. Defendants' other attempts to defeat class certification fail.

*First*, Defendants cherry pick one question—whether detainees held at Broadview for less than twelve hours experience the same harm as detainees held at Broadview for prolonged periods—to argue that the proposed Class is overbroad and cannot satisfy commonality. Defendants ignore numerous other questions of fact and law involving their common policies and practices applicable to *all* detainees, such as whether Defendants systematically deny immigration detainees access to counsel, an opportunity to review immigration-related paperwork free from coercion and harassment, medical care, sufficient food and potable water, and sufficient space. These common factual questions, and whether they constitute unlawful and unconstitutional practices, satisfy Rule 23(a)(2)'s commonality requirement. Indeed, only *one* such question is necessary to support certification under applicable precedent.

1

*Second*, contrary to Defendants' assertions, Mr. Moreno Gonzalez and Mr. Agustin Zamacona easily satisfy the typicality and adequacy requirements of Rule 23(a)(3) and (4). Both testified about Broadview's inhumane conditions and the harm they experienced at the facility. Both are more than willing and able to represent the Class in this lawsuit.

*Third*, Defendants are incorrect that 8 U.S.C. §1252(f)(1) prevents Plaintiffs from satisfying the requirements of Rule 23(b)(2). Defendants cite no authority holding that Section 1252(f)(1) bars classwide injunctive relief for unlawful detention conditions, and Section 1252(f) has no effect on classwide declaratory relief. Further, nothing in the relief Plaintiffs seek will alter who is detained, under what statutory authority they are detained, or whether and how removals occur.

The Court should therefore grant Plaintiffs' Motion for Class Certification (Dkt. 5) (the "Motion"). In the alternative, the Court should allow Plaintiffs to supplement the Motion with additional facts after receiving the expedited discovery materials the Court has given them leave to seek.

## ARGUMENT

### I. The Proposed Class Satisfies the Commonality Requirement and is Not Overbroad

The proposed Class satisfies Rule 23(a)(2) because their claims about Defendants' uniform policies and practices at Broadview present numerous "questions of law or fact common to the class" capable of classwide resolution. Fed. R. Civ. P. 23(a)(2); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiffs allege that Defendants systematically violate the constitutional rights of immigration detainees by subjecting them to inhumane conditions of confinement and denying them access to counsel. The existence and constitutionality of these alleged practices fit squarely within the types of questions that courts in this Circuit and beyond

2

regularly find to satisfy the commonality requirement. *See* Dkt. 25, Pls. Class Cert. Mem. at 12 (collecting cases).

Defendants argue erroneously that the proposed Class is overbroad and cannot satisfy commonality because detainees held for less than twelve hours at Broadview ostensibly do not suffer the same injury as immigration detainees held at Broadview for longer periods. Defendants do not dispute, however, that they subject all detainees, regardless of the length of stay, to the same policies and practices inside Broadview. *See, e.g.*, Dkt. 39, Byers Decl. at ¶¶ 21, 26 (describing policies applicable to "[a]ll detainees," including relating to attorney access). All detainees "could [be] harmed" by these uniform conditions of confinement, so Plaintiffs have properly defined the proposed Class. *Dennis v. Andersons, Inc.*, No. 20-cv-4090, 2025 WL 1331795, at *9 (N.D. Ill. May 7, 2025) (Gettleman, J.) ("the proposed class is not overbroad" when all members "could [be] harmed by defendants' alleged conduct"); *see also Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 758 (7th Cir. 2014) (class not overbroad when all members that "were exposed to the allegedly deceptive packaging could have been injured by it, even if it turns out later that a few were not"). Indeed, these common practices were vividly put into evidence during the TRO hearing on November 4, 2025, when every detainee witness testified to being subjected to the same conditions of confinements—denial of confidential attorney access, overcrowding, lack of food and water, and lack of sanitation and access to hygiene products—regardless of the length of time they spent in the facility.[1]

Defendants also ignore other common questions of fact and law involving detention conditions at Broadview that apply regardless of immigration detainees' lengths of stay. For

---

[1] Plaintiffs understand that a transcript of the November 4, 2025 TRO hearing is forthcoming. Plaintiffs intend file an amended version of this reply memorandum that includes cites to this transcript after the transcript becomes available.

3

example, Defendants systematically demand detainees sign immigration paperwork that relinquishes their rights to challenge their removal in immigration court, often as soon as they are processed.[2] The detainee witnesses at the TRO hearing, too, testified to these practices. Defendants also prohibit all detainees from communicating confidentially with counsel, which can lead to serious prejudice no matter the length of stay. *See* Dkt, 26, Pls. TRO Memorandum at 46-48 (describing irreparable harms caused by attorney access restrictions, such as wrongful deportation); *see also Elrod v Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). Whether Defendants' common policies and practices create a denial of access to counsel in violation of the First Amendment is a common question that will resolve an issue central to Plaintiffs' claims. Plaintiffs have therefore presented several common questions of law and fact that satisfy the commonality requirement. *See Holmes v. Godinez*, 311 F.R.D. 177, 217 (N.D. Ill. 2015) (a "single system-wide illegal practice or policy can satisfy the commonality requirement").

