UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) No. 25 C 13323 |
| v. | ) |
| | ) Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department of Homeland Security, *et al.*, | ) Magistrate Judge McNally |
| Defendants. | ) |

**PLAINTIFFS' REPORT TO THE COURT CONCERNING**
**THE PLANNED INSPECTION OF THE BROADVIEW FACILITY**

In accordance with the Court order issued by Magistrate Judge McNally on November 7, 2025, ECF No. 59, Plaintiffs hereby provide the following information pertaining to the planned inspection of the Broadview facility on November 13, 2025:

1. On November 7, 2025, Magistrate Judge McNally granted Plaintiffs' request for an inspection of the Broadview facility and directed Plaintiffs to file a report regarding the proposed parameters of the site visit on November 10, 2025. The Court subsequently ordered that Plaintiffs file with the Court a proposed site inspection attendee list of no more than four lawyers by November 12, 2025, by noon. ECF No. 59. The Court also instructed that Plaintiffs identify any other requests for the visit, including those relating to an expert and recordings during the inspection. *Id.* The parties met and conferred regarding the site visit, among other discovery matters, earlier today, November 10, 2025.

2. In accordance with the Court's instructions, Plaintiffs provide the following attendee list of lawyers:

    Jonathan Manes, Senior Counsel MacArthur Justice Center

      Danielle Berkowsky, Counsel, MacArthur Justice Center

      Jennifer Stark, Senior Counsel, Roger Baldwin Foundation of ACLU, Inc.

      Michelle Garcia, Deputy Legal Director, Roger Baldwin Foundation of ACLU, Inc.

In addition, Plaintiffs request that they be permitted to include one additional attorney: Samuel Cole from the Roger Baldwin Foundation of ACLU, Inc. Counsel for Defendants did not raise any immediate objection to this request during the Meet and Confer on November 10, 2025, and indicated that they would confer with their clients.

      3.      Plaintiffs request that they be permitted to attend the inspection with their expert, Dr. Dora B. Schriro. Dr. Schriro's CV is attached as Exhibit A to this Report. During the November 10, 2025, Meet and Confer, Defendants indicated that they do not oppose this request. In addition, Plaintiffs request to bring a Spanish-English interpreter—Maikel Arista-Salado—to facilitate Ms. Schriro's conversations with detainees and to translate Spanish documents, signage, or other materials as needed.

      4.      Dr. Schriro has extensive professional experience engaging with Immigration and Customs Enforcement (ICE) detention facilities and standards and with the administration of correctional facilities more generally. She served as Special Advisor to Department of Homeland Secretary (DHS) Janet Napolitano and was the founding Director of the ICE Office of Detention Policy and Planning. Dr. Schriro also previously served as Director of the Missouri and Arizona Departments of Corrections, as well as Commissioner of the New York City Department of Correction. She was the Commissioner of the Connecticut Department of Emergency Services and Public Protection, a state enforcement agency that includes homeland security. Dr. Schriro

has published many works relating to ICE detention.[1] And as a consultant, Dr. Schriro regularly conducts inspections of detention and carceral facilities, including on behalf of the California Department of Justice.

5. Dr. Schriro has the knowledge and experience to be able to advise Plaintiffs and the court about the applicable ICE standards at issue in this case, and about the reforms necessary to both implement the terms of the Temporary Restraining Order (TRO) and protect the putative class. *Cf. Brown v. Plata*, 563 U.S. 493, 540 (2011) ("When expert opinion is addressed to the question of how to remedy the relevant constitutional violations [in a correctional facility], federal judges can give it considerable weight."); *see also Smith v. Barr*, 512 F. Supp. 887, 897-98 (S.D. Ind. 2021) (granting preliminary injunction on Eighth Amendment claim and mandating COVID protections in federal prison based on expert evidence about risks of transmission).

6. At Defendants' request, Plaintiffs have provided Defendants with the names and dates of birth of all people they seek to bring to the site inspection, such that Defendants can run security checks in advance.

7. Plaintiffs request that they be permitted to photograph the facility during the inspection for purposes of documenting and ensuring Defendants' compliance with the Court's Temporary Restraining Order (TRO). This request is of particular importance given that Defendants have indicated to Plaintiffs and the Court that requested video evidence of the facility

---

[1] These include including ICE Detention Standards: A Guide For Family & Friends of Individuals in ICE Detention, American Bar Association (ABA), Commission on Immigration (March 2023), ICE Detention Standards: Immigration Detention Facilities' Responsibilities and Detained Individuals' Rights: A Guide for Practitioners, ABA Commission on Immigration (December 9, 2022), and On the Other Side of the Looking Glass: COVID-19 Care in Immigration Detention, MDPI, Soc. Sci. 2021, 10(10), Access to Counsel in Immigration Detention in the Time of COVID-19, A Guide to ICE PBNDS 2011 Detention Standards for Dedicated Facilities with ICE COVID-19 Modifications, ABA Commission on Immigration (2019), and Access to Counsel in Immigration Detention in the Time of COVID-19, A Guide to ICE NDS 2019 Detention Standards for Nondedicated Facilities with ICE COVID-19 Modifications, ABA Commission on Immigration (2019). *See* Ex. A.

may take some time to produce. Any concerns regarding the privacy of immigration detainees and/or staff should be adequately addressed by the protective order the parties anticipate will be entered in this case.

