# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 25-cv-13323 |
| v. ) | Hon. Robert W. Gettleman |
| ) | Mag. Judge Laura K. McNally |
| KRISTI NOEM, Secretary of the U.S. ) | |
| Department of Homeland Security, in her ) | |
| official capacity, *et al*. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REVISED EXPEDITED DISCOVERY REQUESTS**

Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, instruct that Defendants produce for inspection and copying the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within five (5) days of service and afterward supplement each response as may become necessary as required by Rule 26(e) and as set forth in individual requests.

**DEFINITIONS**

1. Document(s) means any writing or recording as broadly defined in Federal Rule of Civil Procedure 34(a)(1) and includes without limitation: (a) all writings of whatever type, nature, or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of

1

drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

2. Communication(s) means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any persons, including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, social media posts, text messages, voice messages, voicemails, messages sent on phone applications including but not limited to Signal, Whatsapp, Telegram, faxes, notations, telegrams, advertisements, interviews, conferences, presentations, and all other Documents.

3. Relating to means discussing, describing, alluding to, analyzing, commenting on, concerning, constituting, referencing, evidencing, dealing with, regarding, responding to, setting forth, stating, or summarizing the referenced matter.

4. Relevant Time Period means September 8, 2025, through the Present.

5. Defendants means Defendants in the above-captioned action.

6. Plaintiffs means Plaintiff and the putative class in the above-captioned action.

7. You, Your, and Yours means Defendants in the above-captioned action.

*8.* Complaint means the Complaint in the above-captioned action filed in the Northern District of Illinois on October 30, 2025, entitled Class Action Complaint in *Pablo Moreno*

*Gonzalez, et al. v. Kristi Noem, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.*

9. Broadview means the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois.

10. Detainee or Detainees means all individuals held in Broadview under the authority of Defendants.

## INSTRUCTIONS

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 34(b)(2).

2. In construing these Requests, You should give effect to the Definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

3. Respond to each Request separately and fully unless it is objected to, in which event the specific reason for the objection must be stated.

4. In the event that any requested Document has been destroyed, lost, discarded or is otherwise missing or no longer in Your possession, custody, or control, identify the Document as completely as possible and specify the circumstances of the Document's disposal, including but not limited to the Document's disposal date, disposal manner, disposal reason, the person who authorized the disposal (if applicable), and the person who disposed of the Document or who has information about the nature of the disposal.

5. If there are no Documents responsive to any particular request, the response shall state so explicitly in writing.

6. If any Documents responsive to a request are known by You to exist but are not in your possession, custody or control, identify those Document(s) and the Person who has possession, custody or control thereof.

5. If You are not producing Documents in response to any of the Requests herein, Your response should make clear that You are not producing Documents in response to that Request and the basis for withholding the documents.

6. If Your response to any Request is qualified in any particular manner, set forth the details of such qualification.

7. In responding to these Requests furnish all information and produce all Documents in Your possession, custody, or control including not only information and Documents immediately available to Your counsel, but also Documents that are available to or in the possession, custody, or control of any third-party, such as an agent or business partner, that is reasonably available to You upon Your request.

8. All Documents should be produced according to the terms of any stipulation between the parties or any court order regarding discovery of electronically stored information. If there is no stipulation or court order, all Documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

9. If any Document responsive to these Requests is withheld under a claim of privilege, You must provide a privilege log according to the terms of any stipulation between the parties or any court order regarding privilege logs. If there is no stipulation or court order, You must identify

4

the basis for the privilege and provide sufficient information to assess the claim of privilege, including the following:

      a.    Date, author, addressees, persons carbon copied or blind carbon copied, including the relationship of those persons to You or the author of the Document;

      b.    Brief description sufficient to identify the type, subject matter, and purpose of the Document;

      c.    All persons to whom the Document's contents have been disclosed;

      d.    The party who is asserting the privilege.

10.    Wherever used herein: the singular shall include the plural and the plural shall include the singular; verb tenses shall be interpreted to include past, present, and future tenses; the word "all" includes the word "any" and vice versa; and the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any Documents which might otherwise be construed to be outside their scope.

11.    If You object to part of a Request and refuse to respond to that part, You must produce all Documents called for which are not subject to that objection. Similarly, wherever a Document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not produced. If You object to a Request's scope or time period, state Your objection and respond to the Request for the scope or time period You believe is appropriate.

12.    Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

13. You are to produce the original and each non-identical copy of all Documents requested herein that are in Your possession, custody or control.

**REQUESTS FOR PRODUCTION**

1. All formal and informal policies, procedures, directives, regulations, and guidance memoranda in effect during the Relevant Time Period related to or governing:

   a. Detainees' telephonic and in-person access to counsel at Broadview, including but not limited to:

      i. The facility's telephone and phone monitoring procedures, including policies governing Detainees' access to cell phones, landlines, and pay phones;

      ii. Detainees' access to and use of private rooms for confidential and unmonitored visits with attorneys and prospective attorneys;

      iii. Detainees' access to confidential and unmonitored legal phone calls;

      iv. Attorney access to clients at Broadview;

      v. Whether attorney in-person visits are permitted at Broadview, including whether and how attorneys can access private rooms for confidential visits with clients or prospective clients; and

      vi. Whether and how attorneys can consult with their clients or prospective clients on confidential and unmonitored legal phone calls.

   b. The conditions of confinement for detainees at Broadview, including but not limited to, if applicable, Directive 11087.2: Operations of ERO Holding Facilities, the June 24, 2025 Nationwide Hold Room Waiver, and the Performance-Based National Detention Standards 2011, revised 2016.

