IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, FELIPE AGUSTIN ZAMACONA, and a class of similarly situated people, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 25 C 13323 |
| v. | ) ) | Judge Robert W. Gettleman |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; MARCOS CHARLES, Acting Executive Associate Director, U.S. Immigration and Customs Enforcement and Removal Operations, in his official capacity; SAMUEL OLSON, Interim Chicago Field Office Director, U.S. Immigration and Customs Enforcement, in his official capacity; GREGORY BOVINO, Commander-at-Large, U.S. Customs and Border Protection, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION; and the DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Pablo Moreno Gonzalez and Agustin Zamacona (collectively "plaintiffs") seek to proceed on behalf of a class of similarly situated immigration detainees who are detained and will be detained at the Broadview ICE facility ("Broadview") at 1930 Beach Street, Broadview, Illinois, on claims that the conditions of their confinement and associated denial of access to counsel violate the Administrative Procedure Act and the First and Fifth Amendments. For the reasons below, the court grants the motion for class certification. (Doc. 5).

1

## BACKGROUND

On October 30, 2025, plaintiffs filed this putative class action against defendants challenging the conditions of detention at the Immigration and Custom Enforcement's ("ICE") Broadview facility. On the same day, plaintiff filed an emergency motion for a temporary restraining order. Plaintiffs' complaint was accompanied by a large volume of declarations supporting the factual allegations.

The court held a hearing on the motion for a temporary restraining order on November 4, 2025. At the hearing, the court heard testimony from the named plaintiffs, a woman who had been detained at Broadview and is now in Honduras, and two attorneys who attempted to contact their clients who were being held at Broadview. Defendants did not offer any evidence at the hearing. To date, the evidence submitted by defendants consists of a declaration by Shawn Byers, which accompanied defendants' response in opposition to the temporary restraining order.

This court entered a temporary restraining order on November 5, 2025. The court explained on the record that it found the witnesses presented by plaintiff to be highly credible. To summarize briefly, these witnesses testified as to the deplorable conditions at Broadview, which included:

1. Lack of adequate food;

2. Lack of sufficient clean water;

3. Lack of personal hygiene products;

4. Extremely overcrowded holding cells;

5. No access to sufficient bedding or space to sleep;

6. Dirty holding cells that are rarely or never cleaned;

2

7. Insufficient and dirty toilet facilities;

8. Lack of access to medication, including those that detainees arrived with on their person or that were provided by family members;

9. No access to showers or other bathing facilities; and

10. Lack of access to adequate clothing.

In addition, the court heard testimony concerning systematic lack of access to counsel. Witness attorneys testified that it is nearly impossible to reach their clients; phone numbers don't work, in person visits are prohibited, and emails to the facility are left unanswered. Detainees testified to phone infrastructure that is rarely, if ever, operational and does not provide the means to communicate with counsel confidentially.

Finally, the court heard testimony concerning what appears to be a practice of pressuring detainees into signing legal documents. As plaintiffs have noted at hearings before the court, it is unclear what exactly these documents are, but there is reason to believe that these documents authorize voluntary deportation or otherwise forfeit rights to hearings or other process under the immigration laws. Witness detainees testified that ICE officers encourage detainees to sign such documents. They testified that these documents are provided in English without Spanish translation. They also testified that ICE officers misrepresent the contents of these documents. At least one witness, who is now in Honduras, testified that ICE officers told her that she would be stuck in Broadview until she signed these papers.

## **LEGAL STANDARD**

A court will certify a class if plaintiffs satisfy the four requirements of Rule 23(a)—numerosity, commonality, typicality and adequacy of representation—and, in addition, the

requirements of one of the Rule 23(b) subsections.  Fed. R. Civ. P 23(a) and (b).  See Kleen
Products LLC v. International Paper Co., 831 F. 3d 919, 923 (7th Cir. 2016).  Plaintiffs here seek
to certify this class under Rule 23(b)(2), which allows the court to certify a class action if Rule
23(a) is satisfied and "the party opposing the class has acted or refused to act on grounds that
apply generally to the class, so that final injunctive relief or corresponding declaratory relief is
appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

