UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, FELIPE AUGUSTIN ZAMACONA, and a class of similarly situated people,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | No. 25 C 13323<br><br>Judge Gettleman<br>Magistrate Judge McNally |

## CONTESTED MOTION TO EXTEND DISCOVERY DEADLINE

Defendants, by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, hereby request that the court extend the time for the government to respond to written discovery to on or by November 21, 2025, pursuant to Fed. R. Civ. P. 34(b)(2)(A), and state the following in support:

1. This is a class action suit stemming from the conditions of confinement at the U.S. Immigration and Customs Enforcement processing facility located in Broadview, Illinois.

2. A temporary restraining order was entered on November 5, 2025. Dkt. 49.

3. A preliminary injunction hearing was originally set for November 19, 2025. Dkt. 49.

4. Plaintiffs filed a motion for expedited discovery, which was granted. Dkt. 45.

5. Plaintiffs served defendants with revised expedited discovery requests on or about November 6, 2025, requesting responses within 5 days. Dkt. 66-1.

6. Defendants served plaintiffs with expedited discovery requests on or about November 9, 2025, requesting responses within 5 days. Dkt. 66-2.

7. Neither party has responded to written discovery as of the time of the filing of this motion.

8. Defendants agreed to extend the TRO by 30 days to alleviate the pressure of expedited discovery and to allow for the opportunity to prepare proper responses. Dkt. 67.

9. The preliminary injunction hearing was reset to December 17, 2025. Dkt. 67.

10. On November 14, 2025, defense counsel proposed that the deadline for the parties' respective written discovery responses be extended to November 21, 2025, in light of the changed circumstances and by which time the parties anticipate that a confidentiality order will be entered. Defense counsel offered to produce any responsive tangible items in her possession to plaintiffs' counsel in the meantime as soon as a confidentiality order is entered.

11. On November 18, 2025, defense counsel again asked plaintiffs' counsel to extend the written discovery deadline to November 21, 2025, explaining that the Department of Homeland Security's input was needed for both responses and objections and that DHS requires an extension until November 21, 2025.

12. The same day, plaintiffs' counsel responded that the parties are at an impasse as to the deadline for written discovery responses.

13. Defendants request an order of the court extending the written discovery deadline for both parties to November 21, 2025, for good cause. The brief extension will allow defense counsel an opportunity to consult with her client and gather necessary information and tangible items.

14. Plaintiffs will not be prejudiced by this brief delay insofar as defendants agreed to extend the TRO by 30 days, and the preliminary injunction hearing is set for December 17, 2025.

WHEREFORE, the defendants request that the court enter an order allowing both parties until November 21, 2025, to respond to written discovery.

    Respectfully submitted,

    ANDREW S. BOUTROS
    United States Attorney

    By: s/ Jana L. Brady
        JANA L. BRADY
        Assistant United States Attorney
        327 South Church Street, Suite 3300
        Rockford, Illinois 61101
        (815) 987-4444
        jana.brady@usdoj.gov