UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 25 C 13323 |
| | ) Judge Gettleman |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, *et al.*, | ) Magistrate Judge McNally |
| Defendants. | ) |

**JOINT WRITTEN STATUS REPORT ON DISCOVERY**

The parties, by their undersigned attorneys, hereby submit the following joint status report pursuant to the court's directives on November 12, 2025, and order (Dkt. 85) to appraise the Court regarding discovery scope and timelines.

This is a class action suit concerning the conditions of confinement and access to counsel at the U.S. Immigration and Customs Enforcement facility located in Broadview, Illinois. Plaintiffs filed their Complaint, motion for a temporary restraining order, and motion for expedited discovery on October 30, 2025. Dkt. 1, 15, 17. A temporary restraining order was entered on November 5, 2025. Dkt. 49. A preliminary injunction hearing was originally set for November 19, 2025. Dkt. 49. On November 12, 2025, Defendants agreed to extend the TRO by 30 days. Dkt. 67. The preliminary injunction hearing was reset to December 17, 2025. *Id.*

1. **Protective Order**

The parties have not agreed on a protective order. The parties will be filing motions in support of their respective proposed orders on November 19, 2025, consistent with the Court's order. Dkt. 90. A status hearing is set for November 20, 2025. Dkt. 85.

*Plaintiffs' Position*

During the last status with the Court on Wednesday, November 12, the parties explained that they were attempting to resolve a disagreement over a provision the government had inserted into paragraph 5(a) of the Court's Form LR 26.2 Model Confidentiality Order. In Plaintiffs' view, this provision would have given the government authority to use confidential information disclosed to it in this case for purposes unrelated to this litigation, including potentially pursuing civil immigration enforcement proceedings or other investigations against Plaintiffs, class members, witnesses, or their families. The Court heard arguments on this issue from the parties and provided guidance to the parties on the record and directed them to resolve the dispute.

Following the Court's hearing, Defendants advised that the parties should prepare two separate protective orders, one for each side's productions, asserting that this approach would "alleviate [Plaintiffs'] concern about your production being used against your clients." Although Defendants' request for dual protective orders was highly unusual, Plaintiffs nonetheless agreed to proceed in that manner and accommodate Defendants' unarticulated institutional needs in order to facilitate expedited discovery. Over the following week, the parties exchanged multiple drafts and held a meet-and-confer. The matter appeared to be moving toward resolution. Then, at 10:20 p.m. last night, Defendants informed Plaintiffs that they would insist on precisely the same paragraph 5(a) language that was at issue during last week's hearing.

Unfortunately, after initially expressing a willingness to work toward resolving Plaintiffs' concerns about Defendants' proposed modifications to the model confidentiality order, Defendants have reversed course. Plaintiffs are frustrated that, after spending the past week attempting to meet Defendants' shifting demands, the parties find themselves exactly where they started: Defendants

2

insisting on an order that permits the use of confidential material outside this litigation to enforce criminal or civil law against the named plaintiffs, class members, witnesses, and others.

Plaintiffs are both frustrated and perplexed by this conduct. If Defendants were unwilling to modify their position, they should have said so last Wednesday, rather than allowing the parties to expend significant time and effort only to return to the original impasse. This is especially troubling given Defendants' refusal to produce any objections or responses to Plaintiffs' discovery requests until a protective order is entered. Plaintiffs will provide a fuller account of the parties' negotiations in their motion filed today. Plaintiffs respectfully submit, however, that Defendants' approach has wasted substantial time during an already compressed discovery schedule, to the prejudice of the Plaintiffs, given the rapidly approaching preliminary injunction hearing on December 17.

