UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 13323 |
| v. | ) | |
| | ) | Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department | ) | Magistrate Judge McNally |
| of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' PARTIALLY OPPOSED MOTION FOR PROTECTIVE ORDER**

Plaintiffs, by their undersigned attorneys, hereby move for entry of a confidentiality governing their production of materials to defendants, pursuant to Federal Rule of Civil Procedure 26(c). This motion is partially opposed. In support of this motion, Plaintiffs state as follows:

**Introduction**

Plaintiffs seek entry of two protective orders. The first, which governs Defendants' productions to Plaintiffs, is unopposed and is being submitted on consent in a separate motion. The second, which governs Plaintiffs' productions to Defendants and is the subject of this motion, is opposed in only one respect. *See* Exhibit A (redline comparing Plaintiffs' proposal to Defendants' proposal); Exhibit B (redline comparing Plaintiffs' proposal to the Court's Model Order). That dispute is precisely the same one that was presented to the Court in the parties' joint status report last week, Wednesday, November 12, 2025, ECF No. 66, and discussed at a status hearing that day, ECF No. 68.

In short, Defendants are seeking to insert a provision into the Court's Model Confidentiality Order that would allow them to use confidential discovery for any law enforcement

purpose they wish, even if it is completely unrelated to this case—including, for example, pursuing civil immigration enforcement investigations against Plaintiffs, class members, witnesses, and their families. That addition would render the protective order meaningless for the Plaintiff class and is wholly unjustified.

Defendants have known this provision is a non-starter for Plaintiffs since early last week. The parties discussed their disagreement in court last Wednesday. Defendants then led Plaintiffs to believe that the parties would be able to address Plaintiffs' concerns through negotiations. Yet despite Plaintiffs' determined efforts over the past week to resolve that dispute—exchanging multiple drafts, meeting-and-conferring, and corresponding by email—Defendants waited until noon today to inform Plaintiffs that the government remains categorically unwilling to depart from the disputed provision. Plaintiffs now file this motion to resolve that dispute.

On the merits, Defendants' position is meritless. Defendants appear to contend that this civil protective order would somehow inadvertently constitute a grant of criminal use immunity under 18 U.S.C. § 6003, *sub silentio*. Plaintiffs do not believe such a thing is even possible. But even if it were, Plaintiffs have proposed a modification to the Court's Model Confidentiality Order that fully addresses the government's concern: a simple statement that "This does not constitute an order pursuant to 18 U.S.C. § 6003." That addition protects whatever concern the government may have without allowing the government to render the confidentiality of civil discovery meaningless by reserving for itself the right to use such discovery for whatever unrelated law enforcement purpose it chooses.

## Background

The parties have been engaged in discussions regarding a protective order since Friday, November 7, 2025, when Defendants proposed an initial draft to Plaintiffs. That draft included

the same provision the parties dispute now. In particular, paragraph 5(a) of the Court's Model Order provides that:

> Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

Defendants sought—and still seek—a modification of the Model Order to allow Defendants to use protected information "to enforce federal law." Specifically, Defendants seek to include the following additional sentence to paragraph 5(a):

> However, subject to all existing limitations on disclosure of information by United States (such as but not limited to the Privacy Act, 5 U.S.C. § 552a, etc.), nothing in this Order restricts in any way the use or retention of disclosed information by the United States, its agencies, or agents to enforce federal law.

Plaintiffs responded to and rejected this proposed language on Tuesday, November 11, 2025. On November 12, 2025, the parties submitted a joint status report to the Court in which both sides presented their positions on this issue. ECF No. 66. The Court held a status hearing that day at which it heard argument on the matter. ECF No. 68. The Court provided the parties with guidance on the record and instructed the parties to continue to attempt to resolve the dispute. *Id.*

The very same day, Defendants wrote to Plaintiffs to propose that the parties should work to have two separate protective orders: "one that governs our production that includes our language and one that governs your production." Exhibit C, at 15 (email correspondence between the parties). Defendants assured Plaintiffs that "We believe this will alleviate your concern about your production being used against your clients." *Id*. The clear upshot, Plaintiffs believed, was that Defendants would not insist on the disputed language in a protective order governing Plaintiffs' production.

