UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 25 C 13323 |
| | ) |
| KRISTI NOEM, Secretary of the U.S. | ) Judge Gettleman |
| Department of Homeland Security, *et al*., | ) Magistrate Judge McNally |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFFS' PROPOSED CONFIDENTIALITY ORDER
GOVERNING DISCOVERY PRODUCTION TO DEFENDANTS**

The Court having found good cause for this Confidentiality Order pursuant to Rule 26(c), it is hereby ORDERED:

~~The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:~~

1.      Scope.  All materials produced or adduced in the course of discovery by the plaintiffs and third parties (including members of the putative class), including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the plaintiffs that falls within one or more of the following categories: (a) information prohibited

from disclosure by statute or regulation; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personally identifiable information, which if released could engander the privacy or safety of an individual; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of any person. Information or documents that are available to the public may not be designated as Confidential Information.

3.       Designation.

(a)       Plaintiffs may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)       The designation of a document as Confidential Information is a

2

certification by an attorney that the document contains Confidential Information as defined in this order.

4.        Depositions.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given,  Within this time period, plaintiffs may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.       Protection of Confidential Material.

(a)       General Protections. Confidential Information shall not be used or disclosed by the defendants (including their officers, agents, employees or contractors), counsel for the defendants or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. ~~This is not an order under 18 U.S.C. § 6003.~~ However, subject to all existing limitations on disclosure of information by United States (such as but not limited to the Privacy Act, 5 U.S.C. § 552a, etc.), nothing in this Order restricts in any way the use or retention of disclosed information by the United States, its agencies, or agents in accordance with or to enforce federal law.

(b)       Limited Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or

entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

  (1)    Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

  (2)    Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

  (3)    The Court and its personnel;

  (4)    Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

  (5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

  (6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

  (7)    Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

  (8)    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

  (9)    Others by Consent. Other persons only by written consent of the plaintiffs or upon order of the Court and on such conditions as may be agreed or ordered.

  (c)     Control of Documents.  Counsel for the parties shall make reasonable

4

efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If plaintiffs designate a document as Confidential Information after it was initially produced, the defendants, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, plaintiffs may not withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless plaintiffs move for an order providing such special protection.

9. **Challenges to Designation as Confidential Information.** The designation of any

material or document as Confidential Information is subject to challenge by defendants. The following procedure shall apply to any such challenge.

(a)     Meet and Confer. If defendants challenge the designation of Confidential Information, they must do so in good faith and must begin the process by conferring directly with counsel for the plaintiffs. In conferring, defendants must explain the basis for their belief that the confidentiality designation was not proper and must give the plaintiffs an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. Plaintiffs must respond to the challenge within five (5) business days.

(b)     Judicial Intervention. If defendants elect to challenge a confidentiality designation, they may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the plaintiffs. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential

6

information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)     If any defendant (or any of its officers, agents, employees, or contractors) is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the that defendant must so notify the plaintiffs, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     That defendant also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, that defendant must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the plaintiffs in this case an opportunity to try to protect their Confidential Information in the court from which the subpoena or order issued. The plaintiffs shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a defendant in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the defendant has in its possession, custody or control Confidential Information by the plaintiffs or third parties (including putative class members) to

7

this case.

13.     Challenges by Members of the Public to Sealing Orders.  A defendant or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the plaintiffs asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the defendants, that they elect to destroy the documents and certify to the plaintiffs that they have done so.

(c)     Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation,

provided that its use does not disclose or use Confidential Information.

        (d)     Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18.     Attorneys' Eyes Only. If any document or information falls within the definition of Confidential Information and meets the additional requirement that allowing the defendants to view the document or information could endanger the life or physical safety of individual(s) or otherwise expose them or their families to potentially serious adverse consequences, such materials shall be labeled "ATTORNEYS' EYES ONLY."

        (a)     If defendants do not agree with the designation, they may object and plaintiffs shall promptly respond to the objection. If the parties are unable to reach an agreement,

defendants shall file a motion with the court. The material shall be treated as designated under this paragraph until the court resolves the dispute.

(b)     If a party wishes to file materials marked "ATTORNEYS' EYES ONLY," such party shall first give advance notice to all counsel of record so that counsel may seek to have the materials filed under seal. Material designated must retain the watermark, header or footer except the designation may be removed from any trial exhibit before the exhibit is tendered to a witness. Upon conclusion of the trial, all exhibits subject to this provision shall be returned to the defendants and preserved as modified under this provision for the record on appeal.

(c)     Any document or information designated "ATTORNEYS' EYES ONLY" shall be disclosed only to the following persons:

(1)     Counsel for the parties and employees of counsel who have responsibility for the action;

(2)     Consultants and experts assisting counsel or a party to this litigation to whom it is necessary to disclose Confidential Information designated as Attorneys' Eyes Only for the purpose of assisting in the preparation and trial of this lawsuit, provided that any such person has completed the certification contained in Attachment A before viewing and/or reviewing Confidential Information designated as Attorneys' Eyes Only and otherwise complies with this Order. All such certifications shall be retained by counsel for each party and will be subject to inspection for good cause shown by the other parties;

(3)     Witnesses at depositions. During their depositions, witnesses in this action to whom it is reasonably necessary to disclose Confidential Information designated as Attorneys' Eyes Only for the purpose of deposition may be shown such information provided that any such person has completed the certification contained in Attachment A before viewing and/or reviewing Confidential Information designated as Attorneys' Eyes Only and otherwise complies with this Order. An attorney who seeks to disclose Attorneys' Eyes Only materials to a witness at a deposition shall first give notice to counsel of record so that they may consider whether the parties agree that it is "reasonably necessary" to do so. Witnesses shall not retain a copy of documents containing Confidential Information. In connection with review of the transcript following deposition, witnesses may review a copy of all exhibits designated as Attorneys' Eyes Only and marked at their depositions under the personal supervision of counsel of record for the Plaintiffs or

Defendants in accordance with the terms of this Order. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Attorneys' Eyes Only pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(4)     The Court and its personnel;

(5)     Court reporters and recorders engaged for depositions;

(6)     The author or recipient of the document (not including the person who received the document in the course of litigation); and

(7)     Others by consent. Other persons only by written consent of the parties or upon order of the Court and on such conditions as may be agreed or ordered.

So Ordered.

_____
Judge

Dated: _____

11

**Attachment A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, FELIPE AUGUSTIN ZAMACONA, and a class of similarly situated people, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | )  No. 25 C 13323 |
| v. | ) |
| | )  Judge Gettleman |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, *et al.*, | ) ) |
| | ) |
| Defendants. | ) |

## ATTACHMENT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title/Employer: _____

Business Address: _____


Date: _____        Signature: _____