# EXHIBIT D

to Plaintiffs' Motion for a Confidentiality Protective Order Governing Plaintiffs' Productions to Defendants (ECF No. 94)

(Defendants' Expedited Discovery Requests to Plaintiffs)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 13323 |
| v. | ) | |
| | ) | Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department of Homeland Security, *et al.*, | ) | Magistrate Judge McNally |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S EXPEDITED DISCOVERY REQUESTS TO PLAINTIFFS**

Defendants, by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure, request that the plaintiffs answer the following interrogatories under oath, produce all documents and things responsive to the following requests, and produce witnesses to sit for depositions within five (5) days after the service thereof:

**Definitions**

1. Document(s) means any writing or recording as broadly defined in Federal Rule of Civil Procedure 34(a)(1) and includes without limitation: (a) all writings of whatever type, nature, or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video

recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

2. Communication(s) means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any persons, including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, social media posts, text messages, voice messages, voicemails, messages sent on phone applications including but not limited to Signal, Whatsapp, Telegram, faxes, notations, telegrams, advertisements, interviews, conferences, presentations, and all other Documents.

3. Relating to means discussing, describing, alluding to, analyzing, commenting on, concerning, constituting, referencing, evidencing, dealing with, regarding, responding to, setting forth, stating, or summarizing the referenced matter.

4. Relevant Time Period means September 8, 2025, through the Present.

5. Defendants means Defendants in the above-captioned action.

6. Plaintiffs means Plaintiffs and the putative class in the above-captioned action along with their agents, representatives, or anyone acting on their behalf.

7. You, Your, and Yours means Plaintiffs.

8. Complaint means the Complaint in the above-captioned action.

2

9. Broadview means the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois.

10. Detainee or Detainees means all individuals held in Broadview under the authority of Defendants.

**Instructions**

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 34(b)(2).

2. In construing these Requests, You should give effect to the Definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

3. Respond to each Request separately and fully unless it is objected to, in which event the specific reason for the objection must be stated.

4. In the event that any requested Document has been destroyed, lost, discarded or is otherwise missing or no longer in Your possession, custody, or control, identify the Document as completely as possible and specify the circumstances of the Document's disposal, including but not limited to the Document's disposal date, disposal manner, disposal reason, the person who authorized the disposal (if applicable), and the person who disposed of the Document or who has information about the nature of the disposal.

5. If there are no Documents responsive to any particular request, the response shall state so explicitly in writing.

6.	If any Documents responsive to a request are known by You to exist but are not in your possession, custody or control, identify those Document(s) and the Person who has possession, custody or control thereof.

7.	If You are not producing Documents in response to any of the Requests herein, Your response should make clear that You are not producing Documents in response to that Request and the basis for withholding the documents.

8.	If Your response to any Request is qualified in any particular manner, set forth the details of such qualification.

9.	In responding to these Requests furnish all information and produce all Documents in Your possession, custody, or control including not only information and Documents immediately available to Your counsel, but also Documents that are available to or in the possession, custody, or control of any third-party, such as an agent or business partner, that is reasonably available to You upon Your request.

10.	All Documents should be produced according to the terms of any stipulation between the parties or any court order regarding discovery of electronically stored information. If there is no stipulation or court order, all Documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

11.	If any Document responsive to these Requests is withheld under a claim of privilege, You must provide a privilege log according to the terms of any stipulation between the parties or any court order regarding privilege logs. If there is no stipulation or court order, You

must identify the basis for the privilege and provide sufficient information to assess the claim of privilege, including the following:

    a.    Date, author, addressees, persons carbon copied or blind carbon copied, including the relationship of those persons to You or the author of the Document;

    b.    Brief description sufficient to identify the type, subject matter, and purpose of the Document;

    c.    All persons to whom the Document's contents have been disclosed;

    d.    The party who is asserting the privilege.

12.    Wherever used herein: the singular shall include the plural and the plural shall include the singular; verb tenses shall be interpreted to include past, present, and future tenses; the word "all" includes the word "any" and vice versa; and the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any Documents which might otherwise be construed to be outside their scope.

13.    If You object to part of a Request and refuse to respond to that part, You must produce all Documents called for which are not subject to that objection. Similarly, wherever a Document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not produced. If You object to a Request's scope or time period, state Your objection and respond to the Request for the scope or time period You believe is appropriate.

14.    Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

15. You are to produce the original and each non-identical copy of all Documents requested herein that are in Your possession, custody or control.

**Interrogatories**

**Interrogatory No. l:** Identify any documents, photographs, videos, other recordings, or other tangible items that support the allegations and claims you are asserting in the Complaint and identify where the documents, photographs, videos, other recordings, or other tangible items are located.

**Interrogatory No. 2:** Identify each rule, regulation, statute, bylaw, protocol, policy, standard or writing of whatsoever nature by any professional group, association, credentialing body, accrediting authority, or governmental agency that you may use at any evidentiary hearing, including any hearing on Plaintiffs' request for a preliminary injunction, to establish the allegations and claims you are asserting in the Complaint.

**Interrogatory No. 3:** Identify the names, addresses, and titles of all witnesses, including expert witnesses, who will be called upon to testify in support of your claims at any evidentiary hearing including, any hearing on Plaintiffs' request for a preliminary injunction, indicating the nature and substance of the witnesses' expected testimony and opinions consistent with the requirements of Federal Rule of Civil Procedure 26(a)(1) and (2).

**Requests to Produce**

**Request No. 1:** Statements, whether written or recorded, made by Plaintiffs, Defendants, or witnesses concerning the allegations and claims asserted in the Complaint.

**Request No. 2:** Photographs, videos, recordings, diagrams, simulations, measurements, drawings, and diaries concerning the allegations and claims asserted in the Complaint.

**Request No. 3:** Reports and documents authored by Plaintiffs, Defendants, experts, and witnesses (including experts) concerning the allegations and claims asserted in the Complaint.

**Request No. 4:** Subpoenas issued in this suit including any documents and tangible items produced in response to any subpoenas issued in this suit.

**Request No. 5:** All correspondence and other communications (including e-mail, text messages, and social media communications) that You have had with any person other than your attorneys about the claims, injuries, and damages alleged in the Complaint.

**Request No. 6:** All diagrams, graphs, illustrations, photographs, videos, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid at any evidentiary hearing including any hearing on Plaintiffs' request for a preliminary injunction.

**Request No. 7:** Each document or tangible item that you contend is evidence, proof, or support of your claims alleged in the Complaint.

**Request No. 8:** If You will be calling any expert witnesses to testify at any evidentiary hearing in this matter, including any hearing on Plaintiffs' request for a preliminary injunction, any documents authored by the expert witness identifying his or her opinions concerning the Complaint and the facts supporting those opinions, any documents identifying the materials

reviewed by the expert, and any documents identifying the expert's qualifications to give opinions in this suit.

**Request No. 9:** Any rule, regulation, program statement, policy, protocol, or statute that You intend to use as authority in proving the allegations of the Complaint.

## Request for Depositions

Defendants request three-hour deposition(s) of any witnesses Plaintiffs will call to testify at any evidentiary hearing concerning Plaintiffs' request for a preliminary injunction.

    Respectfully submitted,

    ANDREW S. BOUTROS
    United States Attorney

    By: s/ Jana L. Brady
        JANA L. BRADY
        Assistant United States Attorney
        327 South Church Street, Suite 3300
        Rockford, Illinois 61101
        (815) 987-4444
        jana.brady@usdoj.gov