UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 25 C 13323 ) |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, *et al.*, | ) Judge Gettleman ) Magistrate Judge McNally ) ) |
| Defendants. | ) |

**OBJECTION TO THE PROPOSED CONFIDENTIALITY ORDER
GOVERNING PLAINTIFFS' DISCOVERY PRODUCTION TO DEFENDANTS**

Defendants, by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, object to paragraph 5(a) of the proposed confidentiality order governing plaintiffs' discovery production to defendants and request that the court accept defendants' additional language in paragraph 5(a), language that has been included in such orders routinely for over a decade. In support, defendants state as follows:

1. This is a class action suit concerning the conditions of confinement and access to counsel at the U.S. Immigration and Customs Enforcement facility located in Broadview, Illinois. Plaintiffs filed their Complaint, motion for a temporary restraining order, and motion for expedited discovery on October 30, 2025. Dkt. 1, 15, 17. A temporary restraining order was entered on November 5, 2025. Dkt. 49. A preliminary injunction hearing was originally set for November 19, 2025. Dkt. 49. On November 12, 2025, Defendants agreed to extend the TRO by 30 days Dkt. 67. The preliminary injunction hearing was reset to December 17, 2025. *Id*.

1

2. The parties have agreed on a proposed Privacy Act and confidentiality order governing defendants' production to plaintiffs. The parties will be filing a joint motion in support of that propose consistent with the Court's order. Dkt. 90.

3. The parties made progress in conferring regarding plaintiffs' proposed confidentiality order governing their production to defendants. Unfortunately, the parties were unable to agree on the language for paragraph 5(a) of the proposed order.

4. The parties' disagreement is over a provision defendants have routinely inserted into paragraph 5(a) of the court's Form LR 26.2 Model Confidentiality Order. Plaintiffs hypothesize that the provision would have given the government authority to use confidential information disclosed to it in this case for purposes unrelated to this litigation, including potentially pursuing civil immigration enforcement proceedings or other investigations against Plaintiffs, class members, witnesses, or their families.

5. As the court may recall, at the November 12, 2025, status hearing, the court heard arguments on this issue from the parties and provided guidance to the parties on the record and directed them to resolve the dispute.

6. However, the United States Attorney's Office, including its leadership, carefully considered plaintiffs' position and statements made during the last status hearing where the confidentiality order was addressed and ultimately concluded as an institutional litigant that it cannot agree to excise the following language from para. 5(a) of the confidentiality order: "However, subject to all existing limitations on disclosure of information by United States (such as but not limited to the Privacy Act, 5 U.S.C. § 552a, etc.), nothing in this Order restricts in any way the use or retention of disclosed information by the United States, its agencies, or agents to

enforce federal law." This language has consistently been included in all of the confidentiality orders involving the USAO since the model order was entered — for good reason.

5. The addition of the language in paragraph 5(a) is presented with good cause as we routinely include such language in protective orders to the effect that the use of documents disclosed *to the United States* in discovery is already comprehensively regulated by federal statutes such as the Privacy Act and the Right to Financial Privacy Act as well as by exemptions to the Freedom of Information Act. Retention and eventual destruction of documents by federal agencies, including the Department of Justice, is governed by federal statute and regulation of the National Archives and Records Administration (NARA). Any time *ad hoc* procedures (such as those included in the unedited form protective order) are introduced into an existing, comprehensive scheme, there is a risk that one will interfere with the other (in this case, either with how the documents can be used, how long they should be retained, or when they should be destroyed). Better to expect that a comprehensive approach will work best when special (and unnecessary) steps are not added to Congress's thoughtfully designed mix.

6. Another reason for the additional language in paragraph 5(a) is to avoid an inadvertent grant by the court of use immunity to a private party, something that courts are not permitted to do. Our recollection of the discussion when the LR 26.2 Model Confidentiality Order was first promulgated more than a decade ago was that it was designed to reduce many parties' anxiety about disclosing documents in one case only to have them used against the disclosing party in another case or being used to bring another case. That is a perfectly sensible approach to streamlining litigation between *private* parties, but that same approach is not appropriate when it comes to the United States. An order that tells a party that it can disclose evidence to the United States in one case and that the disclosures cannot be used against him in another case is granting

use immunity for the disclosure. But use immunity is a statutory creation, 18 U.S.C. § 6003, and "Congress has delegated the authority to grant use immunity solely to the executive branch of government," which "foreclose[s] the federal courts from taking more than a ministerial role in prosecutorial immunity decisions." *United States v. Taylor*, 728 F.2d 930, 934 (7th Cir. 1984). It is concededly rare in actual practice for a civil litigant to produce, for example, a criminally or civilly incriminating document. But the fact is that we don't know what is going to be produced before it is produced, and we cannot agree to an order in one case, much less in all cases routinely, that in effect grants a litigant against the government use immunity for the disclosure. It is for this additional reason that by including the proposed proviso in every case (that the use and retention of documents *by the United States* is governed by existing federal statutes), we avoid any inadvertent grant of use immunity by the court. This approach has been used by this office without controversy at least since the LR 26.2 Model Confidentiality Order was promulgated years and years ago.

7.     Plaintiffs have argued that they do not seek use immunity for their client's disclosures, but that is exactly the result if the United States cannot use what the plaintiffs turn over in this case in another case. Again, we would be surprised if this were ever an issue, but as institutional litigants, we strive to take as consistent position as possible in every case, including this one.

8.     It may be of comfort to the court that defendants' additional language in paragraph 5(a) was accepted by Judge Ellis in the confidentiality order she entered in another case involving some of the Defendants. *Chicago Headline Club, et al., v. Krisit Noem, Secretary U.S. Department of Homeland Security in her official capacity, et al.*, Case No. 25 C 12173, (N.D. Ill.), Dkt. 117, p. 8.

9. Inserting the requested language is certainly not unfair. Plaintiffs and defendants start from different positions, so the protective order ought to recognize the differences and not insist on rote similarity.

WHEREFORE, defendants requests that the court accept defendants' additional language in paragraph 5(a) of the proposed confidentiality order governing plaintiffs' discovery production to defendants.

    Respectfully submitted

    ANDREW S. BOUTROS
    United States Attorney

    By: s/ Ifeanyi C. Mogbana
       IFEANYI MOGBANA
       JANA L. BRADY
       PATRICK JOHNSON
       Assistant United States Attorneys
       327 S. Church St., Suite 3300
       Rockford, Illinois 61101
       jana.brady@usdoj.gov
       patrick.johnson@usdoj.gov
       ifeanyi.mogbana@usdoj.gov