UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 25 C 13323 |
| | ) | |
| KRISTI NOEM, Secretary of the U.S. | ) | Judge Gettleman |
| Department of Homeland Security, *et al.*, | ) | Magistrate Judge McNally |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**JOINT MOTION FOR ENTRY OF AN
AGREED PRIVACY ACT AND CONFIDENTIALITY ORDER
GOVERNING DEFENDANTS' DISCOVERY PRODUCTION TO PLAINTIFFS**

The parties by their undersigned counsel, pursuant to the Federal Rule of Civil Procedure 26(c) and the Privacy Act, 5 U.S.C. § 552a, jointly request that the court enter the Privacy Act and confidentiality order submitted with this motion and states as follows in support:

1.      This is a class action suit concerning the conditions of confinement and access to counsel at the U.S. Immigration and Customs Enforcement facility located in Broadview, Illinois. Plaintiffs filed their complaint, motion for a temporary restraining order, and motion for expedited discovery on October 30, 2025. Dkt. 1, 15, 17. A temporary restraining order was entered on November 5, 2025. Dkt. 49.

2.      The parties anticipate that, during discovery, Defendants may produce (a) Government records that might contain tactical and other information related to law enforcement activities or national security not made available to the general public that could be used to circumvent law enforcement efforts; (b) Sensitive information about the relevant agencies' internal

1

processes, procedures, staffing, priorities, resources, intelligence and/or methods, which is law enforcement sensitive and should not be released to the public; (c) Department of Homeland Security, Immigration and Customs Enforcement, U.S. Customs and Border Protection, or Department of Justice records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, et seq., under the exemption found at 5 U.S.C. § 552(b)(7)(E); and (d) Personally Identifiable Information relating or belonging to non-public facing federal officers, employees, and staff, including, but not limited to, names, addresses, e-mail addresses, and telephones numbers, which if released could endanger the privacy and safety of such officers, agents, employees, and staff.

3.      To permit such disclosures and discovery without running afoul of the Privacy Act, the United States requests that the court enter a confidentiality order and an order pursuant to 5 U.S.C. § 552a(b)(11), which permits disclosure of such records or testimony "pursuant to the order of a court of competent jurisdiction."

4.      The proposed Agreed Privacy Act and Confidentiality Order, based on the Model Form LR 26.2 provided on the court's website, is being submitted to the court's "Proposed Orders" mailbox, with changes to the Model Form LR 26.2 shown in the redline attached as Exhibit A.

5.      The proposed order includes necessary Privacy Act provisions that both allow for the disclosure of federal agency records and specifically protect the agency records that will be disclosed and produced in this case.  Further, the term "regulation" is inserted after "statute" in paragraph 2(a) to address the numerous regulations (in addition to statutes) that protect agency records.  *E.g.,* 28 C.F.R. § 16.26(b)(5) (prohibiting  disclosures that would reveal investigatory

records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.); 5 C.F.R. § 297.101, *et seq.* (concerning OPM records, and specifically prohibiting release of personnel records or personal information without the express written consent of the subject individual unless disclosure is— . . . (k) Pursuant to the order of a court of competent jurisdiction.")  Moreover, the deletion of the retention requirement for the original Acknowledgment and Agreement to Be Bound in paragraph 5(c) reflects the federal government's transition to electronic records management.

5.      Finally, the litigation of this matter may involve the production of information that would reveal confidential information about the security of the U.S. Immigration and Customs Enforcement facility located in Broadview, Illinois, such as security infrastructure not visible to detainees, or could endanger the life or physical safety of individual(s) or impede law enforcement operations.  Language has been added to the proposed Privacy Act and confidentiality order at paragraph 19 to allow for certain documents that present heightened security concerns to be designated as "Attorney's Eyes Only."  Furthermore, only through a mechanism that allows sensitive materials to be marked as "Attorney's Eyes Only", is the material effectively protected.

6.      The Order is designed to facilitate the discovery process and limit court involvement to only when necessary.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court enter the Agreed Privacy Act and Confidentiality Order submitted with this motion.

Respectfully submitted,

*Counsel for Plaintiffs*

/s/  Samuel B. Cole
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
Fax: (312) 288-5225
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org


/s/   Danielle Berkowsky
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone:  312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org


/s/   Nathan P. Eimer
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604

Phone:  312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com


*Counsel for Defendants*

ANDREW S. BOUTROS
United States Attorney

By: s/ Ifeanyi C. Mogbana
    IFEANYI MOGBANA
    JANA L. BRADY
    PATRICK JOHNSON
    Assistant United States Attorneys
    327 S. Church St., Suite 3300
    Rockford, Illinois 61101
    jana.brady@usdoj.gov
    patrick.johnson@usdoj.gov
    ifeanyi.mogbana@usdoj.gov