UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **COALITION FOR SPIRITUAL AND PUBLIC LEADERSHIP, FR. LARRY DOWLING, SR. JEREMY MIDURA, FR. DENNIS BERRY, FR. DAN HARTNETT, and MICHAEL N. OKIŃCZYC-CRUZ,**<br><br>Plaintiffs,<br><br>-against-<br><br>**KRISTI NOEM, TODD LYONS, MARCOS CHARLES, RUSSELL HOTT, RODNEY S. SCOTT, GREGORY BOVINO, PAMELA BONDI, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, and DONALD J. TRUMP**<br><br>Defendants. | Civil Action No. 1:25-cv-14168<br>Hon. Judge Matthew F. Kennelly<br><br><br>Related Action No. 1:25-cv-13323<br>Hon. Judge Robert Gettleman<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED

The Coalition for Spiritual and Public Leadership ("CSPL"), Michael N. Okińczyc-Cruz, Fr. Larry Dowling, Sr. Jeremy Midura, Fr. Dennis Berry, and Fr. Dan Hartnett ("Plaintiffs" or "CSPL Plaintiffs"), by their counsel, hereby respectfully move this Court to reassign the case *Coalition for Spiritual and Public Leadership, et al., v. Kristi Noem, et al.*, Case No. 1:25-cv-14168, currently pending in this District before Judge Matthew Kennelly, to the calendar of this Court as a related case under Local Rule 40.4. In support, Plaintiffs state as follows:

1. On November 17, 2025, the CSPL Plaintiffs filed the instant lawsuit. The gravamen of the suit is that the CSPL Plaintiffs and detainees housed in the Immigration and Customs Enforcement ("ICE") facility at Broadview, Illinois, are being denied their rights under the Free Exercise Clause of the First Amendment to the United States Constitution, Religious Freedom

Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb, *et seq*., and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*.

2. The CSPL Plaintiffs are filing this motion before Defendants are required to file any answer or responsive pleading, as Plaintiffs intend to present a motion for temporary and preliminary injunctive relief against Defendants for the denial of the free exercise of their religion under the First Amendment and certain statutes, as described above. The preliminary injunctive motion shall seek to bar Defendants from denying access to the CSPL Plaintiffs to the ICE facility at Broadview, similar in nature to access previously allowed for prayer and spiritual counselling, including pastoral spiritual care, but also including the distribution of Holy Communion to the detainees. Accordingly, Plaintiffs hereby respectfully move to reassign this action to the Hon. Robert W. Gettleman's calendar as related to *Gonzales, et al., v. Noem, et al.,* Case No. 1:25-cv-13323.

3. On October 31, 2025, in *Gonzalez et al. v. Noem, et al.,* a different group of individual plaintiffs filed a civil rights class action complaint for declaratory and injunctive relief. The *Gonzalez* action alleges, *inter alia*, violations of the First and Fifth Amendments to the U.S. Constitution, alleging objectively unreasonable conditions of confinement of detainees at the ICE facility in Broadview, and unreasonably restricting consultations with legal counsel at the facility.

4. The allegations in the CSPL action and the *Gonzalez* action both "involve some of the same issues of fact or law," and "grow out of the same transaction and occurrence" of the treatment of detainees housed in the ICE facility at Broadview. The nexus between the two actions lies in the treatment of detainees at the ICE facility. In the CSPL action, the CSPL Plaintiffs will show that Defendants are denying Plaintiffs' rights to exercise their faith and to have detainees ministered by religious clergy, sisters, and laypersons, as is their right under the First Amendment to freely exercise their faith. In the *Gonzalez* action, that different group of individual plaintiffs

have shown that Defendants are denying detainees the First Amendment right to have access to legal counsel and are failing to provide for detainees' health, safety, and well-being under the Fifth Amendment, resulting in inadequate conditions of confinement.

5. The health, safety, and well-being of detainees is a concern of CSPL Plaintiffs as they seek to provide pastoral care to detainees, which they have heretofore done at Broadview for at least ten years. Indeed, as the CSPL action's Declarations in support of their Motion for a Preliminary Injunction attest, the focus of pastoral care is the inherent well-being of the souls of the detainees, which are irreparably harmed by ICE's denial of access by Plaintiffs to provide said pastoral care.

6. Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. A later-filed case may be reassigned based on relatedness to the calendar of a judge before whom an earlier-numbered case is assigned if the two conditions are met. First, for such purposes, the two cases must be related within the meaning of Local Rule 40.4(a). A case is related under Local Rule 40.4(a) if one or more of the four enumerated conditions are met. Here, two conditions are satisfied in this instance, *i.e.*, as both actions "involve some of the same issues of fact or law," and "grow out of the same transaction and occurrence"

7. Second, each of the criteria for reassignment set forth in Local Rule 40.4(b) must be met: "(1) both cases are pending in the Court; (2) the handling of both cases by the same judge is likely to result in a substantial savings of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially: and (4) the cases are susceptible of disposition in a single proceeding." Here, each of those criteria is satisfied.

Accordingly, for the reasons stated herein, CSPL Plaintiffs respectfully request the *Coalition for Spiritual and Public Leadership, et al., v. Kristi Noem, et al.*, Case No. 1:25-cv-14168, be reassigned to the calendar of this Court pursuant to Local Rule 40.4.

Dated: November 24, 2025

Respectfully submitted,

/s/ *Thomas H. Geoghegan*
Attorney for Plaintiffs

DESPRES, SCHWARTZ,
& GEOGHEGAN, LTD.
Thomas H. Geoghegan
Will W. Bloom
77 West Washington Street, Suite 711
Chicago, Illinois 60602
Tel.: (312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom, Esq.
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel.: (312) 377-1181
pdahlstrom@pomlaw.com

**Attorneys for Plaintiffs**