UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **COALITION FOR SPIRITUAL AND PUBLIC LEADERSHIP, FR. LARRY DOWLING, SR. JEREMY MIDURA, FR. DENNIS BERRY, FR. DAN HARTNETT, and MICHAEL N. OKIŃCZYC-CRUZ,**<br><br>    Plaintiffs,<br><br> -against-<br><br>**KRISTI NOEM, TODD LYONS, MARCOS CHARLES, RUSSELL HOTT, RODNEY S. SCOTT, GREGORY BOVINO, PAMELA BONDI, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, and DONALD J. TRUMP**<br><br>    Defendants. | Civil Action No. 1:25-cv-14168<br>Hon. Judge Matthew F. Kennelly<br><br><br>Related Action No. 1:25-cv-13323<br>Hon. Judge Robert Gettleman<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED**

  The Coalition for Spiritual and Public Leadership ("CSPL"), Michael N. Okińczyc-Cruz, Fr. Larry Dowling, Sr. Jeremy Midura, Fr. Dennis Berry, and Fr. Dan Hartnett ("Plaintiffs" or "CSPL Plaintiffs"), by their counsel, respectfully submit this memorandum in support of their Local Rule 40.4 Motion to Reassign (the "Motion") the case *Coalition for Spiritual and Public Leadership, et al., v. Kristi Noem, et al.,* Case No. 1:25-cv-14168 (the "*CSPL* action"), currently pending in this District before Judge Kennelly, to the calendar of this Court as a related case under Local Rule 40.4.

## INTRODUCTION

On November 17, 2025, CSPL Plaintiffs filed the instant lawsuit. The gravamen of the suit is that the CSPL Plaintiffs and detainees housed in the Immigration and Customs Enforcement ("ICE") facility at Broadview, Illinois, are being denied their rights under the Free Exercise Clause of the First Amendment to the United States Constitution, Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb, *et seq.*, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*.

On October 31, 2025, a different group of individual plaintiffs filed a civil rights class action complaint for declaratory and injunctive relief, *Pablo Moreno Gonzalez, et al., v. Kristi Noem, et al.* Case No. 1:25-cv-13323. The *Gonzalez* action alleges, *inter alia*, violations of the First and Fifth Amendments to the U.S. Constitution, alleging objectively unreasonable conditions of confinement of detainees at the ICE facility in Broadview, and unreasonably restricting consultations with legal counsel at the facility.

Reassignment of the *CSPL* action to this Court's calendar pursuant to Local Rule 40.4 is appropriate. The *CSPL* and *Gonzalez* actions are related, as that term is defined in Local Rule 40.4(a), and all four of the criteria for reassignment listed in Local Rule 40.4(b) are satisfied. Most importantly, reassignment will save judicial resources.

## ARGUMENT

### I. The Requirements of Local Rule 40.4 Are Satisfied
#### A. Rule 40.4(a)

Two of the conditions for reassignment under Local Rule 40.4(a) are easily satisfied. Among the enumerated conditions under Rule 40.4(a) are "(2) that the case involves some of the same issues of fact or law," and "(3) the cases grow out of the same transaction and occurrence." Both cases challenge the conditions under which detainees are housed in the ICE facility and allege

2

violations of constitutional rights related to the denial of fundamental rights: free expression of faith and access to legal counsel. Moreover, they each address the denial of care to provide for their well-being: in *CSPL*, the denial of spiritual well-being, and, in *Gonzalez*, of material well-being. Thus, the nexus between the two actions lies in the treatment of detainees at the ICE facility. In the *CSPL* action, Plaintiffs will show that Defendants are denying them the right to exercise their faith and to have detainees ministered to by religious clergy, sisters, and laypersons, as is their right under the First Amendment to freely exercise their faith. In the *Gonzalez* action, the individual plaintiffs have shown that Defendants are denying detainees the First Amendment right to access to counsel and are failing to provide for detainees' health, safety, and well-being under the Fifth Amendment, resulting in inadequate conditions of confinement.

