UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 25 C 13323 |
| v. ) | |
| ) | Judge Gettleman |
| KRISTI NOEM, Secretary, U.S. Department ) | Magistrate Judge McNally |
| of Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINT WRITTEN STATUS REPORT ON DISCOVERY

The parties, by their undersigned attorneys, hereby submit the following joint status report pursuant to the Court's directives on November 21, 2025, and order (Dkt. 102) to apprise the Court regarding discovery scope and timelines.

The parties are close to agreement on a deposition schedule, as reflected below. The scheduling of third-party depositions is currently tentative, pending efforts to discuss with their counsel.

| **Deposition** | **Date** | **Time** | **Status** |
|---|---|---|---|
| **Plaintiffs' Deposition of Ryan Theodore** Detention and Deportation Officer, U.S. Immigration and Customs Enforcement | December 2, 2025 | 10:00 am CST | Confirmed |
| **Plaintiffs' Deposition of Third Party Five by Five Management, LLC** | December 5, 2025 | 9:00 am CST | Tentative |
| **Plaintiffs' Deposition of Thomas Koval** Deportation Officer, U.S. Immigration and Customs Enforcement | December 5, 2025 | 1:00 pm CST | Confirmed |
| **Plaintiffs' Deposition of Samuel Olson [Named Defendant]** Former Interim Chicago Field Office Director, U.S. Immigration and Customs Enforcement | December 8, 2025 | 10:00 am CST | Confirmed |

1

| **Deposition** | **Date** | **Time** | **Status** |
|---|---|---|---|
| **Plaintiffs' Deposition of Ray Hernandez** Assistant Field Office Director, U.S. Immigration and Customs Enforcement | December 9, 2025 | 10:00 am CST | Confirmed |
| **Plaintiffs' Deposition of Shawn Byers** Deputy Field Office Director, U.S. Immigration and Customs Enforcement | December 10, 2025 | 9:00 am CST | Confirmed |
| **Plaintiffs' Deposition of Third Party ASI Security** | Date TBD | Time TBD | Tentative |

On November 24, Plaintiffs noticed a Rule 30(b)(6) deposition for December 9. Defendants have not yet identified their 30(b)(6) witness(es). The parties will come to agreement on a schedule for that deponent once the Government identifies them.

*Plaintiffs' Position*

After numerous meet-and-confer conferences between the parties, including two lasting more than an hour each on November 21 and November 25, the parties have reached an impasse on certain discovery issues, which will be presented to the Court in a motion to compel and a motion for extension of the opening expert report deadline later today or early tomorrow. In short, after significant delays, Defendants have provided deficient responses to Plaintiffs' revised First Set of Expedited Discovery Requests. Among other problems, Defendants have produced very little material that post-dates entry of the TRO, hampering Plaintiffs' ability to take depositions, impeding their expert's ability to complete a report by December 3, and potentially depriving the Court of relevant evidence for the preliminary injunction hearing. Defendants have also now objected in full to Plaintiffs' Second and Third Sets of Expedited Discovery Requests, which were served on November 21, despite the fact that Plaintiffs consented to Defendants' producing responsive materials on December 2. Plaintiffs are available at the Court's convenience to discuss these issues and/or argue their motions.

Plaintiffs have noticed some depositions that are still unscheduled, including a Rule 30(b)(6) deposition and two third-party depositions. At present, Defendants have not served objections to the 30(b)(6) topics or definitively identified a witness.[1] The third parties are government contractors charged with operating and/or trying to recover footage from the Broadview surveillance system. They were subpoenaed based on directions from Defendants.

Plaintiffs have requested that Defendants allow Plaintiffs' counsel to meet with their class member clients while they are detained at the Broadview facility, but Defendants have not facilitated access, other than the one day that the parties inspected Broadview. Defendants now insist that providing Plaintiffs with class members' A-Numbers is sufficient to "facilitate [P]laintiffs' ability to contact their clients and investigate their claims." Not so. To start, Defendants have not produced daily cell logs—*i.e.*, the list of class members—since November 21. Further, attempting to communicate with individuals scattered across the country is proving tremendously difficult. Short video calls days or weeks after clients have left Broadview, if the facilities even permit them, are no substitute for direct client contact. Depriving counsel access to class members while they are at Broadview and forcing counsel to wait until clients have been sent elsewhere, including outside of the United States, is contrary to the TRO's directive to ensure detainees' access to counsel. Defendants' intransigence continues to severely hamper Plaintiffs' counsel's ability to investigate the Defendants' compliance with the TRO.

