# Exhibit B

**From:** Danielle Berkowsky
**To:** Brady, Jana (USAILN); Johnson, Patrick (USAILN); Walsh, Thomas (USAILN)
**Cc:** broadview
**Subject:** Moreno Gonzalez Conferral
**Date:** Wednesday, November 12, 2025 9:01:47 PM
**Attachments:** image001.png

**WARNING: External Email**

Counsel,

In an effort to keep track of the expedited discovery, we thought it would be helpful to provide a list of open items from our meet-and-confer on Monday. Please let me know if I missed anything or if anything is incorrect.

Plaintiffs' discovery requests:

1. Policies (Request 1):
    a. We asked you to check for any informal policies, procedures, directives, and guidance concerning the topics in the request. We suggested that this may be provided in "roll call" or during officer briefing.
    b. We also noted that the request now includes any guidance provided on how to comply with the TRO (including, e.g., guard shack procedures for attorney phone calls), and you agreed to look for that.

2. Call logs (Request 2): We clarified that we do want call logs and you agreed to produce those

3. Visitor logs (Request 3): You have indicated that there are no visitor logs, but that there were a small number of visits (one attorney, various contractors). Please let us know if there is any record of these visits. If there are no logs or similar records recording such visits, we'll need a formal response to that effect.

4. Emails (Request 3):
    a. We feel that the number of hits (1447) is not particularly large and could likely be streamlined by sampling to identify and cull plainly irrelevant/redundant emails. The Court seemed to have a similar response today.
    b. We agreed that our ESI liaisons could discuss this with one another, but we believe the review process should start in the meantime.
    c. We'd like to schedule a meeting with your ESI liaison, Jayne Flanner, at her earliest convenience; please let us know her availability and we'll find a time that works.
    d. We'd like to know whether you use Relativity or some other e-discovery software. You stated you would find out.

5. Detention logs & data (Request 4-5):

   a. We asked you to confirm whether the electronic detention logs you've identified are the ones referenced in the ICE Hold Room Policy, Directive 11087.2, para 5.8 (available at ECF No. 2-2).
   b. We asked you to determine whether the daily detention logs are a daily snapshot of the entire Broadview census or, instead, if they only reflect people who were logged in/out of the facility on that day.
   c. We also asked you for a "key", "legend," "data dictionary," or similar document that explains where the data in each field of the detention logs comes from and what it means.
   d. We asked you to agree to produce the detention logs on a weekly basis.
   e. You reviewed and explained that the detention logs appear not to include certain data fields--e.g., the date/time a person was processed, case status, age--even though those fields were included in the ICE statistical spreadsheets that were previously compiled. You said you are going to look into the discrepancy.

6. Holding Facility Inspection Logs (Request 4): We asked you to look into whether these logs exist and can be produced. These logs are referenced in the ICE Hold Room Policy, Directive 11087.2, para 5.8 (ECF No. 2-2)

7. Receipts, purchase orders, contracts, etc. (Request 6):
   a. You are working on obtaining the management contract for janitorial services and will produce once you do.
   b. You are following up on receipts/purchase orders for hygiene products (soap, shampoo, toothpaste, toothbrushes, wipes, towels, menstrual products), cleaning supplies (soap, mops, etc.), blankets, mats, and bedding materials, as listed in Plaintiffs' Request 6(a).

8. Records regarding numbers of detainees (Requests 6(d)-(f)):
   a. The only source of information you were aware of regarding the number of people detained, length of detention, etc. are the electronic detention logs referenced above. We asked you to find out if there are any other methods, systems, logs, etc. that have been used locally at Broadview in order to keep track of who is in the facility, which hold room people are assigned to, and any other information about their presence/stay at Broadview.

9. Immigration/voluntary departure paperwork (Request 7)
   a. You've indicated we'll be getting blank forms that are provided to or reviewed with detainees, as well as documentation and a sign regarding a "self-deportation" incentive.
   b. You indicated you're still looking into how you can identify individuals and produce

signed voluntary departure paperwork.

10. Incident reports (Request 8)
    a. Your response indicated that you would produce "significant" incident reports. We asked what "significant" meant and you indicated you would find out. We emphasized that we are seeking all incidents responsive to the request

11. Video footage from Broadview cameras (Request 9)
    a. Plaintiffs dropped off two 20TB hard drives for video footage, as requested. It's our understanding that this will include footage from 9/28-10/19 and 10/31-11/7, although it's not clear to us whether we are receiving the entire period or selected dates.
    b. Regarding the lost ESI footage, we will email you availability of our video/IT specialist to arrange with your video ESI liaison Steven (Todd) Ingwersen. We discussed that we may need to depose the contractor responsible for the lost/corrupt footage.
    c. The parties may have a disagreement about whether the videos should be subject to blanket AEO designation off the bat. We have provided a revised protective order. We would agree to treat the videos as confidential information in order to facilitate quick disclosure.
    d. We discussed the possibility of sampling dates/times of video going forward. We will revisit this, probably after we have existing footage.

12. Video footage from camera crews (Request 10)
    a. Your client is still trying to locate this.

13. Floor plans (Request 11)
    a. You agreed to provide a version with more detail (e.g. Measurements), potentially on an AEO basis or redacted.

14. Plaintiff A Files and intake documents (Request 12)
    a. You agreed to provide us the A Files.
    b. You provided us with Mr. Agustin Zamacona's A#. We are still waiting to receive Mr. Moreno Gonzalez's A#.

15. Broadview staff (Request 13)
    a. You indicated there is no standard daily roster that reflects everyone actually present.
    b. You asked the Defendants to provide you with what they have, and you will provide it to us with explanations as to accuracy.

16. Depositions
    a. You will let us know soon who will be requesting a remote deposition.

<u>Defendants' discovery requests:</u>

We explained that we do not object to discovery in principle but that the requests are more akin to merits discovery and too broad for expedited discovery. You explained that at this stage you are simply requesting anything that we intend to use at a PI hearing. We agreed. We also agreed exchange witness and exhibit lists in advance of discovery. Judge Gettleman raised this matter this morning. We will comply with the Court's deadlines. We expect there will be supplemental disclosures after those deadlines and so we will make any supplemental disclosures in a timely manner. You agreed to accept signed declarations that preview what fact witnesses will say at the evidentiary hearing. We will engage in expert discovery and conduct depositions per the Court's timeline.

Please confirm whether you expect a formal response to these discovery requests in light of this conversation and agreement. If so, please let us know if you are okay with serving our response on Monday.

Thanks,

**Danielle Berkowsky*** (she/her/hers)
**Roderick and Solange MacArthur Justice Center**
160 E. Grand Ave. 6th Floor
Chicago, Illinois 60611
Office: (312) 503-0899
danielle.berkowsky@macarthurjustice.org

*Admitted to practice in Illinois.

