# Exhibit C

| | |
|---|---|
| **From:** | Brady, Jana (USAILN) |
| **To:** | Danielle Berkowsky |
| **Cc:** | broadview; Johnson, Patrick (USAILN); Mogbana, Ifeanyi (USAILN); Walsh, Thomas (USAILN) |
| **Subject:** | RE: Moreno Gonzalez Conferral |
| **Date:** | Sunday, November 16, 2025 3:33:31 AM |
| **Attachments:** | image001.png |

**WARNING: External Email**

Good morning, Danielle. Throughout our Rule 37 communications, you and your team have asked me for a lot of "clarifying information," i.e., who prepares the detainee logs, what happened to the 10 days of video footage, etc. None of those questions are proper under Rule 34 because they ask for information, not tangible items. I do not have personal knowledge sufficient to answer your questions. Even if I ask my client, I do not want to be the messenger who gets the message wrong. Please either put your requests for information in interrogatory form or reserve them for depositions. Thank you.

**From:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>
**Sent:** Friday, November 14, 2025 5:47 PM
**To:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Cc:** broadview <broadview@aclu-il.org>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Walsh, Thomas (USAILN) <Thomas.Walsh2@usdoj.gov>
**Subject:** Re: Moreno Gonzalez Conferral

Hi Danielle. I cannot give you formal responses until I receive more information and tangible items from my client. I have a draft prepared, but it is not complete and is subject to change. Our client consented to a 30-day extension of the TRO so that we would not be rushed into providing sloppy responses. That would not be helpful to anyone. That said, I do think we can provide you with some tangible items once the protective order is granted like the detainee logs, the one A file that I have, and the video footage. I checked on the status of the video footage today. It is still being copied to your hard drive. I was told it will take a few days. I hope this provides you with some comfort. We are working hard. Thank you for reaching out.

**From:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Sent:** Friday, November 14, 2025 4:52:06 PM
**To:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>
**Cc:** broadview <broadview@aclu-il.org>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Walsh, Thomas (USAILN) <Thomas.Walsh2@usdoj.gov>
**Subject:** [EXTERNAL] RE: Moreno Gonzalez Conferral

Hi Jana,

We'd ask that you please serve the formal response and produce the documents you have in your possession as soon as the protective order is finalized, and then supplement production as you gather more records. We appreciate that you are working hard to collect responsive documents but we do need the time to review Defendants' production and identify witnesses.

On our end, we will also serve our formal response and production and then supplement that production as necessary.

Regarding depositions, please let us know the people who you are requesting remote depositions for so we can respond accordingly. I will check with my team and our expert about the deposition dates and let you know about timing. The fact witness deposition timing will also depend on the status of Defendants' production.

Happy to jump on a call to discuss any of the above if that's easier. Thanks very much,

Danielle

**From:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>
**Sent:** Friday, November 14, 2025 2:29 AM
**To:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Cc:** broadview <broadview@aclu-il.org>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Walsh, Thomas (USAILN) <Thomas.Walsh2@usdoj.gov>
**Subject:** Re: Moreno Gonzalez Conferral

We do not have a protective order entered. I suggest that both parties make their written discovery production on or by 11/21. Hopefully we have a protective order entered by then. We can reserve the week of December 1st for fact witness depositions and the week of December 8th for expert depositions.

**From:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Sent:** Thursday, November 13, 2025 7:31:49 PM
**To:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>
**Cc:** broadview <broadview@aclu-il.org>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Walsh, Thomas (USAILN) <Thomas.Walsh2@usdoj.gov>
**Subject:** [EXTERNAL] Re: Moreno Gonzalez Conferral

We appreciate you working on getting us the discovery. We will serve formal responses to

Defendants' discovery requests, I do just want to check on timeline. I believe you sent the requests on Sunday and said 5 days, which would be tomorrow (Friday). Can we get our responses to you Monday?

