# Exhibit G

| | |
|---|---|
| **From:** | Mogbana, Ifeanyi (USAILN) |
| **To:** | Danielle Berkowsky; Brady, Jana (USAILN); broadview@aclu-il.org |
| **Cc:** | Johnson, Patrick (USAILN); Kaiser, Kayla (USAILN) |
| **Subject:** | RE: Moreno Gonzalez v Noem - Defendants" Supplemental Responses to Plaintiffs" First Set of Expedited Discovery Requests |
| **Date:** | Tuesday, November 25, 2025 9:41:05 AM |

**WARNING: External Email**

Hi Danielle. We believe a meet and confer is necessary to discuss some of the issues you raised in your email. We have some issues of our own to discuss too. Are you available by 1:00pm today for a call? We carefully reviewed your latest salvo of written discovery requests and can almost see a motion for a protective order in the horizon. It is our position that Judge Gettleman's order allowing expedited discovery does not authorize Plaintiffs' Second and Third Expedited Discovery Requests. The judge heard plaintiffs' arguments and reviewed the specific proposed discovery before granting plaintiffs' motion, as limited on the record. We understand that plaintiffs seek information necessary to prepare for the preliminary injunction hearing. However, we do not believe the requests at issue are as narrowly tailored and do not merit a quick response. They were sent after business hours on Friday with responses due on Wednesday before Thanksgiving. So, you gave us three days during a holiday week to engage with and response to two separate but equally onerous sets of requests.  Kindly consider extending the responsive deadline for those requests until after the preliminary hearing. During our review of your FRCP 30 (b)(6) deposition request topics, we discovered some that were duplicates of questions posed in written discovery requests. We hope you will seriously consider serving a revised request with duplication excised. We are confident that these issues could be resolved without judicial intervention.  I welcome an opportunity to chat this afternoon.

Let me know.

**Ifeanyi C. Mogbana**
Assistant United States Attorney
Northern District of Illinois, Western Division
327 S. Church Street, Suite 3300
Rockford, IL 61101
Office: (815) 987-4457
Cell: REDACTED
ifeanyi.mogbana@usdoj.gov

---

**From:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Sent:** Monday, November 24, 2025 8:31 PM
**To:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>; Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>; broadview@aclu-il.org
**Cc:** Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Kaiser, Kayla (USAILN) <Kayla.Kaiser@usdoj.gov>

**Subject:** [EXTERNAL] RE: Moreno Gonzalez v Noem - Defendants' Supplemental Responses to Plaintiffs' First Set of Expedited Discovery Requests

Forgot to attach the flyer mentioned re Request 7. Attached here.

---

**From:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>
**Sent:** Monday, November 24, 2025 8:29 PM
**To:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>; broadview@aclu-il.org
**Cc:** Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Kaiser, Kayla (USAILN) <Kayla.Kaiser@usdoj.gov>
**Subject:** [CAUTION: SUSPECT SENDER] RE: Moreno Gonzalez v Noem - Defendants' Supplemental Responses to Plaintiffs' First Set of Expedited Discovery Requests

Hi Jana,

We have received the supplemental response, thank you. Below is a summary of our conferral Friday, updated to account for what was produced Friday evening and what was included in the supplemental response today.

**Protective Order**

- We discussed permitting us to show class members documents designated AEO that pertain to them, so long as information pertaining to other individuals is redacted. **Please let us know your client's position on this.**
- We discussed that most of Defendants' production was marked Confidential and that we believe many of these designations are improper. We asked if you will be revising these designations now that the POs have been entered.
- As discussed in the conferral, your responses stated: "If plaintiffs seek to admit photos into evidence or otherwise file photos, plaintiffs should first provide the photos to defense counsel to determine whether a motion to file the photos under seal is needed." You had the same note concerning videos.
- While we have agreed to maintain some documents as AEO temporarily, it remains each parties' duty to identify their own documents that fall under the terms of the agreed protective order. In particular, the Court instructed Defendants to review the photos for confidentiality/AEO immediately after the inspection on 11/13. Please let us know when you expect to complete your review by and if you intend to be changing any designations.

