# Exhibit I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 13323 |
| v. | ) | |
| | ) | Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department | ) | Magistrate Judge McNally |
| of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SUPPLEMENTAL RESPONSE
## TO PLAINTIFFS' REVISED EXPEDITED DISCOVERY REQUESTS

Defendants Kristi Noem, Secretary of the U.S. Department of Homeland Security in her official capacity, Todd Lyons, Acting Director of the U.S. Immigration and Customs Enforcement in his official capacity, Marcos Charles, Acting Executive Associate Director of the U.S. Immigration and Customs Enforcement and Removal Operations in his official capacity, Samuel Olson, Interim Chicago Field Office Director U.S. Immigration and Customs Enforcement in his official capacity, Gregory Bovino, Commander-at-Large of the U.S. Customs and Border Protection in his official capacity, U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and the Department of Homeland Security, by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, supplement their responses to plaintiffs' revised expedited discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows:

## General Objections

1.      Defendants object to the requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, joint defense or common interest privilege, the attorney work product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality.  By responding and objecting to the requests, defendants do not waive or intend to waive the attorney-client privilege, joint defense or common interest privilege, the work product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure.  Accordingly, any response, objection, or production of documents inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity.  Moreover, the production of privileged information or confidential materials shall not constitute, and shall not be construed to constitute, a waiver by defendants of any privilege, protection, or immunity from production in this or in any further matters in this proceeding or in any other litigation, dispute, or other context.

2.      In responding to the requests, defendants do not in any way waive or intend to waive, but rather preserve: (a) all objections as to relevance, materiality, or admissibility into evidence of (i) documents and information produced in response to the requests or (ii) the responses set forth herein; (b) all rights to object on any ground to the use of any of said documents, information, requests, responses, or objections, or the subject matter thereof, in these or any other subsequent proceedings; and (c) all rights to object on any ground to (i) any request for further production or responses to these or any other requests for documents or information, or (ii) any other discovery requests in, or relating to, the above-captioned action.

3.      Defendants object to plaintiffs' revised expedited discovery requests to the extent they exceed the proper scope of expedited discovery.  Defendants object to plaintiffs' requests that seek information beyond what the parties intend to rely on during the evidentiary hearing currently scheduled for December 17, 2025 ("Hearing"), or plaintiffs' forthcoming request for permanent injunction.  Defendants will file preliminary witness and exhibit lists for the Hearing in accordance with the court's scheduling order.  Dkt. 88.  Defendants reserve the right to supplement their witness and exhibit lists as necessary.

## Responses

1.      All formal and informal policies, procedures, directives, regulations, and guidance memoranda in effect during the Relevant Time Period related to or governing:

  a.  Detainees' telephonic and in-person access to counsel at Broadview, including but not limited to:

   i.  The facility's telephone and phone monitoring procedures, including policies governing Detainees' access to cell phones, landlines, and pay phones;

   ii.  Detainees' access to and use of private rooms for confidential and unmonitored visits with attorneys and prospective attorneys;

   iii.  Detainees' access to confidential and unmonitored legal phone calls;

   iv.  Attorney access to clients at Broadview;

   v.  Whether attorney in-person visits are permitted at Broadview, including whether and how attorneys can access private rooms for confidential visits with clients or prospective clients; and

vi. Whether and how attorneys can consult with their clients or prospective clients on confidential and unmonitored legal phone calls.

b. The conditions of confinement for detainees at Broadview, including but not limited to, <u>if applicable</u>, Directive 11087.2: Operations of ERO Holding Facilities, the June 24, 2025 Nationwide Hold Room Waiver, and the Performance-Based National Detention Standards 2011, revised 2016.

c. Updating and maintaining the ICE online detainee locator, including but not limited to when it is updated, how it is updated, what information is included, and the circumstances under which Detainees' locations at Broadview are withheld from the locator; and

d. Whether Defendants ask Detainees to sign immigration documents impacting their legal status or any legal proceedings to which Detainees are a party, including but not limited to forms agreeing to voluntary departure and/or relinquishing rights to challenge their removal or other rights within the immigration system. This request specifically includes copies of any such documents presented to or signed by Detainees during the Relevant Time Period.

