**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, Secretary of the U.S. ) <br> Department of Homeland Security, in her ) <br> official capacity, *et al*. ) <br> ) <br> Defendants. ) | Case No.  25-cv-13323 <br> Hon. Robert W. Gettleman <br> Mag. Judge Laura K. McNally |

**PLAINTIFFS' SECOND SET OF EXPEDITED DISCOVERY REQUESTS**

Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, instruct that Defendants respond to the following Interrogatories and produce for inspection and copying the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within five (5) days of service and afterward supplement each response as may become necessary as required by Rule 26(e) and as set forth in individual requests.

**DEFINITIONS**

1. "Document(s)" means any writing or recording as broadly defined in Federal Rule of Civil Procedure 34(a)(1) and includes without limitation: (a) all writings of whatever type, nature, or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone

1

calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

2. "Communication(s)" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any persons, including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, social media posts, text messages, voice messages, voicemails, messages sent on phone applications including but not limited to Signal, Whatsapp, Telegram, faxes, notations, telegrams, advertisements, interviews, conferences, presentations, and all other Documents.

3. "Relating to" means discussing, describing, alluding to, analyzing, commenting on, concerning, constituting, referencing, evidencing, dealing with, regarding, responding to, setting forth, stating, or summarizing the referenced matter.

4. "Relevant Time Period" means September 8, 2025, through the Present.

5. "Defendants" means Defendants in the above-captioned action.

6. "Plaintiffs" means the named Plaintiffs and the class as certified in the above-captioned action.

7. "You," "Your," and "Yours" means Defendants in the above-captioned action.

*8.* "Complaint" means the Complaint in the above-captioned action filed in the Northern District of Illinois on October 30, 2025, entitled Class Action Complaint in *Pablo Moreno Gonzalez, et al. v. Kristi Noem, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.*

9. "Broadview" means the Broadview ICE facility at 1930 Beach Street, Broadview, Illinois.

## INSTRUCTIONS

1. In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 34(b)(2).

2. In construing these Requests, You should give effect to the Definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

3. Respond to each Request separately and fully unless it is objected to, in which event the specific reason for the objection must be stated.

4. In the event that any requested Document has been destroyed, lost, discarded or is otherwise missing or no longer in Your possession, custody, or control, identify the Document as completely as possible and specify the circumstances of the Document's disposal, including but not limited to the Document's disposal date, disposal manner, disposal reason, the person who authorized the disposal (if applicable), and the person who disposed of the Document or who has information about the nature of the disposal.

3

5. If there are no Documents responsive to any particular request, the response shall state so explicitly in writing.

6. If any Documents responsive to a request are known by You to exist but are not in your possession, custody or control, identify those Document(s) and the Person who has possession, custody or control thereof.

5. If You are not producing Documents in response to any of the Requests herein, Your response should make clear that You are not producing Documents in response to that Request and the basis for withholding the documents.

6. If Your response to any Request is qualified in any particular manner, set forth the details of such qualification.

7. In responding to these Requests furnish all information and produce all Documents in Your possession, custody, or control including not only information and Documents immediately available to Your counsel, but also Documents that are available to or in the possession, custody, or control of any third-party, such as an agent or business partner, that is reasonably available to You upon Your request.

8. All Documents should be produced according to the terms of any stipulation between the parties or any court order regarding discovery of electronically stored information. If there is no stipulation or court order, all Documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

9. If any Document responsive to these Requests is withheld under a claim of privilege, You must provide a privilege log according to the terms of any stipulation between the parties or

4

any court order regarding privilege logs. If there is no stipulation or court order, You must identify the basis for the privilege and provide sufficient information to assess the claim of privilege, including the following:

    a.    Date, author, addressees, persons carbon copied or blind carbon copied, including the relationship of those persons to You or the author of the Document;

    b.    Brief description sufficient to identify the type, subject matter, and purpose of the Document;

    c.    All persons to whom the Document's contents have been disclosed;

    d.    The party who is asserting the privilege.