Plaintiffs also allege that Defendants violate the proposed Class members' Fifth Amendment rights by subjecting all detainees to cruel and disgusting conditions. Defendants cite *Tesch v. Cnty. of Green* Lake, 157 F.3d 465, 476 (7th Cir. 1998), to suggest that Broadview's inhumane detention conditions impose only a "de minimis" injury for detainees held less than twelve hours, thus undermining the commonality of the Class. This argument ignores the record at hand. Unlike in *Tesch*, which involved a plaintiff that was not "denied [] basic human necessities," *id.*, Defendants deny all detainees a multitude of basic necessities, such as rudimentary sanitation and adequate food and water. The Court has already found such

---

[2] *See, e.g.*, Dkt. 2-12, Jane Doe Decl. ¶¶ 3-4; Dkt. 2-14, Temich Polito Decl. ¶¶ 3-5; Dkt. 46-3, Guerrero Pozos Decl. ¶¶ 2-9.

unnecessarily cruel conditions suffered by civil detainees like the proposed Class likely violate the constitution.

## II. Plaintiffs Satisfy the Typicality and Adequacy Requirements

Plaintiffs Moreno Gonzalez and Agustin Zamacona satisfy both typicality and adequacy under Rule 23(a)(3) and (4). Defendants lump these requirements together, stating (at 6) that Plaintiffs have satisfied neither because they do not allege they suffered "similar adverse conditions" or "any injury" at Broadview. On the contrary, Mr. Moreno Gonzalez and Mr. Agustin Zamacona testified in detail at the TRO hearing that they experienced inhumane conditions at Broadview, were denied access to counsel, and were asked to sign immigration paperwork that would have waived their rights in immigration court.[3] They also testified that they were eager to serve as class representatives in this matter, to bring this suit on behalf of other people detained in Broadview so they would not have to suffer the conditions they themselves experienced.

Unlike in the cases cited by Defendants,[4] the experiences described by Mr. Moreno Gonzalez and Mr. Agustin Zamacona mirror the dozens of declarations provided by other proposed Class members. Plaintiffs therefore satisfy the typicality requirement because their claims "aris[e]

---

[3] Defendants also incorrectly speculate (at 6) that "it appears [Plaintiffs] were processed and transferred out of Broadview within *hours*." During their first experience at Broadview, Mr. Moreno Gonzalez stayed more than 40 hours, and Mr. Agustin Zamacona stayed more than 20 hours.

[4] *See Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 606 (7th Cir. 2021) (named plaintiffs brought direct harassment allegations, which presented "material differences" to secondhand harassment allegations brought by other class members); *McFields v. Dart*, 982 F.3d 511, 518 (7th Cir. 2020) (typicality not satisfied when putative class claims arose from alleged systemic failure to provide detainees with face-to-face assessments by dentists, but named plaintiff's dental injury arose from nurse's administrative delay); *see also Conrad v. Boiron, Inc.*, 869 F.3d 536, 541 (7th Cir. 2017) (adequacy not satisfied when class representative "took no steps" to pursue discovery in case for three years); *Young v. Magnequench Int'l, Inc.*, 188 F.R.D. 504, 508 (S.D. Ind. 1999) (adequacy not satisfied based on proposed class counsel).

5

from the same event[s] or practice[s] or course of conduct that gives rise to the claims of the other class members and [their] claims are based on the same legal theory." *Lacy v. Cook Cnty., Illinois*, 897 F.3d 847, 866 (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Plaintiffs also satisfy the adequacy requirement because they "assert the same injuries as the members of the class [they] seek[] to represent." *Palmer v. Combined Ins. Co. of Am.*, 217 F.R.D. 430, 437 (N.D. Ill. 2003).

### III. Plaintiffs Satisfy the Requirements of Rule 23(b)(2)

Finally, Plaintiffs satisfy Rule 23(b)(2) because Defendants create and maintain uniform inhumane conditions of confinement that "apply generally" to every detainee at Broadview and violate each of their constitutional rights. The final injunctive and declaratory relief Plaintiffs seek—which includes access to counsel and basic necessities like sufficient food, potable water, and basic sanitation while detained at Broadview—will therefore benefit the Class a whole. Fed. R. Civ. P. 23(b)(2); *see Holmes* 311 F.R.D. at 223; *see generally Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Further, nothing in the relief Plaintiffs seek will alter who is detained, under what statutory authority they are detained, or whether and how removals occur.

Defendants' assertion that 8 U.S.C. §1252(f)(1) bars injunctive relief in this classic conditions lawsuit is unavailing. Under that provision, titled "Limit on injunctive relief," district courts may not "enjoin or restrain the operation of" 8 U.S.C. §§ 1221-1232 on a classwide basis. § 1252(f)(1); *see Garland v. Aleman Gonzalez*, 596 U.S. 543, 551 (2022). But contrary to Defendants' claim (at 8), Plaintiffs in no way "seek[] to restrain the Government from detaining" anyone. Rather, Plaintiffs seek to prevent Defendants from subjecting detained immigrants to inhumane *conditions* that run afoul of the Constitution.