8. Defendants have indicated that they do not object to photography in principle but have proposed that ICE provide a photographer who would take photographs at Plaintiffs' instructions. ICE would review the photos and produce the photos to Plaintiffs under the protective order. Defendants have raised the possibility that ICE would subject photos to an Attorney's Eyes Only restriction or potentially blurring of faces, locks or other features of the facility. Plaintiffs object to this procedure in general and, in particular, Plaintiffs object to this proposal to the extent it could give Defendants the ability to limit what may be photographed, to blur or otherwise alter photographs after they are taken, or to delay the disclosure of photographs to Plaintiffs.

9. Plaintiffs further request that their expert be permitted to have brief conversations with people detained in the facility during the inspection as to the conditions of their confinement. Such conversations are a standard part of expert correctional inspections. *See, e.g.*, *Braggs v. Dunn*, No. 2:14cv601-MHT 2017 WL 659169, at *6 (M.D. Ala. Feb. 17, 2017) (permitting plaintiffs' expert to conduct interviews with prisoners during tours of prisons in state correctional medical care suit); *Garcia v. Wolf*, No. 1:20-cv-00821 (LMB/JFA), 2020 WL 4815048, at *2 (E.D. Va. Aug. 18 2020) (permitting expert witnesses to speak with ICE detainees during facility inspection as part of COVID litigation against ICE detention facility). Defendants indicated, during the November 10, 2025, Meet and Confer, that they do not object to this request.

10. On November 10, 2025, the Court set the inspection for Thursday, November 13, 2025, at 11:00 a.m. To ensure adequate time, Plaintiffs request that the inspection take place from

11:00 a.m. until 3:00 p.m. During the November 10, 2025, Meet and Confer, Defendants indicated that they do not oppose a four-hour inspection.

11. To facilitate the sharing of information and to minimize interference with staff operations, Plaintiffs request a meeting with representatives of Broadview staff leadership from 11:00 a.m. to approximately 11:30 a.m. or 12:00 p.m. During this time, Plaintiffs request the opportunity to hear from staff leadership about operations as they pertain to the TRO and to ask related questions.

12. Following the meeting with jail staff, Plaintiffs request the opportunity to tour all areas of the facility. Defendants have disclosed that there is a second floor to the Broadview facility. Although Defendants requested that the inspection be limited to the first floor where immigration detainees are physically held, Plaintiffs need to view this space to understand how it relates to the rest of the facility and the conditions to which immigration detainees are subjected, including how that space is being used (or could be used) to support detainee operations and logistics.

13. During the tour of the facility, Plaintiffs' counsel intends to speak with their clients, *i.e.* the immigration detainees being held in the facility who are members of the putative class that Plaintiffs' counsel represents. *See generally Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-102 (1981). In addition, Plaintiffs request the opportunity to provide business cards to ensure continued communication with their clients and to effectuate the Temporary Restraining Order provisions about attorney client calls with detainees (Dkt. 45 at 3).

14. Finally, to ensure efficiency during the inspection, Plaintiffs request that, on the day of the inspection, Defendants provide Plaintiffs' counsel with a list of all immigration detainees being held at Broadview on November 13, 2025, their length of detention in the facility,

and the holding room to which they've been assigned. In addition, on the day of the inspection, Plaintiffs' counsel request to be able to review—whether on paper or through computers—copies of forms provided to individuals as part of intake and processing; logs and other records for items pertaining to the TRO, such as the provision of food, water, and personal hygiene products; daily schedules related to cleaning the hold rooms, providing detainees with showers, and scheduling attorney phone calls and attorney visits; as well as records and/or logs that show the provision of medical care, any medical/mental health screening forms, screening for individuals with particular vulnerabilities and/or who should be exempt from placement in the hold rooms.

Dated: November 10, 2025

Respectfully submitted,

*/s/ Jonathan Manes*
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura (pending admission to N.D. Illinois)
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org

*/s/ Kevin M. Fee*
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740

kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org

*/s/ Nathan P. Eimer*_____
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com