6

    c. Updating and maintaining the ICE online detainee locator, including but not limited to when it is updated, how it is updated, what information is included, and the circumstances under which Detainees' locations at Broadview are withheld from the locator; and

    d. Whether Defendants ask Detainees to sign immigration documents impacting their legal status or any legal proceedings to which Detainees are a party, including but not limited to forms agreeing to voluntary departure and/or relinquishing rights to challenge their removal or other rights within the immigration system. This request specifically includes copies of any such documents presented to or signed by Detainees during the Relevant Time Period.

2. Existing records from the Relevant Time Period, including contemporaneously generated reports, logs, and tracking documents, reflecting requests by Detainees for communication with counsel or prospective counsel, and showing telephone access granted to Detainees for the purposes of speaking to counsel or prospective counsel. This request also includes but is not limited to records which document the one or more free phone calls Detainees receive at Broadview and the call's recipient, as stated in Defendants' response to Plaintiffs' motion for a temporary restraining order, ECF No. 39 at 5-6, and in the declaration of Mr. Byers, ECF No. 39, Ex. A ¶ 24.

3. Existing records from the Relevant Time Period, including contemporaneously generated reports, logs, and tracking documents, reflecting the following information:

    a. How frequently the ICE online detainee locator was changed or updated and how it was changed or updated, including in what circumstances Defendants withhold information about Detainees' location;

7

      b. All non-attorney visitation requests from potential visitors to Broadview, including from Detainees' family members, and any responses to those requests from Defendants; and

      c. Any and all visitors to Broadview who were not employed by Defendants.

Plaintiffs further request that Defendants search the inboxes for detentionbroadview-ins@dhs.gov; Chicago.Outreach@ice.dhs.gov; and chi-ero-detained@ice.dhs.gov for emails from attorneys and legal representatives requesting the location of, or a call or visit with, their client. Plaintiffs propose the following search terms for this search:

    (attorney OR lawyer OR counsel) AND (visit* OR call* OR meet* OR speak OR talk OR location)

If this search returns an impracticable number of results, we can work quickly to further refine the request. Please let us know as soon as possible the results of the search so we can refine as necessary.

    4. All "Detention Logs" and "Holding Facility Inspection Logs" from Broadview from the Relevant Time Period. *See* Directive 11087.2, Operations of ERO Holding Facilities § 5.8. Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on an on-going weekly basis.

    5. Document spreadsheets, tables, logs, or similar compilations that show the following information from the Relevant Time Period: the name, age, case number or A Number, current location, and the current case status for all individuals who are detained at Broadview; the number of persons detained at Broadview each day; and the date and time each detainee arrived at Broadview, the date and time they were processed, the date and time they were transferred out of Broadview, and the location to which they were transferred. This response includes but is not

limited to the following unredacted spreadsheets with data from Broadview during the Relevant Time Period:

    a. ICE Detentions, ERO LESA Statistical Tracking Unit (example here)

    b. *Detention FY 2025 YTD, Alternatives to Detention FY 2025 YTD and Facilities FY 2025 YTD*. This spreadsheet is found at the bottom of this webpage under "FY 2025 ICE Statistics" but does not include data for Broadview.

Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on an on-going weekly basis.

    6.    The following Documents about Broadview during the Relevant Time Period:

    a. All receipts, purchase orders, contracts, or other Documents showing any provision of amenities and supplies for Broadview, including for orders of food, water, medication, clothing, hygiene products (soap, shampoo, toothpaste, toothbrushes, wipes, towels, menstrual products), cleaning supplies (soap, mops, etc.), and foil blankets, mats, or other bedding material. These records should, wherever possible, indicate the quantities of each item purchased and the timing of the purchases. For example, they should show the number of sandwiches purchased per meal service (or per day if not available) and the vendor and location of purchase.

    b. Documents reflecting medical or mental health services provided to Detainees, including contracts with vendors providing such services and recording the providers' visits and services provided, and records reflecting transportation of Detainees to medical facilities or requests for emergency medical assistance.

9

    c. Documents reflecting cleaning services for Broadview including contracts with vendors providing such services and how often Broadview and its hold rooms are cleaned and sanitized, including but not limited to any cleaning logs or schedules.

    d. Documents sufficient to show the total number of Detainees held at Broadview, the total number of Detainees held in excess of 12 hours, the total number of Detainee held at Broadview in excess of 72 hours, and the average length of stay.

    e. Documents sufficient to show the total number of people assigned to and/or placed in each Broadview holding room at 12:01 a.m. for each day during the Relevant Time Period;

    f. The total number of people who have been deemed exempt from placement in hold rooms due to obvious illness; special medical, physical, and or psychological needs; or other documented reasons such as being an unaccompanied minor (under 18 years), over the age of 70, a female with children, and/or part of a family group.