Rule 23 "does not set forth a mere pleading standard"; rather, plaintiffs bear the burden to
"affirmatively demonstrate [their] compliance with the Rule" by a preponderance of the
evidence.  Wal-Mart Stores Inc. v. Dukes, 564 U.S. 338, 350 (2011); see also Messner v.
Northshore University Health System, 669 F.3d 802, 811 (7th Cir. 2012) (holding that "[i]t is
sufficient if each disputed requirement has been proven by a preponderance of evidence").  Here,
the court has taken evidence and considers the certification motion on the record before it.
Certification of a class action is proper only if "the trial court is satisfied, after a rigorous
analysis," that the requirements of Rule 23 are satisfied.  General Telephone Co. of Southwest v.
Falcon, 457 U.S. 147, 161 (1982).  The rigorous analysis required by Rule 23 may have "some
overlap with the merits of the plaintiff's underlying claim," Dukes, 564 U.S at 351, but the
"court should not turn the class certification proceedings into a dress rehearsal for the trial on the
merits."  Messner, 669 F. 3d at 811.

## DISCUSSION

### A. Rule 23(a) Prerequisites

#### 1. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is

4

impracticable." Fed. R. Civ. P 23(a)(1). Plaintiffs argue that the numerosity requirement is easily met. According to plaintiff, Broadview detains thousands of individuals every year. Plaintiffs state that, according to ICE data, ICE detained 5,202 individuals at Broadview between January 1,2025, and July 28, 2025. These figures are from the period prior to the announcement of "Operation Midway Blitz," which caused a dramatic increase in immigration enforcement in the Chicago area. Defendants do not contest numerosity.

The court finds that the plaintiffs have satisfied the Rule 23(a)(1) numerosity requirement by a preponderance of the evidence. Classes consisting of forty or more members generally satisfy the numerosity requirement. See Mulvania v. Sheriff of Rock Island County, 850 F.3d 849, 859-60 (7th Cir. 2017); Schmidt v. Smith & Wollensky, LLC, 268 F.R.D. 323, 326 (N.D. Ill. 2010). Here, the record shows that Broadview detains upwards of one hundred people simultaneously in a single hold room. The proposed class likely contains over a thousand individuals. Consequently, joinder is impractical.

### 2. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs argue that there are numerous factual questions common to all class members, including: (1) Whether defendants have a policy or practice of placing immigration detainees into overcrowded hold rooms at Broadview; (2) Whether defendants have a policy or practice of detaining immigrants at Broadview in hold rooms in excess of 12 hours; (3) Whether defendants have a policy or practice of depriving immigration detainees of sufficient nutritional food and potable water; (4) Whether defendants have a policy or practice of denying appropriate privacy to immigration detainees when using toilets; (5) Whether defendants have a

5

policy or practice of denying beds or adequate bedding to immigration detainees when holding them overnight; (6) Whether defendants have a policy or practice of denying immigration detainees adequate access to hygiene products and showers; (7) Whether defendants have a policy or practice of subjecting immigration detainees to unhygienic cells, including cells that are littered with trash, infested with insects, and splattered with blood and human fluids; (8) Whether defendants have a policy or practice of denying immigration detainees adequate access to medical or mental health care; (9) Whether defendants have a policy and practice of denying immigration detainees access to confidential legal telephone calls; (10) Whether defendants have a policy or practice of denying immigration detainees and access to confidential attorney-client visitation rooms; (11) Whether defendants have a policy or practice of using threats and coercion to procure signatures on immigration documents, including documents that waive rights and allow defendants to take people out of the country without process; and (12) Whether defendants have a policy and practice of procuring signatures on immigration documents that are written in a language that the signer does not understand and which have not been translated.

In addition, plaintiffs argues that the proposed class presents common legal questions: (1) Whether defendants' policy and practice of denying immigration detainees access to humane physical conditions—including adequate food, potable water, bedding, sanitation, and medication—violates the Fifth Amendment to the United States Constitution; (2) Whether defendants' policy and practice of denying immigration detainees at Broadview access to counsel violates the First and Fifth Amendments to the United States Constitution; (3) Whether defendants have acted knowingly, purposefully, or recklessly in imposing the conditions described above; and (4) Whether defendants' practice of threatening and/or coercing immigration detainees into signing immigration-related paperwork—especially paperwork that

has not been translated for people with limited English proficiency—runs afoul of the Fifth Amendment of the United States Constitution, 8 C.F.R. § 287.8(c)(2)(vii), and the Administrative Procedure Act. Plaintiffs contend that the answers to these factual and legal questions are capable of class wide resolution and will drive the resolution of the litigation.