*Defendants' Position*

Defendants understand plaintiffs' frustration concerning the parties' inability to reach an agreed confidentiality order. The United States Attorney's Office, including its leadership, carefully considered plaintiffs' position and statements made during the last status hearing where the confidentiality order was addressed and ultimately concluded that it cannot agree to delete the following language from para. 5(a) of the confidentiality order: "However, subject to all existing limitations on disclosure of information by United States (such as but not limited to the Privacy Act, 5 U.S.C. § 552a, etc.), nothing in this Order restricts in any way the use or retention of disclosed information by the United States, its agencies, or agents to enforce federal law." This language has consistently been included in all of the confidentiality orders involving the USAO since the model order was entered — for good reason. Without the language, the court would *in fact* be granting plaintiffs use immunity, which is statutorily not within the court's jurisdiction to

3

do. This issue will be addressed further in defendants' brief so that the government can make a record.

2. **Plaintiffs' Discovery Requests**

Plaintiffs filed their requests for expedited discovery along with their Complaint on October 30, 2025. Dkt. 15-1. On November 6, after the Court granted Plaintiffs' motion for a temporary restraining order and motion for expedited discovery, Plaintiffs served Defendants with revised expedited discovery requests and requested a response within five days. The parties held a Rule 37 Conference on November 10 to attempt to resolve their discovery disputes and facilitate the exchange of discovery.

*Plaintiffs' Position*

Defendants have stated they will not provide responses to Plaintiffs' expedited discovery requests, including production of any records, until the protective order is finalized. On Friday, November 14, Defendants requested an extension to formally respond by Friday, November 21, expecting that there will be a protective order in place by then. Plaintiffs responded on November 14 and requested that Defendants serve their written responses as soon as the protective order is entered and then supplement as needed. Defendants agreed to begin producing documents in their possession once the protective order is finalized but stated that while they have draft responses prepared, they are incomplete and subject to change.

On Monday, November 17, Plaintiffs stated that they need to know Defendants' objections to understand if there is an issue to bring to the Court. On November 18, Defendants responded that they could not provide written responses without input from DHS, and that if Plaintiffs did not agree to an extension until Friday, they would file a motion to extend. Plaintiffs responded that the parties appear to be at an impasse and requested that Defendants at least provide their

objections so Plaintiffs can understand and address them prior to this week's status hearing. Defendants filed a contested motion to extend the discovery deadline. Dkt. 89.

As of this filing, Defendants have not served a formal response or produced any documents in response to Plaintiffs' November 6 request for expedited discovery.

Plaintiffs maintain their request that Defendants provide Plaintiffs' counsel with their objections before the status hearing on November 20 so that Plaintiffs have an opportunity to understand and address any issues and decide if they need to raise any matters with the Court. The revised expedited requests were served nearly two weeks ago; Defendants have not provided any justification for why they have not yet obtained input from their client. Moreover, as Defendants reported to Judge Gettleman in court, they already have draft responses prepared. Defendants should have already produced these responses, subject, of course, to their ability to amend or supplement under Rule 26(e).

As it stands, Plaintiffs are concerned that if Defendants do not raise issues or objections until Friday—after the hearing on Thursday—the parties may be unable to resolve them or raise them before this Court until after the Thanksgiving holiday, given the likelihood that counsel and the Court will have limited availability next week. This will further hinder Plaintiffs' ability to gather evidence, review discovery, and identify witnesses prior to the December 17, 2025, hearing. The absence of an entered protective order is no basis for delay. The remaining dispute relates to only one provision which does not bear on Defendants' responses or productions, but rather, concerns how Defendants may use information produced by *Plaintiffs*. Defendants can still produce responses and documents on an AEO basis (even if some productions are held back), before a protective order is in place.

*Defendants' Position*

Defendants' position is outlined in its pending motion to extend. Dkt. 89. In short, Defendants agreed to extend the TRO by 30 days to alleviate the pressure of expedited discovery and to allow for the opportunity to prepare proper responses. Dkt. 67. On November 14, 2025, defense counsel proposed that the deadline for the parties' respective written discovery responses be extended to November 21, 2025, in light of the changed circumstances and by which time the parties anticipate that a confidentiality order will be entered. Defense counsel offered to produce any responsive tangible items in her possession to plaintiffs' counsel in the meantime as soon as a confidentiality order is entered. On November 18, 2025, defense counsel again asked plaintiffs' counsel to extend the written discovery deadline to November 21, 2025, explaining that the Department of Homeland Security's input was needed for both responses and objections and that DHS requires an extension until November 21, 2025. The same day, plaintiffs' counsel responded that the parties are at an impasse as to the deadline for written discovery responses.