Plaintiffs subsequently proposed that the parties simply negotiate a single protective order that specified that Plaintiffs' productions would not be subject to the government's provision allowing the government to use confidential discovery for any law enforcement purpose unrelated to this case. Defendants said they would consider this approach, and so Plaintiffs provided a draft on Friday, November 14. *Id.* at 12-14. Later that day, Defendants informed Plaintiffs "that separate confidentiality orders is the way to go." *Id.* at 14. In response, Plaintiffs wrote to Defendants to confirm that the government was on board with Plaintiffs' general approach: *i.e.*, that Plaintiffs' discovery productions would not be subject to the government's proviso reserving the right to use confidential discovery "to enforce federal law." *Id.* at 10. Defendants' response gave no inkling that they disagreed. *Id.* at 9.

On Sunday, November 16, and Monday, November 17, the parties exchanged drafts of separate confidentiality orders to govern their respective productions. *Id.* at 7-8. Plaintiffs proposed a version of paragraph 5(a) that simply tracked the Court's Model Confidentiality Order. On Tuesday, November 18, at 2:00 p.m., the parties engaged in a meet and confer during which they specifically discussed this provision. During that conference, Plaintiffs reiterated that they could not agree to Defendants' proposed language, but that they were willing to consider a narrow provision clarifying that the protective order did not constitute a grant of use immunity in criminal cases pursuant to the use immunity statute, 18 U.S.C. § 6003. Defendants told Plaintiffs that they would confer with their supervisor and propose language to that effect. *Id.* at 5.

It was not until 10:19 p.m. yesterday evening, November 18, that Defendants notified Plaintiffs that they were once again proposing *precisely the same language* that had been the subject of the joint status report and court hearing almost a week earlier. *Id.* at 3-4. Plaintiffs responded just after midnight to express their surprise and frustration at this development. *Id.* at 2-

4

3. Plaintiffs also proposed a reasonable compromise: the Protective Order should simply specify that "This is not an Order under 18 USC § 6003." *Id.*

Plaintiffs did not receive a response to this proposal until after noon today—and even then, the response was indirect: Defendants simply circulated a draft joint status report to Plaintiffs that indicated the parties were at an impasse. *Id.* at 1-2. This was the first Plaintiffs learned that Defendants were categorically unwilling to depart from the disputed provision. Defendants have never explained why they waited a full week instead of simply informing Plaintiffs last Wednesday that the parties were at an impasse on this provision.

### The Court Should Adopt Plaintiffs' Proposed Protective Order to Govern Plaintiffs' Productions

The only dispute between the parties is paragraph 5(a) of the proposed protective order. As noted, Plaintiffs propose that the Court should adopt the Court's Model Confidentiality Order with a single, simple addition: "This is not an order under 18 U.S.C. § 6003." *See* Ex. A. That addition fully addresses Defendants' speculative concern that the protective order might otherwise somehow constitute an inadvertent grant of use immunity barring the use of confidential material in a hypothetical future criminal prosecution. In any case, as discussed presently, Defendants' concern about inadvertent grant of use immunity is entirely unfounded, for multiple reasons.

Defendants are simply incorrect that a civil discovery protective order would be contrary to 18 U.S.C. § 6003 or somehow usurp Defendants' authority to grant use immunity. The Court has the power and authority to enter a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, which has been promulgated by the Supreme Court pursuant to its grant of authority under 28 U.S.C. § 2072. A civil protective order is not and does not purport to be an

order issued under 18 U.S.C. § 6003. Our addition to the Model Confidentiality Order makes that even more clear (if there were ever any doubt).

While we have not seen Defendants' motion for a protective order, the cases that it cited previously in support of its position concern grants of use immunity for criminal prosecution under 18 U.S.C. § 6003. With Plaintiffs' proposed modification, that issue is simply off the table.