The fact that *Gonzalez* raises a Fifth Amendment challenge that is not explicitly raised in CSPL, and that CSPL raises RFRA and RLUIP challenges, does not mean that they are not related under Local Rule 40.4(a)(2). "[T]he rule does not require complete identity of issues in order for cases to be considered related." *Murry v. America's Mortgage Banc, Inc.,* No. 03-cv-5811, 2004 WL 407010 (N.D. Ill. Mar 1, 2004). Indeed, "two cases need not be absolutely identical to be suitable for reassignment under Rule 40.4." *BP Corp. N. Am., Inc. v. Northern Trust Investments, N.A.,* No. 08-cv-6029, 2009 WL 1684531 (N.D. Ill. 2009). Therefore, although CSPL challenges various constitutional rights, the crux of each case is the same: challenges to denial of fundamental constitutional rights under the First Amendment at the Broadview facility. Moreover, pursuant Local Rule 40.4(a)(3), they each arise out of the same transactions and occurrences of the lack of care and inhumane conditions within the ICE facility.

The health, safety, and well-being of detainees are a concern to the CSPL Plaintiffs, who seek to provide pastoral care to detainees, as they have heretofore done at Broadview for at least

3

10 years. Indeed, as the *CSPL* action's Declarations in support of their Motion for a Preliminary Injunction attest, the focus of pastoral care is the inherent well-being of the souls of the detainees, which are irreparably harmed by ICE's denial of access to CSPL Plaintiffs to provide said religious and spiritual pastoral care. Thus, the actions arise out of the same conditions, transactions, and occurrences.

### B. Rule 40.4(b)

Local Rule 40.4(b) requires that each of the criteria of the following be met: "(1) both cases are pending in the Court; (2) the handling of both cases by the same judge is likely to result in a substantial savings of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially: and (4) the cases are susceptible of disposition in a single proceeding." Here, each of those criteria is satisfied.

It is a plain fact that each case is pending in the Northern District of Illinois, Eastern Division. Next, the handling of both cases is likely to result in substantial savings in judicial time and effort, especially since the case has not progressed to the point that reassignment would delay the *Gonzalez* action. The *Gonzalez* action was filed less than three weeks ago, and while there have been hearings on the facility's habitability and services (or lack thereof), courts have found no prejudice to an earlier-filed case in which discovery had already begun. *See Murry,* 2004 WL 407010, at *3 (no prejudice where discovery had just begun); *Fairbanks Capital Corp. v. Jenkins*, No. 02-cv-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (finding Rule 40.4(b)(3) met where court ruled on a motion to dismiss a counterclaim and discovery had just begun).

The commonality of issues regarding the treatment of detainees, the denial of fundamental constitutional rights, and providing for detainees' well-being supports a resolution in a single proceeding. As noted supra, the distinction between the two cases is that *CSPL* addresses spiritual

4

well-being and *Gonzalez* addresses material well-being. A single resolution on the requirements to provide for detainees' well-being, including the right to have religious ministers provide pastoral care, can be rendered in a single proceeding.

### C. Locale Rule 40.4(c)

Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. A later-filed case may be reassigned based on relatedness to the calendar of a judge before whom an earlier-numbered case is assigned if the two conditions are met. First, the two cases must be related within the meaning of Local Rule 40.4(a). As noted above, here, two conditions are satisfied. *i.e.*, both actions "involve some of the same issues of fact or law," and "grow out of the same transaction and occurrence." Second, the motion must show the extent to which the conditions of Local Rule 40.4(b) are met. As shown above, the cases pending in this District will afford substantial time savings, as they are relatively new and share a common nexus, making them susceptible to disposition in a single proceeding.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that *Coalition for Spiritual and Public Leadership, et al., v. Kristi Noem, et al.*, Case No. 1:25-cv-14168 be promptly reassigned to the calendar of this Court pursuant to Local Rule 40.4.

Dated: November 21, 2025

Respectfully submitted,

/s/ *Thomas H. Geoghegan*
Attorney for Plaintiffs

DESPRES, SCHWARTZ,
& GEOGHEGAN, LTD.
Thomas H. Geoghegan
Will W. Bloom
77 West Washington Street, Suite 711
Chicago, Illinois 60602

5

Tel.: (312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom, Esq.
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel.: (312) 377-1181
pdahlstrom@pomlaw.com

**Attorneys for Plaintiffs**