---

[1] Defendants' complaint that Plaintiffs' 30(b)(6) topics are duplicative of Plaintiffs' written discovery requests is without merit. First, Defendants have objected wholesale to responding to Plaintiffs' interrogatories (found in Plaintiffs' Second and Third requests). Likewise, to the extent Defendants' document productions have been deficient, questioning a witness about those topics cannot be duplicative. And, in any event, there is nothing improper about expecting a 30(b)(6) deponent to be prepared to discuss discovery produced by Defendants.

*Defendants' Position*

Defendants have already produced more than 2,115 pages of documents contained in 375 electronic files in response to Plaintiffs' Revised Expedited Discovery Requests and intends to produce more as soon as tomorrow. However, plaintiffs continue to seek overly broad and unduly burdensome discovery during this expedited discovery period. After business hours on Friday, November 21, 2025, plaintiffs served defendants with a Second Expedited Discovery Requests and a Third Expedited Discovery Requests. Plaintiffs gave defendants five days to respond to both requests. Considering the fifth day fell on the Wednesday before Thanksgiving, compliance was impossible. Furthermore, both requests seek information beyond what plaintiffs sought in their motion for expedited discovery and Judge Gettleman allowed in his discovery order as necessary for the preliminary injunction hearing. Plaintiffs also served a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). The notice has 11 listed topics excluding subparts. Some of the topics are duplicates of requests for production or interrogatories plaintiffs have served on defendants. Others are beyond the scope of what is necessary for the preliminary injunction hearing. In sum, the volume of plaintiffs' additional discovery requests, including the topics identified in their Rule 30(b)(6) notice impose a burden disproportionate to plaintiffs' needs at this expedited discovery stage of litigation. Simply put, compliance is impossible before the preliminary injunction hearing date.

Defendants raised these issues during the parties' numerous, yet amiable, meet and confer sessions. However, defendants were unable to obtain agreement from the plaintiffs to narrow their inquiry to the requests in their motion for expedited discovery and Judge Gettleman's discovery order as necessary for the preliminary injunction hearing. As a result, defendants have no other option but to seek judicial intervention. Defendants intend to file a motion, as soon as practicable,

4

for a protective order regarding plaintiffs' additional discovery requests including some topics in their Rule 30(b)(6) notice. Defendants will make themselves available at the Court's convenience to discuss these issues and/or argue their motion. Plaintiffs have indicated they would seek to extend their opening expert report deadline. Defendants cannot agree to an extension because they will be unduly prejudiced by an extension. Currently, defendants have a short period to review and depose the expert. An extension will further limit time available to depose that expert and prepare for the preliminary injunction hearing. Regarding access to class member clients, defendants have supplied plaintiffs with records containing alien numbers of their class member clients. That unique identifier should facilitate plaintiffs' ability to contact their clients and investigate their claims.

Dated: December 1, 2025

Respectfully submitted,

*Counsel for Plaintiffs*

*/s/ Alexa Van Brunt*
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org


*/s/ Kevin M. Fee*
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org

*/s/ Nathan P. Eimer*
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
Alec Solotorovsky
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com
asolotorovsky@eimerstahl.com


*Counsel for Defendants*

ANDREW S. BOUTROS
United States Attorney

By: */s/ Ifeanyi C. Mogbana*
JANA L. BRADY
PATRICK JOHNSON
IFEANYI MOGBANA
Assistant United States Attorneys
327 S. Church St., Suite 3300
Rockford, Illinois 61101
jana.brady@usdoj.gov
patrick.johnson@usdoj.gov
ifeanyi.mogbana@usdoj.gov