---

**From:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>
**Sent:** Thursday, November 13, 2025 12:06:27 PM
**To:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Cc:** broadview <broadview@aclu-il.org>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Walsh, Thomas (USAILN) <Thomas.Walsh2@usdoj.gov>
**Subject:** RE: Moreno Gonzalez Conferral

Hi Danielle. I'm in the process of preparing formal responses to your discovery requests. I skipped the site visit today so I could give discovery my attention. I do not have all responsive records yet, so I'm not in a good place to confirm with certainty what you will get or when. The requests are more akin to merits discovery and too broad for expedited discovery. That said, I can tell you that we are in good faith working around the clock and are making your requests a priority. I do want to respond to your inquiry about our requests to plaintiffs. As we previously discussed, we are interested in conducting discovery that relates to the evidence that will be presented at the preliminary injunction hearing. It is inherently not overly broad. We are entitled to these things. Magistrate Judge McNally said yesterday we could depose your clients, but we have kindly agreed to accept declarations. I would like you to respond formally to our requests. We should have the same response deadline. I do want the declarations with your discovery responses or at least by the time we start depositions since the declarations are supposed to be the substitute for the depositions. We will produce what we can by that date and will supplement when new items are located, as I'm sure you will do. But, we are putting the cart before the horse. We do not have a protective order entered yet. We proposed two separate protective orders to address your concern about your clients. Your office was going to try and tweak the one we have, which I think will be harder, but we will hear you out.

**From:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Sent:** Wednesday, November 12, 2025 9:01 PM
**To:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Walsh, Thomas (USAILN) <Thomas.Walsh2@usdoj.gov>
**Cc:** broadview <broadview@aclu-il.org>
**Subject:** [EXTERNAL] Moreno Gonzalez Conferral

Counsel,

In an effort to keep track of the expedited discovery, we thought it would be helpful to provide a list of open items from our meet-and-confer on Monday. Please let me know if I missed anything or if anything is incorrect.

Plaintiffs' discovery requests:

1. Policies (Request 1):
    1. We asked you to check for any informal policies, procedures, directives, and guidance concerning the topics in the request. We suggested that this may be provided in "roll call" or during officer briefing.
    2. We also noted that the request now includes any guidance provided on how to comply with the TRO (including, e.g., guard shack procedures for attorney phone calls), and you agreed to look for that.

2. Call logs (Request 2): We clarified that we do want call logs and you agreed to produce those

3. Visitor logs (Request 3): You have indicated that there are no visitor logs, but that there were a small number of visits (one attorney, various contractors). Please let us know if there is any record of these visits. If there are no logs or similar records recording such visits, we'll need a formal response to that effect.

4. Emails (Request 3):
    1. We feel that the number of hits (1447) is not particularly large and could likely be streamlined by sampling to identify and cull plainly irrelevant/redundant emails. The Court seemed to have a similar response today.
    2. We agreed that our ESI liaisons could discuss this with one another, but we believe the review process should start in the meantime.
    3. We'd like to schedule a meeting with your ESI liaison, Jayne Flanner, at her earliest convenience; please let us know her availability and we'll find a time that works.
    4. We'd like to know whether you use Relativity or some other e-discovery software. You stated you would find out.

5. Detention logs & data (Request 4-5):
    1. We asked you to confirm whether the electronic detention logs you've identified are the ones referenced in the ICE Hold Room Policy, Directive 11087.2, para 5.8 (available at ECF No. 2-2).
    2. We asked you to determine whether the daily detention logs are a daily snapshot of the entire Broadview census or, instead, if they only reflect people who were

   logged in/out of the facility on that day.
   3. We also asked you for a "key", "legend," "data dictionary," or similar document that explains where the data in each field of the detention logs comes from and what it means.
   4. We asked you to agree to produce the detention logs on a weekly basis.
   5. You reviewed and explained that the detention logs appear not to include certain data fields--e.g., the date/time a person was processed, case status, age--even though those fields were included in the ICE statistical spreadsheets that were previously compiled. You said you are going to look into the discrepancy.