**Depositions**

- We are serving the 30(b)(6) notice this evening. Apologies for the delay.
- We are scheduling depositions in another email chain.

**Defendants' Responses to Plaintiffs' Expedited Discovery Requests**

- Request No. 1:
    - At the meet and confer, we further clarified our request regarding formal and informal policies, directives, and guidance, including training materials or instructions to staff. We asked that if there's no such guidance, that you please indicate this in your formal response today.
    - You explained that your clients are taking a deeper dive into training materials. **Please advise if we should be expecting any additional production and by when.** You produced posters/signs from the facility today.
- Request No. 2:
    - You are still investigating phone records. Your client indicated that the call logs may need to be obtained from Talton. You confirmed in the response that you are making reasonable efforts to obtain these records.
    - Mr. Byer's stated in his declaration that officers make a record of who detainees call when being processed. You stated that this may be in a Form I-213.
    - You produced an attorney call log Friday. **We propose supplementing 2-3 times weekly.**
- Request No. 3:
    - You produced a visitors log Friday. **We propose supplementing 2-3 times weekly.**
        - During the inspection, we saw handwritten entries on a log on the desk in the visitors' entrance at the facility. The log we received is in a bound book, while the log on the desk was a bunch of papers stapled together. **Can you please confirm if that is also a visitor log?**
    - You produced emails Friday and reproduced them in the original format today.
        - You clarified that "the production will include emails where attorneys are asking for the location of their client in addition to anything Broadview specific.  They are withholding emails where an attorney states their client's location in the email and it is not Broadview (and they were never at Broadview)."
        - **We propose supplementing 2-3 times weekly. Please confirm whether you will be searching the new inbox for supplemental productions (BSSA.Outreach@ice.dhs.gov) or if we need to submit another request.**
- Request No. 4:
    - We flagged that the BSSA Daily Cell Logs are missing certain categories of information required in Directive 11087.2. You believe no other daily detention logs exist.
    - As to the ongoing production, we propose that every day by 9:00 a.m., you produce: 1) the complete cell log for the *prior* day; 2) a snapshot of the

*current* day's log at the time it is sent. So, on December 1 at 9:00 a.m., we will have 1) the complete log from November 30, which should indicate who stayed overnight, and 2) a list of everyone who was at the facility just before 9:00 a.m. on December 1. **Please let us know your position.**

- We are working on a notice to provide to the class ASAP. We ask that that notice be provided at intake to every person brought to Broadview.

- Separately, we would like to facilitate in-person visits when Broadview is back in use. We would request that when we arrive, we get a printout of everyone currently being held there (like we received at the inspection) in order to facilitate these visits. **Please let us know your position.**
- You are inquiring into the Holding Facility Inspection Logs named in the Directive.
- You produced the intake log from 11/4. **What about the other days? We also propose supplementing 2-3 times weekly.**

- Request No. 5:
  - The BSSA Daily Cell Logs and transfer logs do not include the following information from this request: detainees' age, current location, current case status, and date/time of processing. We also requested legends or keys for the data, including color coding and abbreviations. You are checking with your client.
  - There are no transfer logs from 9/8-9/30, 10/4, 10/14, 11/1, 11/3-4, and after 11/05. Your clients are providing more.

- Request No. 6:
  - We flagged that the production contained no signed contracts with vendors for medical or janitorial services (janitorial was unsigned). You confirmed that there are no contracts with vendors for medical services. Your clients are getting you the name of the maintenance provider including any subcontractor for janitorial services.
  - You clarified there is no vendor for other supplies; they just order from websites.
  - You're looking into whether the food vendor contract has been finalized.
  - We flagged that there appeared to be a cleaning log taped on the window (facing out) of the largest holding room (M2) at our inspection. **Please provide an update**.