**Response:** Objection; this request is vague (particularly with respect to the term "informal") and not proportionate to the needs of the preliminary injunction hearing set to take place on December 17, 2025, particularly in the context of expedited discovery and in considering the evidence that plaintiffs already presented at the November 4, 2025, temporary restraining order hearing, the number of depositions being sought on an expedited basis, and information and photographs obtained by counsel for plaintiffs during the site visit with their retained Rule 26(a)(2)(B) witness on November 13, 2025. This request is more akin to merits discovery which is improper at this time. For instance, it would be unduly burdensome to search the emails of all government employees who have worked at Broadview (including employees who were there only briefly on a detail) to see if they were given guidance by a supervisor about a particular issue; there is no search query that could capture all such emails. Without waiving said objections,

detainees have access to a government phone and private area to call their attorneys free of charge upon request. Attorneys may initiate contact with their clients by sending an email to BSSA.Outreach@ice.dhs.gov or calling 708-316-4192. These calls are not being monitored or recorded. In terms of the ICE detainee locator, it updates automatically once detainees are entered into the system for processing though the system does not update the locator instantly; there may be lag. No one manually enters detainees into the locator specifically. Given that detainees are frequently processed in and transferred out from Broadview within a matter of hours, it is possible that they never show up in the locator because the system had not updated before they were transferred out. The ICE detainee locator tool is provided by defendants on a voluntary basis. The law does not require defendants to maintain the ICE detainee locator tool. Also, note that certain privacy laws prevent defendants from adding certain detainees who require protection to the locator. 8 U.S.C. § 1367; 8 C.F.R. § 208.6. Please also refer to the following tangible items that have been produced as they may reflect policies or practices or conditions at Broadview during the relevant time:

| AFILE_001-000001 | AFILE_001-000023 | Felipe Zamacona Saboeranis A File |
| AFILE_002-000001 | AFILE_002-000035 | Pablo Moreno Gonzalez A File |
| ALERT_001-000001 | ALERT_001-000016 | E-Mails re Incident Reports and Hospital Admission Approvals |
| BROAD_001-000001 | BROAD_001-000001 | Layout of Facility (with measurements) |
| EMAIL_001-000001 | EMAIL_001-000687 | E-Mails |
| FORM_001-000001 | FORM_001-000002 | Voluntary Departure and Verification of Departure Form |
| FORM_001-000003 | FORM_001-000006 | Notice to Appear Form |
| FORM_001-000007 | FORM_001-000020 | Blank Stipulation Form |
| FORM_001-000021 | FORM_001-000021 | Caregiver Designation at Arrest Form |
| FORM_001-000022 | FORM_001-000022 | Removable Parents – Pre-Removal Review Determination Form |
| FORM_001-000023 | FORM_001-000023 | Notice of Rights and Request for Disposition |
| FORM_001-000024 | FORM_001-000027 | Translated Forms Requiring Noncitizen's Signature – Haitian, Creole, and French |
| FORM_001-000028 | FORM_001-000030 | Translated Forms Requiring Noncitizen's Signature – Portuguese and Punjabi |
| FORM_001-000030 | FORM_001-000034 | Translated Forms Requiring Noncitizen's Signature – Spanish |
| FORM_001-000035 | FORM_001-000186 | List of Pro Bono Legal Service Providers Updated October 2025 |
| INCALL_001-000001 | INCALL_001-000001 | Incoming Attorney Calls Instructions for Guard Shack |
| INSP_001-000001 | INSP_001-000012 | Final Assessment Results – Holding Facility Self-Assessment and HSFAT Responses Report July 2024 |

| INSP_001-000013 | INSP_001-000026 | Final Assessment Results – Holding Facility Self-Assessment and HSFAT Responses Report March 2025 |
|---|---|---|
| INTAKE_001-000001 | INTAKE_001-000003 | Broadview Intake Form |
| JNITOR_001-000001 | JNITOR_001-000001 | Janitorial Service (Cleaning) |
| LOG_001-000001 | LOG_001-000030 | Broadview Daily Detainee Logs September 2025 – AEO |
| LOG_002-000001 | LOG_002-000031 | Broadview Daily Detainee Logs October 2025 – AEO |
| LOG_003-000001 | LOG_003-000022 | Broadview Closed Work Order Detention Cell Cleaning Details October 31, 2025-November 21, 2025 |
| LOG_003-000023 | LOG_003-000028 | Detainee Intake Log |
| LOG_003-000029 | LOG_003-000031 | Visitor Log |
| LOG_004-000001 | LOG_004-000005 | Attorney Call Logs |
| LOG_005-000001 | LOG_005-000021 | Broadview Daily Detainee Logs November 2025 - AEO |
| MEALS_001-000001 | MEALS_001-000003 | Statement of Work – Provision of Full Box Meals for ICE Facility – Broadview |
| MEALS_001-000004 | MEALS_001-000004 | Utensil Free Box Meals Cost Breakdown |
| MEALS_001-000005 | MEALS_001-000011 | Box Meal Specification Sheet – USDA Compliant, Utensil Free, Halal, Kosher, Vegetarian Options |
| MEDCAL_001-000001 | MEDCAL_001-000127 | Medical Emergency and Medical Care Information |
| MEMO_001-000001 | MEMO_001-000002 | Nationwide Hold Room Waiver |
| MEMO_001-000003 | MEMO_001-000004 | Contract Approval: Utensil Free Box Meals for Broadview |
| ODLS_001-000001 | ODLS_001-000002 | Online Detainee Locator System Brochure |
| ODLS_001-000003 | ODLS_001-000010 | Locating Individuals in Detention |
| ODLS_001-000011 | ODLS_001-000015 | About the Detainee Locator FAQs |
| ODLS_001-000016 | ODLS_001-000016 | Online Detainee Locator System Broadcast Training |
| ODLS_001-000017 | ODLS_001-000017 | Online Detainee Locator System Privacy Notice |
| PHOTO_001-000001 | PHOTO_001-000415 | Site Visit Photos from 11/13/25  AEO pending DHS review.  If plaintiffs seek to admit photos into evidence or otherwise file photos, plaintiffs should first provide the photos to defense counsel to determine whether a motion to file the photos under seal is needed. |
| PHOTO_001-000014 PHOTO_001-000027 PHOTO_001-000039 PHOTO_001-000048 PHOTO_001-000050 | PHOTO_001-000014 PHOTO_001-000027 PHOTO_001-000043 PHOTO_001-000048 PHOTO_001-000050 | Forms, instructions, and processes photographed by plaintiffs' counsel on November 13, 2025  AEO pending DHS review.  If plaintiffs seek to admit photos into evidence or otherwise file photos, plaintiffs should first provide the photos to defense counsel to |