10.    Wherever used herein: the singular shall include the plural and the plural shall include the singular; verb tenses shall be interpreted to include past, present, and future tenses; the word "all" includes the word "any" and vice versa; and the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any Documents which might otherwise be construed to be outside their scope.

11.    If You object to part of a Request and refuse to respond to that part, You must produce all Documents called for which are not subject to that objection. Similarly, wherever a Document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not produced. If You object to a Request's scope or time period, state Your objection and respond to the Request for the scope or time period You believe is appropriate.

12.    Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

13. You are to produce the original and each non-identical copy of all Documents requested herein that are in Your possession, custody or control.

### REQUESTS FOR PRODUCTION

14. All Documents and Communications regarding the scheduling and preparation for the court-ordered Rule 34 inspection of the Broadview facility on November 13, 2025.

15. Documents and Communications supporting the descriptions requested in Interrogatory No. 1, *infra*, *i.e.*, those sufficient to show Your and Your Agents' efforts to comply with the Temporary Restraining Order issued in the above captioned matter on November 5, 2025 (ECF No. 49), including, but not limited to, your efforts to accomplish the fifteen (15) enumerated requirements and the current status of each of those fifteen directives.

16. Documents and Communications sufficient to show Your current plans for the use of Broadview during the next six months. This includes Documents indicating whether immigration enforcement personnel temporarily reassigned for the winter are scheduled to return to the Chicago area in the spring.[1]

17. Documents sufficient to identify any facilities that are currently being used to process individuals arrested within the Northern District of Illinois for functions that, as of October 2025, were being performed at Broadview. This request includes identification of any locations where detainees are presently being taken in lieu of Broadview for the same processing activities.

18. Documents and data sufficient to show the following information from the Relevant Time Period for all persons *arrested and detained* by You and Your agents within the Northern District of Illinois: the name, age, case number or A Number, country of citizenship, history of

---

[1] *See* Jon Seidel & Tina Sfondeles, *U.S. Border Patrol boss Greg Bovino, fellow agents to soon leave Chicago but could be back four-fold in March*, IPM News (Nov. 12, 2025), https://ipmnewsroom.org/u-s-border-patrol-boss-greg-bovino-fellow-agents-to-soon-leave-chicago-but-could-be-back-four-fold-in-march/ [https://perma.cc@/CB3D-H77C].

and current location of detention (including the date and time such person was arrested, booked in, detained, processed, transferred to another facility, and/or removed from the United States), and current case status, including the final disposition and whether such person was subject to a voluntary departure. The response to this Request includes but is not limited to unredacted spreadsheets with data relevant to any facilities in which persons arrested within the Northern District of Illinois have been detained during the Relevant Time Period, including "Arrest" and "Detention" spreadsheets by the ERO LESA Statistical Tracking Unit.[2] Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on an on-going weekly basis.

19. All formal and informal policies, procedures, directives, regulations, and guidance memoranda in effect during the Relevant Time Period related to Your retention of Documents and Communications ("Document Retention Policies") related to the Broadview facility and Operation Midway Blitz.

20. All Documents and Communications reflecting Your suspension of Document Retention Policies for Documents and Communications related to this litigation during the pendency of this litigation, including but not limited to Your suspension of any video record overwriting.

21. Any litigation hold notice issued regarding this litigation, including a list of recipients of any such notice.

---

[2] Spreadsheets of this Arrest and Detention data in the Chicago area have previously been produced to the Deportation Data Project (https://deportationdata.org/data/ice.html) and Block Club Chicago. Mick Dumke, *ICE Arrested Nearly 400 In Chicago, Nearby States In The Days After Trump's Inauguration: Records*, Block Club Chicago (Sept. 16, 2025), https://blockclubchicago.org/2025/09/16/ice-arrested-nearly-400-in-chicago-nearby-states-in-the-days-after-trumps-inauguration-records/.