6

Defendants can cite no authority holding that § 1252(f)(1) bars a classwide injunctive remedy for unlawful detention conditions. For good reason: The statute bars classwide injunctive relief only if it would enjoin or restrain the operation of one of the specified statutes—and remedying the squalid conditions at Broadview would not do so. *Cf. Jimenez v. U.S. Immigr. & Customs Enf't*, No. 23-cv-06353, 2024 WL 2306281, at *4 (N.D. Cal. May 20, 2024) (finding ICE's reliance on *Aleman-Gonzalez*'s interpretation of § 1252(f)(1) "misplaced" in conditions case seeking COVID-related medical services for immigration detainees).

The statute Defendants cite, whose coverage Congress expressly limited, does not sweep so broadly as to bar every "injunction [that] has some *collateral* effect on the operation of a covered provision." *Aleman Gonzalez*, 596 U.S. at 553 n.4 (emphasis added); *see, e.g.*, *Texas v. United States Dep't of Homeland Sec.*, 123 F.4th 186, 211 (5th Cir. 2024) (holding that Section 1252(f)(1) of the INA does not bar an injunction where Plaintiff does not seek to enjoin the operation of any of the immigration provisions listed in § 1252(f)(1)); *O.A. v. Trump*, 404 F. Supp. 3d 109, 158 (D.D.C. 2019) (holding § 1252(f)(1) does not bar an injunction issued against § 1158(b)(1) since it is not a covered provision). Perhaps for these reasons, the Government did not so much as suggest (in its memoranda of law opposing a TRO, a preliminary injunction, and class certification) that Section 1252(f)(1) barred classwide injunctive relief for analogous conditions claims in *Barco Mercado v. Noem*, No. 25-cv-6568 (S.D.N.Y.), a similar ICE holding room lawsuit.[5] Moreover, Defendants implicitly concede (at 8) that § 1252(f)(1) does not bar classwide *declaratory* relief.

---

[5] *See Barco Mercado*, No. 25-cv-6568, Dkts. 57 (Pls. TRO Mem.), 73 (Defs. Mem. in Opp. to Pls Mot. for PI), 79 (Defs. Mem. in Opp. to Pls. Mot. for Class Cert.), 94 (Defs.' Resp. to Pls. Supp. Br. Regarding Subject Matter Jurisdiction).

7

Given that Section 1252(f)(1) does *not* bar injunctive and declaratory relief in this conditions case, there is no basis for Defendants' assertion (at 7) that court relief would not be "uniform and applicable to all class members." Defendants' reliance on dicta in *Jennings v. Rodriguez*, 583 U.S. 281, 314 (2018), and *Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022), is misplaced. Both *Diaz* and the dicta in *Jennings*—unlike this case—involved procedural due process claims regarding whether and when noncitizens' individualized liberty interests in avoiding prolonged detention without bond outweighed the government's interests. Here, in contrast, Plaintiffs' claims are about conditions. These claims do not require any kind of flexible balancing under *Mathews v. Eldridge,* 424 U.S. 319 (1976); instead, Plaintiffs argue that Defendants are violating *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), based on general facts and common practices at Broadview that are easily ascertainable without reference to the specific circumstances of individual Class members. This is precisely why courts routinely certify classes in conditions-based lawsuits, including in a slew of cases involving jail conditions subject to the same due process standard that governs here. *See* Dkt. 25, Pls. Class Cert. Mem. at 4-5 (collecting cases).

In fact, in *Barco Mercado*, the district court recently granted provisional certification under Rule 23(b)(2) "because defendants have acted on grounds generally applicable to the Class — subjecting them to the same set of policies governing their confinement and access to attorneys," such that final injunctive relief is appropriate "with respect to the class as a whole." 2025 WL 2658779 at *22 (S.D.N.Y. Sept. 17, 2025). Just as the district court in *Barco Mercado* found that Plaintiffs satisfied the requirements of Rule 23(b)(2), which included Fifth Amendment due process claims, the Court should find that Plaintiffs satisfy the Rule 23(b)(2) requirements here.

8

## CONCLUSION

For the reasons described above, Plaintiffs Moreno Gonzalez and Agustin Zamacona respectfully request the Court grant their Motion.

DATED: November 7, 2025                     Respectfully submitted,

/s/ Kevin M. Fee

Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
Phone: (312) 201-9740
Fax: (312) 288-5225
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org


Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th Floor
Chicago, Illinois 60611
Phone:  312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org


Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
Madeline F. Freyberg

10

        **EIMER STAHL LLP**
        224 South Michigan Avenue, Suite 1100
        Chicago, Illinois 60604
        Phone:  312-660-7600
        neimer@eimerstahl.com
        ssolberg@eimerstahl.com
        mmccluggage@eimerstahl.com
        jspeta@eimerstahl.com
        lmeyer@eimerstahl.com
        baustin@eimerstahl.com
        mfreyberg@eimerstahl.com