Plaintiffs request that Defendants provide these requested documents to Plaintiffs' counsel on an on-going weekly basis.

7. The following Documents:

    a. A sample packet of any and all Documents presented to Detainees during intake at Broadview, including any voluntary departure forms (I-210 forms), notices to appear, stipulated orders of removal or other documents that are served on or presented to detainees during intake and processing.

    b. All signed I-210 forms, along with any other documentation regarding "voluntary departure" or referencing the offer of $1000 to "self-deport," as referenced in Court on November 4, 2025, generated from October 1, 2025 to the present.

      c. Any other signed forms that have the effect of waiving a Detainee's right to a hearing or further proceedings before an immigration court, including stipulated orders of removals, generated from October 1, 2025 to the present.

The identity of Detainees who have signed voluntary departure paperwork or related documents should be identifiable by reference to the ICE tracking spreadsheet discussed in 5(a). Plaintiffs request that Defendants provide these requested documents to Plaintiffs' counsel on an ongoing weekly basis.

    8. All Documents, including incident reports, logs, memoranda, email correspondence, and other existing records documenting any emergency in the Broadview facility during the Relevant Time Period. For purpose of this request, "emergency" includes but is not limited to any incident in which medical services were provided to Detainees by first responders or paramedics, in which a Detainee was transported to an outside hospital, or in which a federal or local/municipal law enforcement entity was contacted by Defendants.

    9. Video footage taken by the facility's surveillance cameras inside Broadview from the following time periods:

      a. September 19, 2025 at 12:00 am to September 22, 2025 at 11:59 pm;

      b. October 2, 2025 at 12:00 am to October 7, 2025 at 11:59 pm;

      c. October 10, 2025 at 12:00 am to October 13, 2025 at 11:59 pm;

      d. October 21, 2025 at 12:00 am to October 24, 2025 at 11:59 pm; and

      e. October 30, 2025, at 12:00 a.m. to the present.

Plaintiffs reaffirm their request that all video footage and surveillance of the Broadview facility be preserved and not overwritten during the pendency of this litigation. Plaintiffs request that Defendants provide updated video footage to Plaintiffs' counsel on an on-going weekly basis.

10. All footage from inside Broadview taken by videographers or camera crews employed or contracted by Defendants during the Relevant Time Period, including but not limited to any footage taken during Defendant Noem's visit to Broadview on October 3, 2025, and footage taken by a camera crew on or around October 11, 2025.

11. Floor plans for each floor and area of Broadview, including room and area measurements and showing the location of all toilets, sinks, water fountains, and showers or other bathing facilities. For clarification, Plaintiffs request that the Defendants supplement the floor plan provided in Mr. Byers's declaration, ECF No. 39, Ex. A ¶ 15, to provide the location of toilets, sinks, and water fountains, as well as room and area measurements.

12. The individual Plaintiffs' intake documents and A-files.

13. A list of managers, supervisors, and staff at Broadview, including the dates they worked at Broadview during the Relevant Time Period, in order to identify deponents and facilitate discovery.

## EXPEDITED REQUEST FOR INSPECTION

Plaintiff reserves the right to re-issue a request for inspection at a later date.

## REQUEST FOR DEPOSITION

Plaintiffs also request three-hour deposition(s) of the following individuals, to take place at a time mutually agreeable by the parties after receiving the above-requested documents.

1. The individual or individuals with day-to-day responsibility for administering Broadview; for procuring food, water, and medical and mental health services for detainees; and for updating the ICE tracker and/or any other systems or information relating to inmate whereabouts or legal status.

2. The individual or individuals with responsibility for directing, overseeing, and/or monitoring the conduct of officials at Broadview who are responsible for processing detainees;

12

preparing and processing immigration-related documents (including voluntary departure documents and any other documents that purport to reflect a detainees' agreement to be sent out of the United States); and for obtaining detainees' signature or agreement with respect to the above.

3. Defendant Samuel Olson, Interim Chicago Field Office Director, U.S. Immigration and Customs Enforcement.

4. Russell Hott, former Chicago Field Office Director, U.S. Immigration and Customs Enforcement.

5. Declarant Shawn Byers.

6. The officers who conducted the individual Plaintiffs' intakes at Broadview.

Dated: November 6, 2025

Respectfully submitted,

*/s/ Alexa Van Brunt*_____
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura (license pending)
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org

*/s/ Kevin M. Fee*_____
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark

        Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org


*/s/ Nathan P. Eimer*_____
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th Day of November, 2025, a true and correct copy of the above and foregoing **Plaintiffs' Revised Requests for Expedited Discovery** were sent by electronic mail to counsel to all counsel who have filed appearances in the above-captioned case.

/s/ Alexa Van Brunt
Alexa Van Brunt