Defendants argue that the proposed class fails to meet the commonality requirement and is overbroad. Defendants contend that because some detainees are at Broadview for a few hours and others for days, they do not suffer common injuries. Defendants argue that the class is overbroad because of that same durational variance. According to defendants, because the injuries that plaintiffs allege stem only from the consequences of longer-term detention at Broadview, the class will improperly include those who were detained only for relatively short periods of time.

The court finds that plaintiffs have satisfied Rule 23(a)(2) by a preponderance of the evidence. Commonality is a "low hurdle," Kohen v. Pac. Inv. Mgmt. Co. LLC, 244 F.R.D. 469, 476 (N.D. Ill. 2007), aff'd, 571 F.3d 672 (7th Cir. 2009), and "even a single common question will do" to satisfy the commonality requirement. Dukes, 564 U.S. at 359 (internal quotations omitted). Here, there are factual and legal questions that are common to all class members and can "generate common answers apt to drive the resolution of the litigation." Dukes, 564 U.S. at 350 (cleaned up). Some of the injuries that plaintiffs allege are common to all proposed class members. For example, the alleged total denial of access to counsel would injure all detainees at Broadview, not just those that were at Broadview for a relatively longer duration. Similarly, the alleged practice of agents pressuring detainees to sign legally binding documents, lack of access to medical care, and lack of access to appropriate toilet facilities would injure all detainees, not just long-term detainees. Consequently, the court finds that the class is not overboard, and the

commonality requirement is satisfied.

### 3. Typicality and Adequacy

Because the arguments on adequacy and typicality are intertwined, the court will address the issues together. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Plaintiffs argue that the named plaintiffs, Gonzales and Zamacona, have claims that are typical or representative of the claims and defenses of the class. Plaintiffs argue that because Gonzales and Zamacona were detained at Broadview they were subject to the same conditions as the other detainees at Broadview such as the deplorable conditions of confinement, the denial of access to counsel, and pressure to sign legal documents. On adequacy, plaintiffs argue that Gonzales and Zamacona have interests entirely aligned with all others who have suffered the conditions at Broadview. In addition, plaintiffs argue that their counsel is qualified to prosecute the case and protect the interests of the class.

Defendants respond that the named plaintiffs provide no basis for finding that any particular claims they may have bear the same "essential characteristics" as those of the class they purport to represent. According to defendants, plaintiffs do not specifically allege that they have experienced the same or similar adverse conditions at Broadview. Defendants contend that plaintiffs are inadequate for the same reason: they have not suffered the same injury as the class members.

The court finds that plaintiffs have satisfied Rule 23(a)(3) by a preponderance of the evidence. Gonzales and Zamacona suffered injuries that are typical of the proposed class.

Defendants' argument that the plaintiffs do not allege that they have experienced the same or similar adverse conditions at Broadview is contrary to the record before the court. Plaintiffs testified to suffering the same injuries as the proposed class: deplorable physical conditions, denial of access to counsel, and pressure to sign legal documents. Gonzales and Zamacona satisfy the typicality requirement because their claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." Lacy v. Cook Cnty., Illinois, 897 F.3d 847, 866 (7th Cir. 2018).

The court also finds that plaintiffs have satisfied Rule 23(a)(4) by a preponderance of the evidence. The Seventh Circuit has held that "[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims." Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). The Supreme Court has explained that the adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997). Here there is no evidence of a conflict of interest. Gonzales and Zamacona specifically testified to their knowledge that they are serving as class representatives, will not receive financial compensation, and that they intend to prosecute this case on behalf of all of the people subject to the conditions that they endured at Broadview. There is no internal conflict or antagonism here. The second part of the adequacy inquiry evaluates the adequacy of proposed class counsel. See Retired Chi. Police Ass'n v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993). The court is more than satisfied that plaintiffs' counsel possesses the resources and expertise to vigorously pursue relief for the class. Consequently, the proposed class satisfies the typicality and adequacy requirements.

9

**B. Rule 23(b)**

In addition to satisfying the four requirements of Rule 23(a) described above, a class action can be maintained only if it satisfies one of the requirements of Rule 23(b). Plaintiffs seek to certify this class under Rule 23(b)(2), which requires the court to find "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Plaintiffs argue that the unconstitutionally deficient conditions maintained at Broadview apply generally to each detainee held there. According to plaintiffs, the final injunctive and declaratory relief they seek is indivisible; it can apply only to all of the class members or to none of them.