Defendants request an order of the court extending the written discovery deadline to November 21, 2025, for good cause. The brief extension will allow defense counsel an opportunity to consult with her client and gather necessary information and tangible items. As of the time of the filing of this joint status report, the USAO continues to receive tangible items and input from DHS both in terms of the content of the responses and objections. DHS advised the USAO at 1:50 p.m. on November 19, 2025, that it will need to review all of the records before any production is made to ensure that the items are appropriately designated and that any privileged records are excluded from the production. Plaintiffs will not be prejudiced by this brief delay insofar as defendants agreed to extend the TRO by 30 days, and the preliminary injunction hearing is set for December 17, 2025.

6

### A. Surveillance Video from Inside Broadview (Request No. 9)

Plaintiffs requested surveillance video from inside the Broadview facility for specific days in September and October 2025. Plaintiffs also requested that video continue to be produced on a weekly basis. Defendants have agreed to produce video footage from September 28, 2025, to October 19, 2025, and from October 31, 2025, to November 7, 2025. The parties agreed to confer after the initial production of this footage as to ongoing video production. Defendants requested that Plaintiffs provide two hard drives for copying certain video footage for production. Plaintiffs delivered those hard drives to Defendants on November 12. The video footage (estimated to be over 3,000 hours-worth of video footage) has now been copied to Plaintiffs' hard drive and will be able to be picked up from the USAO as soon as a confidentiality order is filed.

*Plaintiffs' Position*

Defendants have not meaningfully engaged in a dialogue with Plaintiffs' IT expert regarding the preservation of video footage and efforts to recover video footage from October 20 to October 30 that Defendants say has been lost. Plaintiffs identified an IT expert, Yaniv Schiff, and the parties held a call with him and the government's IT expert, Steven Ingwerson, on Tuesday, November 18. In advance of that call, on Monday, November 17, at the request of Defendants, Plaintiffs provided a detailed outline of topics they wanted to cover. On the call, the government's expert Mr. Ingwerson said he is based in Washington, D.C. and is not involved in operating or maintaining the video system at Broadview. He was unable to answer most of the questions in Plaintiffs' outline including critical questions about preservation efforts and the circumstances surrounding the claimed loss of the October 20 to October 30 video.

After the call with Mr. Ingwerson, Defendants said they would identify another person who could answer the questions that Mr. Ingwerson was unable to. On Wednesday, November 19, the

government said that a company called Five by Five Management, LLC of Carol Stream, Illinois "was on-site at Broadview pulling video footage for another lawsuit when the system crashed" and that Five by Five Management is "not under our control." Defendants suggested that Plaintiffs issue a subpoena to Five by Five Management to learn more about the loss of the video for October 20 to October 30. Defendants did not assert that they are making any further efforts to identify a knowledgeable IT expert within the government who can engage in a dialogue with Mr. Schiff to determine whether the recovery of the October 20 to October 30 video is possible.

Based on their response, Plaintiffs have serious concerns about (1) whether the Defendants are making any efforts to recover the footage from October 20 to October 30; and (2) whether the Defendants are preserving evidence as required, including video footage that may be at risk of being overwritten and non-video data such as system logs and other records about the operation of the system that may shed light on how the October 20 to October 30 data was lost. Plaintiffs believe the loss of the October 20 to October 30 video footage may warrant a spoliation sanction and they intend to investigate the lost footage through formal discovery since they have been unable to get any meaningful information from Defendants through an informal dialogue between the parties' IT experts.

Plaintiffs believe that Court intervention may be necessary to effectuate timely production of video and, if possible, a conferral between Plaintiffs' IT expert and a knowledgeable IT expert from the government before the weekend.