On the other hand, the proposed addition that Defendants seek to add to the Model Confidentiality Order would effectively nullify the confidentiality of Plaintiffs' discovery disclosures in this matter. Defendants' modification says that "nothing in this Order restricts in any way the use or retention of disclosed information by the United States, its agencies, or agents to enforce federal law." In other words, Defendants are reserving the right to use confidential discovery for any law enforcement purpose, including to enforce civil immigration laws or any other law.

Plaintiffs believe that this modification would allow Defendants to use protected, confidential information they obtain about members of the class through discovery for purposes of separate immigration or other enforcement activities, which is unacceptable to Plaintiffs. Given that Defendants are law enforcement agencies, this provision would effectively render the confidentiality protection meaningless: Defendant agencies could use the information as they see fit, for whatever purpose they wish.

Plaintiffs are particularly concerned that such an open-ended and unlimited use of protected information by the Defendant agencies will expose Plaintiffs' witnesses to immigration enforcement activities or retaliation. For example, members of the putative class have been targeted for arrest and detention despite having permission to work and live in the country. Many class members have family members who are—or who legitimately fear—being targeted.

Defendants' proposed addition to the protective order means, in effect, that DHS, ICE, and CBP reserve the right to take advantage of the tools of discovery afforded to them as Defendants in this conditions case to investigate and enforce immigration laws or other laws against Plaintiffs and class members (or anyone else) in separate proceedings unrelated to their defense of this action. Plaintiffs do not believe it is appropriate to grant Defendants a special exemption from the ordinary rules governing confidential discovery so that they can use discovery from this case against Plaintiffs and class members in other matters.

Defendants' proposed modification of the Model Confidentiality Order also threatens to deprive the Court and class counsel of important evidence. Even the specter of immigration or criminal enforcement against witnesses or their families will discourage potential witnesses from speaking with class counsel or providing evidence relevant to Plaintiffs' claims. Plaintiffs believe that such language will severely inhibit Plaintiffs' ability to gather and present evidence in support of their case and, as a result, it will inhibit the core fact-finding function of the Court. Plaintiffs should be able to provide some assurance to class members and others that confidential information they provide to class counsel will be subject to confidentiality protections if it is disclosed to the government.

Finally, to the extent that Defendants speculate that they may have good cause to use confidential information for some unrelated enforcement purpose in the future, Defendants can make that argument down the road in a motion to challenge the confidentiality designation of particular information—with an opportunity for class counsel to object and respond. There is no justification for Defendants to reserve a blanket right to use the confidential discovery it obtains about class members and others for whatever law enforcement purpose it chooses.

7

For the foregoing reasons, Plaintiffs respectfully ask the Court to enter Plaintiffs' Proposed Confidentiality Order Governing Discovery Production to Defendants.

### Attorney's Eyes Only Provision

Plaintiffs' proposed protective order contains an Attorney's Eyes Only provision. That provision is narrowly cabined to cover only document or information where disclosure "could endanger the life or physical safety of individual(s) or otherwise expose them or their families to potentially serious adverse consequences." In accordance with the Court's Individual Procedures, Plaintiffs submit that this provision is justified given the legitimate concerns, described above, that class members, witnesses, and their families have regarding the possibility that officers, agents or others associated with the Defendant agencies could misuse highly sensitive information disclosed in civil discovery. The material in question will not affect Defendants' counsel's ability to represent their clients in this matter, and any disagreements with respect to such designation are subject to review by the Court. Counsel for defendants has consented to this provision, just as counsel for plaintiffs have consented to a very similar, parallel Attorney's Eyes Only provision that is included in the protective order that will govern Defendants' productions to Plaintiffs.

Dated: November 19, 2025

Respectfully submitted,

/s/ Jonathan Manes
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org

/s/ Samuel B. Cole
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel B.Cole
Jennifer L. Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF
ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
Fax: (312) 288-5225
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org


/s/Nathan Eimer
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com