6. Holding Facility Inspection Logs (Request 4): We asked you to look into whether these logs exist and can be produced. These logs are referenced in the ICE Hold Room Policy, Directive 11087.2, para 5.8 (ECF No. 2-2)

7. Receipts, purchase orders, contracts, etc. (Request 6):
   1. You are working on obtaining the management contract for janitorial services and will produce once you do.
   2. You are following up on receipts/purchase orders for hygiene products (soap, shampoo, toothpaste, toothbrushes, wipes, towels, menstrual products), cleaning supplies (soap, mops, etc.), blankets, mats, and bedding materials, as listed in Plaintiffs' Request 6(a).

8. Records regarding numbers of detainees (Requests 6(d)-(f)):
   1. The only source of information you were aware of regarding the number of people detained, length of detention, etc. are the electronic detention logs referenced above. We asked you to find out if there are any other methods, systems, logs, etc. that have been used locally at Broadview in order to keep track of who is in the facility, which hold room people are assigned to, and any other information about their presence/stay at Broadview.

9. Immigration/voluntary departure paperwork (Request 7)
   1. You've indicated we'll be getting blank forms that are provided to or reviewed with detainees, as well as documentation and a sign regarding a "self-deportation" incentive.
   2. You indicated you're still looking into how you can identify individuals and produce signed voluntary departure paperwork.

10. Incident reports (Request 8)
    1. Your response indicated that you would produce "significant" incident reports. We asked what "significant" meant and you indicated you would find out. We

emphasized that we are seeking all incidents responsive to the request

11. Video footage from Broadview cameras (Request 9)
    1. Plaintiffs dropped off two 20TB hard drives for video footage, as requested. It's our understanding that this will include footage from 9/28-10/19 and 10/31-11/7, although it's not clear to us whether we are receiving the entire period or selected dates.
    2. Regarding the lost ESI footage, we will email you availability of our video/IT specialist to arrange with your video ESI liaison Steven (Todd) Ingwersen. We discussed that we may need to depose the contractor responsible for the lost/corrupt footage.
    3. The parties may have a disagreement about whether the videos should be subject to blanket AEO designation off the bat. We have provided a revised protective order. We would agree to treat the videos as confidential information in order to facilitate quick disclosure.
    4. We discussed the possibility of sampling dates/times of video going forward. We will revisit this, probably after we have existing footage.

12. Video footage from camera crews (Request 10)
    1. Your client is still trying to locate this.

13. Floor plans (Request 11)
    1. You agreed to provide a version with more detail (e.g. Measurements), potentially on an AEO basis or redacted.

14. Plaintiff A Files and intake documents (Request 12)
    1. You agreed to provide us the A Files.
    2. You provided us with Mr. Agustin Zamacona's A#. We are still waiting to receive Mr. Moreno Gonzalez's A#.

15. Broadview staff (Request 13)
    1. You indicated there is no standard daily roster that reflects everyone actually present.
    2. You asked the Defendants to provide you with what they have, and you will provide it to us with explanations as to accuracy.

16. Depositions
    1. You will let us know soon who will be requesting a remote deposition.

<u>Defendants' discovery requests:</u>

We explained that we do not object to discovery in principle but that the requests are more

akin to merits discovery and too broad for expedited discovery. You explained that at this stage you are simply requesting anything that we intend to use at a PI hearing. We agreed. We also agreed exchange witness and exhibit lists in advance of discovery. Judge Gettleman raised this matter this morning. We will comply with the Court's deadlines. We expect there will be supplemental disclosures after those deadlines and so we will make any supplemental disclosures in a timely manner. You agreed to accept signed declarations that preview what fact witnesses will say at the evidentiary hearing. We will engage in expert discovery and conduct depositions per the Court's timeline.

Please confirm whether you expect a formal response to these discovery requests in light of this conversation and agreement. If so, please let us know if you are okay with serving our response on Monday.

Thanks,


**Danielle Berkowsky**\* (she/her/hers)
**Roderick and Solange MacArthur Justice Center**
160 E. Grand Ave. 6th Floor
Chicago, Illinois 60611
Office: (312) 503-0899
danielle.berkowsky@macarthurjustice.org

\*Admitted to practice in Illinois.