- Request No. 7:
  - We have not received *signed* forms and documents. Regarding voluntary departure, you responded how signed voluntary departure forms travel with people in their A Files. In the attached flyer, it appears that some forms (intake forms, signed I-213, I-200/205, and NTAs) are uploaded to two systems: ECAS and EARM. Are other signed forms not uploaded there as wel?
  - Either way, we propose that we identify specific individuals who were indicated to have departed voluntarily, and you produce just their forms. **Please let us**

**know your position.**

- Request No. 8:
  - We received incident reports about hospital admissions. You explained there are no other significant incident reports. **We request that we be given future significant incident reports on a regular basis.**
- Request No. 9 (surveillance footage):
  - We agreed to review a clip from each camera angle along with a diagram of each camera in order to identify the cameras from which we want footage. **When will Defendants be sending this?**
  - You are finding out if there is audio on the surveillance cameras, as indicated in INSP_001-000020. **Please confirm if there is audio.**
  - We explained the difficulty in reviewing the footage in the format in which it was produced. **We propose a call with our IT teams to discuss.** This will enable all parties to produce and review the footage most efficiently.
  - For ongoing production, you proposed that we select specific days to audit. We are still reviewing discovery to determine if that is a possibility. Once we have addressed the above issues, we should be able to provide an answer.
  - As the entire surveillance system is being replaced, **does the Government have any objection Plaintiffs receiving and inspecting the crashed server to determine if any video can be recovered?**
- Request No. 10:
  - Defendants object to producing video footage from Secretary Noem's visit to Broadview on grounds of relevance. Plaintiffs' position is that they are relevant for discovery. Defendant Noem is a Defendant in this lawsuit and they depict her at the facility during the relevant time period, including in the processing area. We sent you links to the posts/videos after the conferral. This footage appears to have been filmed by a YouTuber and at least one clip was reposted by the DHS X account. If we are at an impasse, Plaintiffs will have to move to compel.
- Request No. 11:
  - You produced a floor plan with some measurements Friday (BROAD_001-000001). It does not have measurements for each of the hold rooms. **Can you confirm if this floor plan is to scale? If not, please provide a new diagram with measurements.**
- Request No. 12:
  - We received our named Plaintiffs' intakes and A-files.
- Request No. 13:
  - We noted that the provided staff log was missing dates and that it covered locations outside Chicago. It also does not have a key or legend. You informed us that they write over the log each week and don't keep a record. We may need

some additional conferral on this. For instance, I would imagine a version of this form is sent to staff or payroll every two weeks.

**Plaintiffs' Responses to Defendants' Expedited Requests for Discovery**

- We clarified that where we objected to overbreadth (such as for "any evidentiary hearing"), we did not withhold responsive records that are relevant to the PI Hearing.
- We will supplement our responses as to hearing witness statements accordingly.

Please let me know if you want to jump on a call tomorrow to discuss any of the above.
Thanks,
Danielle

---

**From:** Brady, Jana (USAILN) <Jana.Brady@usdoj.gov>
**Sent:** Monday, November 24, 2025 4:01 PM
**To:** Danielle Berkowsky <Danielle.Berkowsky@macarthurjustice.org>; broadview@aclu-il.org
**Cc:** Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>; Mogbana, Ifeanyi (USAILN) <Ifeanyi.Mogbana@usdoj.gov>; Kaiser, Kayla (USAILN) <Kayla.Kaiser@usdoj.gov>
**Subject:** Moreno Gonzalez v Noem - Defendants' Supplemental Responses to Plaintiffs' First Set of Expedited Discovery Requests

Hi Danielle. Here are the defendants' supplemental response to plaintiffs' first set of discovery requests. POSTR_002-000001 to POSTR_002-000018 have been uploaded to USAfx. We have already provided you with everything else identified in the responses. Please let Kayla know if you have trouble downloading anything. We understand that you have propounded a second and third set of discovery requests. As I dive into depositions, Ifeanyi will be your POC. I do not have an update about the video footage for the two cameras yet. I know they are working on the new system.

Jana L. Brady
Assistant United States Attorney
Northern District of Illinois
jana.brady@usdoj.gov
815-987-4462