| | | |
|---|---|---|
| PHOTO_001-000048 | PHOTO_001-000057 | determine whether a motion to file the photos under seal |
| PHOTO_001-000061 | PHOTO_001-000070 | is needed. |
| PHOTO_001-000085 | PHOTO_001-000085 | |
| PHOTO_001-000090 | PHOTO_001-000090 | |
| PHOTO_001-000101 | PHOTO_001-000104 | |
| PHOTO_001-000111 | PHOTO_001-000121 | |
| PHOTO_001-000141 | PHOTO_001-000143 | |
| PHOTO_001-000166 | PHOTO_001-000168 | |
| PHOTO_001-000188 | PHOTO_001-000197 | |
| PHOTO_001-000215 | PHOTO_001-000216 | |
| PHOTO_001-000252 | PHOTO_001-000252 | |
| PHOTO_001-000255 | PHOTO_001-000255 | |
| PHOTO_001-000306 | PHOTO_001-000306 | |
| PHOTO_001-000327 | PHOTO_001-000327 | |
| PHOTO_001-000329 | PHOTO_001-000330 | |
| PHOTO_001-000340 | PHOTO_001-000340 | |
| PHOTO_001-000358 | PHOTO_001-000358 | |
| PHOTO_001-000375 | PHOTO_001-000376 | |
| PHOTO_001-000380 | PHOTO_001-000380 | |
| PHOTO_001-000390 | PHOTO_001-000390 | |
| PHOTO_001-000416 | PHOTO_001-000418 | Photos of Clock and Water Fountain/Cups |
| POLICY_001-000001 | POLICY_001-000015 | Policy # 11087.2: Operations of ERO Holding Facilities dated January 31, 2024 |
| POSTR_001-000001 | POSTR_001-000004 | E-Mail and Self Deportation Flyer |
| POSTR_002-000001 | POSTR_002-000018 | Items Posted at Broadview |
| PURCHS_001-000001 | PURCHS_001-000131 | Purchase Receipts and Vendor Contracts |
| PWS_001-000001 | PWS_001-000120 | Performance Work Statement dated June 27, 2023, amended July 25, 2025 |
| SALES_001-000001 | SALES_001-000006 | Sales Order for Mattresses/Blankets |
| STAFF_001-000001 | STAFF_001-000001 | List of Staff Members at Broadview |
| TEST_001-000001 | TEST_001-000004 | Test Auto Reply E-Mails of ICE ERO Chicago Outreach |
| TEST_001-000005 | TEST_001-000006 | Test Auto Reply E-Mail for Broadview (BSSA Outreach) |
| TEST_001-000007 | TEST_001-000007 | E-Mail re: BSSA Outreach Mailbox |
| XFER_001-000001 | XFER_001-000273 | Detainee Transfer Logs – October 1, 2025 – November 5, 2025 – AEO |
| MEDIA_001-000001 | MEDIA_001-000001 | Surveillance Video Footage: September 28, 2025, to October 19, 2025 |

| | | (Cameras 18, 21, 33, 46, and 62) |
|---|---|---|
| | | October 31, 2025, to November 7, 2025 (Cameras 18, 21, and 62) |
| | | AEO pending DHS review.  If plaintiffs seek to admit video footage into evidence or otherwise file it, plaintiffs should first provide the clip to defense counsel to determine whether a motion to file the footage under seal is needed. |