## INTERROGATORIES

1. Describe in detail Your and Your Agents' efforts to comply with the Temporary Restraining Order issued in the above captioned matter on November 5, 2025 (ECF No. 49), including, but not limited to, your efforts to accomplish the fifteen (15) enumerated requirements and the current status of each of those fifteen directives. As an example, for directive number 1 (requiring Defendants to "provide all persons detained at Broadview…overnight in any hold room, cell, or other space… with a clean bedding mat and bedding with sufficient space to sleep"), describe, at least, when you initiated efforts to obtain such bedding, how you did so (who you contacted, what vendors were approached, etc.), any policies or directives issued to personnel running the Broadview site designed to facilitate compliance with this directive, whether (and when) the directive has been accomplished, and how it will continue to be enforced.

2. Describe when and why the population at Broadview decreased shortly after the filing of the above-captioned matter, including, *inter alia*, whether detainees arrested within the Northern District of Illinois are or were being held at alternative facilities (and, if so, where) for the same processing purposes that were being carried out at the Broadview site in October 2025, and whether personnel were directed or encouraged to reduce the population at Broadview before the court-ordered Rule 34 inspection of the Broadview facility on November 13, 2025.

3. Describe the decision-making process, identify the decisionmakers, and explain the present plan for use of Broadview and/or other facilities for detention and processing of detainees arrested within the Northern District of Illinois over the next six months, including whether immigration enforcement personnel temporarily reassigned for the winter are scheduled to return

to the Chicago area in the spring,[3] and whether you intend to adhere to the directives of the November 5, 2025, TRO entered in this case.

4. Describe the process by which You identified documents responsive to each of Plaintiffs' Revised Expedited Discovery Requests (served November 6, 2025) and Plaintiffs' Second Set of Expedited Discovery Requests, including:

    a. How You identified individuals likely to have responsive information;

    b. Names and job titles of the custodians whose data was searched;

    c. Type of document sources searched (*i.e.*, email; hard drives; messaging apps, including Microsoft Teams, Signal; text messages);

    d. Document collection method (*i.e.*, self-collection; inbox, hard drive, phone imaging; other);

    e. Search terms used; and

    f. Any date restrictions applied on the searches.

5. Identify each individual who received a litigation hold notice related to this litigation and the claims raised in the Complaint, the method by which the hold notice was provided, and the date on which each such individual received that hold notice.

Dated: November 21, 2025

Respectfully submitted,

*/s/ Danielle Berkowsky*
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611

---

[3] *See* n.2, *supra*.

9

        Phone: 312-503-1336
        alexa.vanbrunt@macarthurjustice.org
        jonathan.manes@macarthurjustice.org
        danielle.berkowsky@macarthurjustice.org
        chisato.kimura@macarthurjustice.org

        */s/ Kevin M. Fee*_____
        Kevin M. Fee
        Michelle T. García
        Rebecca K. Glenberg
        Samuel Cole
        Jennifer Stark
        Kathleen Hickey
        **ROGER BALDWIN FOUNDATION OF ACLU, INC.**
        150 N. Michigan, Suite 600
        Chicago, Illinois 60601
        Phone: (312) 201-9740
        kfee@aclu-il.org
        mgarcia@aclu-il.org
        rglenberg@aclu-il.org
        scole@aclu-il.org
        jstark@aclu-il.org
        khickey@aclu-il.org

        */s/ Nathan P. Eimer*_____
        Nathan P. Eimer
        Scott C. Solberg
        Michael L. McCluggage
        James B. Speta
        Lisa S. Meyer
        Brent R. Austin
        Alec Solotorovsky
        **EIMER STAHL LLP**
        224 S. Michigan Avenue, Suite 1100
        Chicago, Illinois 60604
        Phone: 312-660-7600
        neimer@eimerstahl.com
        ssolberg@eimerstahl.com
        mmccluggage@eimerstahl.com

                                                  jspeta@eimerstahl.com
                                                  lmeyer@eimerstahl.com
                                                  baustin@eimerstahl.com
                                                  asolotorovsky@eimerstahl.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 21 Day of November, 2025, a true and correct copy of the above and foregoing **Plaintiffs' Second Set of Expedited Discovery Requests** were sent by electronic mail to counsel to all counsel who have filed appearances in the above-captioned case.

                                                  /s/ *Danielle Berkowsky*
                                                  Danielle Berkowsky