Defendants do not directly contest plaintiffs' argument that the relief sought is indivisible. Instead, defendants argue that the relief that plaintiffs seek cannot be granted by this court because 8 U.S.C. § 1252(f)(1) prohibits the court from granting such relief. Section 1252(f)(1) states that:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV [of subchapter II of the INA], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

Defendants argue that § 1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions" of the INA. Garland v.

10

Aleman Gonzalez, 596 U.S. 543, 550 (2022).

The court finds that § 1252(f)(1) does not prohibit this court from providing the relief that plaintiffs seek because this case does not concern "the specified statutory provisions" that § 1252(f)(1) applies to. Aleman Gonzalez, 596 U.S. at 550; see also Texas v. United States Dep't of Homeland Sec., 123 F.4th 186, 211 (5th Cir. 2024) (holding that § 1252(f)(1) does not bar an injunction where plaintiff does not seek to enjoin the operation of any of the immigration provisions specified in § 1252(f)(1)). Defendants do not identify which statutory provision specified in § 1252(f)(1) plaintiff's requested relief would restrain. Unlike in Aleman Gomez, where the central claim was that "§ 1231(a)(6) requires the Government to provide bond hearings in cases like [plaintiff's]," this case does not concern the operation of a statutory provision specified in §1252(f)(1). Aleman Gomez, 596 U.S. at 546; see also id. (explaining that the lower courts "agreed with respondents' claims on the merits" and accordingly "entered class-wide injunctive relief").

Instead, this is a conditions case. See, e.g., Flores v. Bondi, No. cv-85-4544, 2025 WL 2633183, at *4 (C.D. Cal. Aug. 15, 2025) (explaining that the sections specified in § 1252(f)(1) "include the sources of DHS's authority to detain class members, not the conditions of detention or appropriate procedures once DHS has already invoked that authority" (internal quotations omitted)); Jimenez v. U.S. Immigr. & Customs Enf't, No. 23-cv-06353, 2024 WL 2306281, at *4 (N.D. Cal. May 20, 2024) (noting that the government's "reliance on Aleman-Gonzalez's interpretation of § 1252(f)(1) seems misplaced" in a conditions case seeking medical services for immigration detainees); Alcantara v. Archambeault, No. 20-cv-0756, 2023 WL 3589664, at *2-3 (S.D. Cal. May 22, 2023) (finding that Aleman Gomez applies to "[p]laintiffs' request for class-wide release from detention" but not applying Aleman Gomez to class claims "challenging the

11

conditions of confinement").

In any event, plaintiffs correctly argue that the proposed class also meets the requirements of Rule 23(b)(1)(a), which states that a class action can be maintained if "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Here, the party opposing the class, defendants, can in effect maintain only a single standard of conduct as to the conditions at Broadview. If hundreds of detainees filed individual suits, then there would be a high likelihood of varying adjudications regarding defendants' practices and policies. The result would be to saddle the defendant with the impossible task of complying with various incompatible standards for a single holding facility. Because of this practical reality, cases challenging the conditions of confinement are often certified as class actions under Rule 23(b)(1)(a). See generally Ashker v. Governor of State of California, No. C 09-5796 CW, 2014 WL 2465191, at *7 (N.D. Cal. June 2, 2014) (certifying class of prisoners challenging conditions of confinement under Rule 23(b)(1)(A) because "if each of the hundreds of proposed members…were forced to adjudicate his claims individually, there would be a significant risk of inconsistent judgments"). Consequently, the court finds that the proposed class satisfies Rule 23(b).

## **CONCLUSION**

For the above reasons, plaintiffs' motion for class certification is granted. (Doc. 5). The court certifies plaintiffs' proposed class pursuant to Rule 23(a) and Rule 23(b)(2) class to pursue all claims against defendants. The certified class is defined as follows:

All immigration detainees who are detained and those who will be detained in the future at the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois.

The court appoints Pablo Moreno Gonzalez and Agustin Zamacona as class representatives.  The MacArthur Justice Center, Roger Baldwin Foundation of ACLU, Inc., and Eimer Stahl LLP are appointed as co-class counsel.

ENTER:

**Robert W. Gettleman**
**United States District Judge**

DATE:   November 17, 2025

13