*Defendants' Position*

Steven "Todd" Ingwersen is the East Regional Security Manager for DHS. He has knowledge concerning the video surveillance system installed at Broadview. Mr. Ingwersen was identified as defendants' ESI liaison concerning video footage at the beginning of this case. A call

8

was scheduled for the parties' respective ESI liaisons to speak on November 18, 2025, at 10:30 a.m. Defense counsel asked plaintiffs' counsel what the call would concern. On Monday, November 17, 2025, at 2:59 p.m., plaintiffs' counsel provided an outline of broad topics that no single person would have knowledge about. During the call on November 18, 2025, Mr. Ingwersen provided information including the type of surveillance system that is installed at Broadview along with general information concerning storage and preservation. Mr. Ingwersen stated during the call that he does not have knowledge concerning why there is no video footage for the ten-day period but explained various reasons why it might not exist, including if the system crashed. Defense counsel learned on November 19, 2025, that Five by Five Management, LLC, was on-site at Broadview pulling video footage for another lawsuit when the system crashed. Five by Five Management, LLC, is not within defendants' control. Defense counsel does not object to plaintiffs' counsel deposing one of the vendor's employees. As stated above, defendants will turn over the available video footage as soon as a confidentiality order is entered.

### B. Emails from Attorneys Seeking Client Access (Request No. 3)

Plaintiffs requested emails sent by attorneys and legal representatives to Defendants at three specified email addresses requesting the location of, or a call or visit with, their clients. The parties conferred on search terms, and Defendants advised there were 1,447 potentially responsive emails. On November 18, Plaintiffs asked whether Defendants would be in a position to produce these emails once the protective order is in place. Plaintiffs proposed that in the interim, the emails could be produced on an attorneys-eyes-only basis. As of November 19, 2025, defense counsel has begun to receive some of the emails from DHS generated during the search query. According to Defendants, the emails in large part appear to be irrelevant to this case as they do not pertain to detainees at Broadview. DHS is reviewing the emails to identify any emails that are responsive to

9

the discovery requests. Defendants are optimistic that they can be produced on November 21, 2025, assuming a confidentiality order is entered by that time.

### C. Additional Discovery

Plaintiffs intend to seek additional discovery, including depositions, additional interrogatories and document requests (for instance, regarding the video issues described above) as well as targeted requests to admit and interrogatories based on Defendants' responses to their expedited discovery. Plaintiffs expect prompt responses and no further delay tactics.

### 3. **Defendants' Discovery Requests**

Defendants served Plaintiffs with expedited discovery requests on or about Sunday, November 9, requesting responses within 5 days. Dkt. 66-2. Plaintiffs served responses and production on Tuesday, November 18. Defense counsel will follow up with plaintiffs' counsel for a Rule 37 meeting concerning plaintiffs' objections and responses.

The parties have agreed that in lieu of depositions, Plaintiffs' fact witnesses will provide signed declarations describing their anticipated hearing testimony. Defense counsel has requested that, since the declarations are in lieu of depositions, the declarations should be produced when depositions begin and not along with plaintiffs' exhibits for the preliminary injunction hearing. Defendants will have the opportunity to depose Plaintiffs' expert witness pursuant to the Court's Order. *See* Dkt. 68.

Respectfully submitted,

*Counsel for Plaintiffs*

/s/ Samuel B. Cole
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel B. Cole
Jennifer L. Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
Fax: (312) 288-5225
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org

/s/ Nathan P. Eimer
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com

/s/ Danielle Berkowsky
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org

*Counsel for Defendants*

ANDREW S. BOUTROS
United States Attorney

By: s/ Jana L. Brady
 JANA L. BRADY
 PATRICK JOHNSON
 IFEANYI MOGBANA
 Assistant United States Attorneys
 327 S. Church St., Suite 3300
 Rockford, Illinois 61101
 jana.brady@usdoj.gov
 patrick.johnson@usdoj.gov
 ifeanyi.mogbana@usdoj.gov

Dated: November 19, 2025