2.      Existing records from the Relevant Time Period, including contemporaneously generated reports, logs, and tracking documents, reflecting requests by Detainees for communication with counsel or prospective counsel, and showing telephone access granted to Detainees for the purposes of speaking to counsel or prospective counsel.  This request also includes but is not limited to records which document the one or more free phone calls Detainees receive at Broadview and the call's recipient, as stated in Defendants' response to Plaintiffs' motion for a temporary restraining order, ECF No. 39 at 5-6, and in the declaration of Mr. Byers, ECF No. 39, Ex. A ¶ 24.

**Response:**      Defendants do not currently possess phone records for Broadview but will make reasonable efforts to obtain them from the carrier.  Note that such phone records would not reflect all of the calls made by detainees as they were frequently permitted to make calls on their personal cell phones. Detainees rarely call an attorney when they are being processed at Broadview and usually call family or friends, which is why they are permitted to use their personal cell phone. The log referenced in Byers' declaration is to a Form I-213 that is kept in the detainees' A file. Usually, an officer will document if a call was made and will sometimes include the name and/or phone number the detainee called. If a detainee is unable to reach someone on their initial call, the officer processing the intake will allow them to make a second or even third call. The following tangible items have been produced:

| EMAIL_001-000001 | EMAIL_001-000687 | E-Mails |
|---|---|---|
| LOG_003-000029 | LOG_003-000031 | Visitor Log |
| LOG_004-000001 | LOG_004-000005 | Attorney Call Logs |

| MEDIA_001-000001 | MEDIA_001-000001 | Surveillance Video Footage: |
|---|---|---|
| | | September 28, 2025, to October 19, 2025 (Cameras 18, 21, 33, 46, and 62) |
| | | October 31, 2025, to November 7, 2025 (Cameras 18, 21, and 62) |
| | | AEO pending DHS review.  If plaintiffs seek to admit video footage into evidence or otherwise file it, plaintiffs should first provide the clip to defense counsel to determine whether a motion to file the footage under seal is needed. |

Investigation continues.

3.     Existing records from the Relevant Time Period, including contemporaneously generated reports, logs, and tracking documents, reflecting the following information:

a.  How frequently the ICE online detainee locator was changed or updated and how it was changed or updated, including in what circumstances Defendants withhold information about Detainees' location;

b.  All non-attorney visitation requests from potential visitors to Broadview, including from Detainees' family members, and any responses to those requests from Defendants; and

c.  Any and all visitors to Broadview who were not employed by Defendants.

Plaintiffs further request that Defendants search the inboxes for detentionbroadview-ins@dhs.gov; Chicago.Outreach@ice.dhs.gov; and chi-ero-detained@ice.dhs.gov for emails from attorneys and legal representatives requesting the location of, or a call or visit with, their client. Plaintiffs propose the following search terms for this search:

(attorney OR lawyer OR counsel) AND (visit* OR call* OR meet* OR speak OR talk OR location)

If this search returns an impracticable number of results, we can work quickly to further refine the request. Please let us know as soon as possible the results of the search so we can refine as necessary.

**Response:** The ICE detainee locator updates automatically once detainees are entered into the system for processing. The system does not update the locator instantly; there is a lag. No one manually enters the detainees information into the locator specifically. Given that detainees are frequently processed in and transferred out from Broadview within a matter of hours, they often never show up in the locator because the system does not update before they are transferred out. The ICE detainee locator tool is provided by defendants on a voluntary basis. The law does not require defendants to maintain the ICE detainee locator tool. Also, note that certain privacy laws prevent defendants from adding certain detainees who require protection to the locator. 8 U.S.C. § 1367; 8 C.F.R. § 208.6. Additionally, the mailbox identified as detentionbroadview-ins@dhs.gov was not an operating email for the Relevant Time Period. Note that it includes an outdated handle "ins". The following tangible items have been produced:

| | | |
|---|---|---|
| EMAIL_001-000001 | EMAIL_001-000687 | E-Mails |
| LOG_003-000029 | LOG_003-000031 | Visitor Log |
| LOG_004-000001 | LOG_004-000005 | Attorney Call Logs |
| ODLS_001-000001 | ODLS_001-000002 | Online Detainee Locator System Brochure |
| ODLS_001-000003 | ODLS_001-000010 | Locating Individuals in Detention |
| ODLS_001-000011 | ODLS_001-000015 | About the Detainee Locator FAQs |
| ODLS_001-000016 | ODLS_001-000016 | Online Detainee Locator System Broadcast Training |
| ODLS_001-000017 | ODLS_001-000017 | Online Detainee Locator System Privacy Notice |

4. All "Detention Logs" and "Holding Facility Inspection Logs" from Broadview from the Relevant Time Period. *See* Directive 11087.2, Operations of ERO Holding Facilities § 5.8. Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on an on-going weekly basis.

**Response:** The following tangible items have been produced:

| | | |
|---|---|---|
| LOG_001-000001 | LOG_001-000030 | Broadview Daily Detainee Logs September 2025 – AEO |
| LOG_002-000001 | LOG_002-000031 | Broadview Daily Detainee Logs October 2025 – AEO |

| LOG_003-000023 | LOG_003-000028 | Detainee Intake Log |
| LOG_005-000001 | LOG_005-000021 | Broadview Daily Detainee Logs November 2025 - AEO |

Investigation continues.

5.      Document spreadsheets, tables, logs, or similar compilations that show the following information from the Relevant Time Period:  the name, age, case number or A Number, current location, and the current case status for all individuals who are detained at Broadview; the number of persons detained at Broadview each day; and the date and time each detainee arrived at Broadview, the date and time they were processed, the date and time they were transferred out of Broadview, and the location to which they were transferred. This response includes but is not limited to the following unredacted spreadsheets with data from Broadview during the Relevant Time Period:

a.   ICE Detentions, ERO LESA Statistical Tracking Unit (example here)

b.   *Detention FY 2025 YTD, Alternatives to Detention FY 2025 YTD and Facilities FY 2025 YTD*. This spreadsheet is found at the bottom of this webpage under "FY 2025 ICE Statistics" but does not include data for Broadview.

Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on an on-going weekly basis.

**Response:**      Objection; this request asks the defendants to create a document that does not already exist, which is improper under Rule 34.  Moreover, the request is not proportionate to the needs of the preliminary injunction hearing set to take place on December 17, 2025, particularly in the context of expedited discovery and in considering the evidence that plaintiffs already presented at the November 4, 2025, temporary restraining order hearing, the number of depositions being sought on an expedited basis, and information and photographs obtained by counsel for plaintiffs during the site visit with their retained Rule 26(a)(2)(B) witness on November 13, 2025.  This request is more akin to merits discovery which is improper at this time. The tangible items identified in Response to Request No. 4 have been produced without waiving said objections.  Investigation continues.

11

6.   The following Documents about Broadview during the Relevant Time Period:

a.   All receipts, purchase orders, contracts, or other Documents showing any provision of amenities and supplies for Broadview, including for orders of food, water, medication, clothing, hygiene products (soap, shampoo, toothpaste, toothbrushes, wipes, towels, menstrual products), cleaning supplies (soap, mops, etc.), and foil blankets, mats, or other bedding material. These records should, wherever possible, indicate the quantities of each item purchased and the timing of the purchases. For example, they should show the number of sandwiches purchased per meal service (or per day if not available) and the vendor and location of purchase.

b.   Documents reflecting medical or mental health services provided to Detainees, including contracts with vendors providing such services and recording the providers' visits and services provided, and records reflecting transportation of Detainees to medical facilities or requests for emergency medical assistance.

c.   Documents reflecting cleaning services for Broadview including contracts with vendors providing such services and how often Broadview and its hold rooms are cleaned and sanitized, including but not limited to any cleaning logs or schedules.

d.   Documents sufficient to show the total number of Detainees held at Broadview, the total number of Detainees held in excess of 12 hours, the total number of Detainee held at Broadview in excess of 72 hours, and the average length of stay.

e.   Documents sufficient to show the total number of people assigned to and/or placed in each Broadview holding room at 12:01 a.m. for each day during the Relevant Time Period;

f. The total number of people who have been deemed exempt from placement in hold rooms due to obvious illness; special medical, physical, and or psychological needs; or other documented reasons such as being an unaccompanied minor (under 18 years), over the age of 70, a female with children, and/or part of a family group.

Plaintiffs request that Defendants provide these requested documents to Plaintiffs' counsel on an on-going weekly basis.

**Response:** Objection; this request asks the defendants to create a document that does not already exist, which is improper under Rule 34. Moreover, the request is not proportionate to the needs of the preliminary injunction hearing set to take place on December 17, 2025, particularly in the context of expedited discovery and in considering the evidence that plaintiffs already presented at the November 4, 2025, temporary restraining order hearing, the number of depositions being sought on an expedited basis, and information and photographs obtained by counsel for plaintiffs during the site visit with their retained Rule 26(a)(2)(B) witness on November 13, 2025. Furthermore, this request imposes a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). This request is more akin to merits discovery which is improper at this time. The following tangible items have been produced without waiving said objections:

| ALERT_001-000001 | ALERT_001-000016 | E-Mails re Incident Reports and Hospital Admission Approvals |
|---|---|---|
| JNITOR_001-000001 | JNITOR_001-000001 | Janitorial Service (Cleaning) |
| LOG_001-000001 | LOG_001-000030 | Broadview Daily Detainee Logs September 2025 – AEO |
| LOG_002-000001 | LOG_002-000031 | Broadview Daily Detainee Logs October 2025 – AEO |
| LOG_003-000001 | LOG_003-000022 | Broadview Closed Work Order Detention Cell Cleaning Details October 31, 2025 – November 21, 2025 |
| LOG_003-000023 | LOG_003-000028 | Detainee Intake Log |
| LOG_005-000001 | LOG_005-000021 | Broadview Daily Detainee Logs November 2025 - AEO |
| MEALS_001-000001 | MEALS_001-000003 | Statement of Work – Provision of Full Box Meals for ICE Facility – Broadview |
| MEALS_001-000004 | MEALS_001-000004 | Utensil Free Box Meals Cost Breakdown |
| MEALS_001-000005 | MEALS_001-000011 | Box Meal Specification Sheet – USDA Compliant, Utensil Free, Halal, Kosher, Vegetarian Options |
| MEDCAL_001-000001 | MEDCAL_001-000127 | Medical Emergency and Medical Care Information |
| MEMO_001-000003 | MEMO_001-000004 | Contract Approval: Utensil Free Box Meals for Broadview |

13

| PHOTO_001-000001 | PHOTO_001-000415 | Site Visit Photos from 11/13/25<br><br>AEO pending DHS review. If plaintiffs seek to admit photos into evidence or otherwise file photos, plaintiffs should first provide the photos to defense counsel to determine whether a motion to file the photos under seal is needed. |
| PURCHS_001-000001 | PURCHS_001-000131 | Purchase Receipts and Vendor Contracts |
| PWS_001-000001 | PWS_001-000120 | Performance Work Statement dated June 27, 2023, amended July 25, 2025 |
| SALES_001-000001 | SALES_001-000006 | Sales Order for Mattresses/Blankets |
| XFER_001-000001 | XFER_001-000273 | Detainee Transfer Logs – October 1, 2025 – November 5, 2025 – AEO |
| MEDIA_001-000001 | MEDIA_001-000001 | Surveillance Video Footage:<br><br>September 28, 2025, to October 19, 2025 (Cameras 18, 21, 33, 46, and 62)<br><br>October 31, 2025, to November 7, 2025 (Cameras 18, 21, and 62)<br><br>AEO pending DHS review. If plaintiffs seek to admit video footage into evidence or otherwise file it, plaintiffs should first provide the clip to defense counsel to determine whether a motion to file the footage under seal is needed. |

Investigation continues.

7. The following Documents:

a. A sample packet of any and all Documents presented to Detainees during intake at Broadview, including any voluntary departure forms (I-210 forms), notices to appear, stipulated orders of removal or other documents that are served on or presented to detainees during intake and processing.

b. All signed I-210 forms, along with any other documentation regarding "voluntary departure" or referencing the offer of $1000 to "self-deport," as referenced in Court on November 4, 2025, generated from October 1, 2025 to the present.

14

    c.   Any other signed forms that have the effect of waiving a Detainee's right to a hearing or further proceedings before an immigration court, including stipulated orders of removals, generated from October 1, 2025 to the present.

The identity of Detainees who have signed voluntary departure paperwork or related documents should be identifiable by reference to the ICE tracking spreadsheet discussed in 5(a). Plaintiffs request that Defendants provide these requested documents to Plaintiffs' counsel on an ongoing weekly basis.

    **Response:**    Objection; this request is vague, calls for a legal conclusion, and is not proportionate to the needs of the preliminary injunction hearing set to take place on December 17, 2025, particularly in the context of expedited discovery and in considering the evidence that plaintiffs already presented at the November 4, 2025, temporary restraining order hearing, the number of depositions being sought on an expedited basis, and information and photographs obtained by counsel for plaintiffs during the site visit with their retained Rule 26(a)(2)(B) witness on November 13, 2025. This request is more akin to merits discovery which is improper at this time. Voluntary deportation forms, if signed, are maintained in the detainees' A file. The A files are physical files that are not routinely scanned or uploaded electronically. The paper file physically follows the detainees upon transfer. Collecting the paper A files (located all across the country) for detainees who have been processed at Broadview to determine whether they signed a voluntary self-deportation form would take an extraordinary effort — more than the reasonable and proportional effort required by the Federal Rules of Civil Procedure — that cannot be completed within the expedited timeframe the parties are working under and would significant impair government operations, and this request imposes a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). The following tangible items identified have been produced without waiving said objections:

| | | |
|---|---|---|
| FORM_001-000001 | FORM_001-000002 | Voluntary Departure and Verification of Departure Form |
| FORM_001-000003 | FORM_001-000006 | Notice to Appear Form |
| FORM_001-000007 | FORM_001-000020 | Blank Stipulation Form |
| FORM_001-000021 | FORM_001-000021 | Caregiver Designation at Arrest Form |
| FORM_001-000022 | FORM_001-000022 | Removable Parents – Pre-Removal Review Determination Form |
| FORM_001-000023 | FORM_001-000023 | Notice of Rights and Request for Disposition |

| FORM_001-000024 | FORM_001-000027 | Translated Forms Requiring Noncitizen's Signature – Haitian, Creole, and French |
| FORM_001-000028 | FORM_001-000030 | Translated Forms Requiring Noncitizen's Signature – Portuguese and Punjabi |
| FORM_001-000030 | FORM_001-000034 | Translated Forms Requiring Noncitizen's Signature – Spanish |
| FORM_001-000035 | FORM_001-000186 | List of Pro Bono Legal Service Providers Updated October 2025 |
| INTAKE_001-000001 | INTAKE_001-000003 | Broadview Intake Form |
| PHOTO_001-000014 | PHOTO_001-000014 | Forms, instructions, and processes photographed by plaintiffs' counsel on November 13, 2025 |
| PHOTO_001-000027 | PHOTO_001-000027 | |
| PHOTO_001-000039 | PHOTO_001-000043 | |
| PHOTO_001-000048 | PHOTO_001-000048 | AEO pending DHS review.  If plaintiffs seek to admit photos into evidence or otherwise file photos, plaintiffs should first provide the photos to defense counsel to determine whether a motion to file the photos under seal is needed. |
| PHOTO_001-000050 | PHOTO_001-000050 | |
| PHOTO_001-000048 | PHOTO_001-000057 | |
| PHOTO_001-000061 | PHOTO_001-000070 | |
| PHOTO_001-000085 | PHOTO_001-000085 | |
| PHOTO_001-000090 | PHOTO_001-000090 | |
| PHOTO_001-000101 | PHOTO_001-000104 | |
| PHOTO_001-000111 | PHOTO_001-000121 | |
| PHOTO_001-000141 | PHOTO_001-000143 | |
| PHOTO_001-000166 | PHOTO_001-000168 | |
| PHOTO_001-000188 | PHOTO_001-000197 | |
| PHOTO_001-000215 | PHOTO_001-000216 | |
| PHOTO_001-000252 | PHOTO_001-000252 | |
| PHOTO_001-000255 | PHOTO_001-000255 | |
| PHOTO_001-000306 | PHOTO_001-000306 | |
| PHOTO_001-000327 | PHOTO_001-000327 | |
| PHOTO_001-000329 | PHOTO_001-000330 | |
| PHOTO_001-000340 | PHOTO_001-000340 | |
| PHOTO_001-000358 | PHOTO_001-000358 | |
| PHOTO_001-000375 | PHOTO_001-000376 | |
| PHOTO_001-000380 | PHOTO_001-000380 | |
| PHOTO_001-000390 | PHOTO_001-000390 | |
| POSTR_001-000001 | POSTR_001-000004 | Email & Self-Deportation Flyer |
| POSTR_002-000001 | POSTR_002-000018 | Items Posted at Broadview |

Investigation continues.

16

8.      All Documents, including incident reports, logs, memoranda, email correspondence, and other existing records documenting any emergency in the Broadview facility during the Relevant Time Period.  For purpose of this request, "emergency" includes but is not limited to any incident in which medical services were provided to Detainees by first responders or paramedics, in which a Detainee was transported to an outside hospital, or in which a federal or local/municipal law enforcement entity was contacted by Defendants.

> **Response:**   Objection; this request is not proportionate to the needs of the preliminary injunction hearing set to take place on December 17, 2025, particularly in the context of expedited discovery and in considering the evidence that plaintiffs already presented at the November 4, 2025, temporary restraining order hearing, and this request imposes a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). The following tangible items have been produced without waiving said objections:

| ALERT_001-000001 | ALERT_001-000016 | E-Mails re Incident Reports and Hospital Admission Approvals |
| MEDCAL_001-000001 | MEDCAL_001-000127 | Medical Emergency and Medical Care Information |

9.      Video footage taken by the facility's surveillance cameras inside Broadview from the following time periods:

  a.   September 19, 2025 at 12:00 am to September 22, 2025 at 11:59 pm;

  b.   October 2, 2025 at 12:00 am to October 7, 2025 at 11:59 pm;

  c.   October 10, 2025 at 12:00 am to October 13, 2025 at 11:59 pm;

  d.   October 21, 2025 at 12:00 am to October 24, 2025 at 11:59 pm; and

  e.   October 30, 2025, at 12:00 a.m. to the present.

Plaintiffs reaffirm their request that all video footage and surveillance of the Broadview facility be preserved and not overwritten during the pendency of this litigation.  Plaintiffs request that Defendants provide updated video footage to Plaintiffs' counsel on an on-going weekly basis.

**Response:** Objection; this request is not proportionate to the needs of the preliminary injunction hearing set to take place on December 17, 2025, particularly in the context of expedited discovery and in considering the evidence that plaintiffs already presented at the November 4, 2025, temporary restraining order hearing, the number of depositions being sought on an expedited basis, and information and photographs obtained by counsel for plaintiffs during the site visit with their retained Rule 26(a)(2)(B) witness on November 13, 2025. This request is more akin to merits discovery which is improper at this time. Without waiving said objections, the following video footage has been produced to plaintiffs' attorneys on an attorneys' eyes-only basis pending counsel's review of the footage: September 28, 2025, to October 19, 2025 (Cameras 18, 21, 33, 46, and 62); and October 31, 2025, to November 7, 2025 (Cameras 18, 21, and 62). Plaintiffs have requested additional video footage in separate discovery requests, which will be responded to separately. Investigation continues.

10. All footage from inside Broadview taken by videographers or camera crews employed or contracted by Defendants during the Relevant Time Period, including but not limited to any footage taken during Defendant Noem's visit to Broadview on October 3, 2025, and footage taken by a camera crew on or around October 11, 2025.

**Response:** Objection; this request is vague and not proportionate to the needs of the preliminary injunction hearing set to take place on December 17, 2025, particularly in the context of expedited discovery and in considering the voluminous surveillance video footage already being produced (including for the dates identified), the evidence that plaintiffs already presented at the November 4, 2025, temporary restraining order hearing, the number of depositions being sought on an expedited basis, and information and photographs obtained by counsel for plaintiffs during the site visit with their retained Rule 26(a)(2)(B) witness on November 13, 2025. Defendants have already produced surveillance video footage for the dates identified. Moreover, the request for the Noem video footage will not lead to the production of admissible evidence because the footage does not show the conditions of detainees' confinement at Broadview. The footage follows Noem as she talks with DHS personnel (border patrol) outside the facility. There are a few clips of Noem inside the facility, but she is surrounded by DHS personnel (border patrol agents) and cameras. Noem is only shown in the area where employees are working on their computers and where Noem shakes hands with a few employees. The footage does not show Noem walking into any holding rooms or touring the facility. The camera is focused on Noem the whole time.

11.    Floor plans for each floor and area of Broadview, including room and area measurements and showing the location of all toilets, sinks, water fountains, and showers or other bathing facilities. For clarification, Plaintiffs request that the Defendants supplement the floor plan provided in Mr. Byers's declaration, ECF No. 39, Ex. A ¶ 15, to provide the location of toilets, sinks, and water fountains, as well as room and area measurements.

**Response:**    The following tangible item has been produced:

| BROAD_001-000001 | BROAD_001-000001 | Layout of Facility (with measurements) |
|---|---|---|

12.    The individual Plaintiffs' intake documents and A-files.

**Response:**    The following tangible items have been produced:

| Bates Begin | Bates End | Description |
|---|---|---|
| AFILE_001-000001 | AFILE_001-000023 | A File (Felipe Zamacona Saboeranis) |
| AFILE_002-000001 | AFILE_001-000035 | A File (Pablo Moreno Gonzalez) |

12.    A list of managers, supervisors, and staff at Broadview, including the dates they worked at Broadview during the Relevant Time Period, in order to identify deponents and facilitate discovery.

**Response:**    Objection; this request asks the defendants to compile a list that does not already exist, which is improper under Rule 34. Without waiving said objection, see LOG_003-000023 to LOG_003-000028 and STAFF_001-000001.

19

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Jana L. Brady
    JANA L. BRADY
    PATRICK JOHNSON
    IFEANYI MOGBANA
    Assistant United States Attorneys
    327 S. Church St., Suite 3300
    Rockford, Illinois 61101
    jana.brady@usdoj.gov
    patrick.johnson@usdoj.gov
    ifeanyi.mogbana@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 13323 |
| v. | ) | |
| | ) | Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department | ) | Magistrate Judge McNally |
| of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that the following document:

SUPPLEMENT TO DEFENDANTS' RESPONSE
TO PLAINTIFFS' REVISED EXPEDITED DISCOVERY REQUESTS

was sent by e-mail to counsel of record on November 24, 2025.

s/ Jana L. Brady
JANA L. BRADY
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444
jana.brady@usdoj.gov