**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.* | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 25-cv-13323<br>Hon. Robert W. Gettleman<br>Mag. Judge Laura K. McNally |
| KRISTI NOEM, Secretary of the U.S.<br>Department of Homeland Security, in her<br>official capacity, *et al*. | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE OF**
**RULE 30(b)(6) DEPOSITION OF DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, will take the deposition by oral examination of Defendants, at 10:00 a.m. Central Standard Time on Tuesday, December 9, 2025 (or such other date and time as may be agreed upon) at the law offices of Eimer Stahl LLP, 224 South Michigan Avenue, Suite 1100, Chicago, Illinois 60604. The deposition will be taken before an officer authorized to administer oaths pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure, will be recorded on stenographic means (including the use of Realtime or similar software that simultaneously displays witness testimony) and by videographic means. Plaintiff reserves the right to use the videotape deposition at the time of trial.

Pursuant to Rule 30(b)(6), Defendants shall designate and produce at the deposition those of its officers, directors, or managing agents, who are most qualified and consent to testify on their behalf as to those matters set forth in the notice under the heading "Topics by Examination" to the extent of all information reasonably available to Defendant.

Five days prior to the deposition, Defendants shall provide: (1) the name(s) and title(s) of the person(s) they will designate to give testimony and (2) a list of the Topics by Examination for which each witness will give testimony.

## DEFINITIONS

This Notice incorporates the definitions included in Plaintiffs' prior requests for production.

## TOPICS FOR EXAMINATION

1. Your efforts and plans to comply with the Temporary Restraining Order issued in the above-captioned matter on November 5, 2025 (ECF No. 49), including current efforts and future plans to accomplish the fifteen (15) enumerated requirements, and the current status of implementation of each of those directives, in particular:

   a. Clean bedding and a mat with sufficient space to sleep;
   b. Hold rooms cleaned twice a day;
   c. Clocks with date and time in each hold room;
   d. Adequate supplies of soap, towels, toilet paper, and oral hygiene products (including toothbrushes and toothpaste) for each detainee and menstrual products for women Detainees;
   e. Showers every other day;
   f. Clean toilet facilities;
   g. Three full meals per day that meet U.S. recommended daily allowances;
   h. Bottled water with each meal and on demand, free of charge;
   i. Detainees provided with prescription medication in their possession upon arrest or dropped off, with proper storage;
   j. Private telephone access to attorneys;
   k. Attorney-client communications carried out in such a way to protect attorney-client privilege;
   l. Provision of a pro bono attorney list in English and Spanish upon arrival, with interpreter services provided as needed;
   m. Online Detainee Locator updated upon arrival at Broadview;
   n. Content of papers provided to Detainees not being misrepresented.

2. Your efforts and plans undertaken after the filing of the Complaint to reduce the amount of time individuals arrested for immigration violations in Illinois, Wisconsin, and Indiana spend at Broadview, including by routing them to alternative processing locations or by limiting the duration of their detention at Broadview.

3. Information concerning population numbers and trends at Broadview and other processing facilities including but not limited to the following:

    a. the number of people held at Broadview on average in

        i. June 2025;

        ii. September 2025;

        iii. October 2025;

    b. the number of people held in Broadview during the day and overnight on

        i. November 3, 2025;

        ii. November 13, 2025;

        iii. November 24, 2025;

        iv. the day of the Rule 30(b)(6) deposition;

    c. whether individuals arrested in the Northern District of Illinois were detained at facilities other than Broadview for processing during the Relevant Time Period and prior to the filing of the Complaint in this action (e.g., in September and October 2025), and if so, in which facilities and the average number of people held in those facilities in

        i. September 2025;

        ii. October 2025; and

       d.    Whether individuals arrested in the Northern District of Illinois were detained at facilities other than Broadview for processing after the filing of the Complaint, and if so, in which facilities and the average number of people held in those facilities to date in November 2025.

4.    Your plans for the future implementation of Operation Midway Blitz or any other immigration enforcement operation in the Northern District of Illinois over the next six months, including but not limited to your plans for the allocation of immigration personnel to the Chicagoland area, your plans for the use of the Broadview facility, and/or your plans for the use of any alternative processing location instead of Broadview.

5.    Your preparation and/or plan for the court-ordered Rule 34 inspection of the Broadview facility on November 13, 2025, including any instructions or guidance you received from any official or agent regarding such preparations and whether and how you followed such instructions or guidance. This topic specifically seeks information about whether personnel were directed or encouraged to reduce the population at Broadview before the court-ordered Rule 34 inspection of the Broadview facility and if so, why they were directed to do so, by whom they were instructed, and who was charged with carried out the instructions.

6.    All procedures, policies directives, instructions, written signs, or guidance (either formal or informal) that **were or are in effect** during the Relevant Time Period at Broadview concerning the following topics:

       a.    Advising Detainees of their constitutional and legal rights;

       b.    Communication with Detainees, including those who have limited English proficiency;

       c.    Usage of language line and other interpreter services;

  d. Fluency testing of employees serving as interpreters;

  e. Conducting intake of Detainees upon arrival at Broadview;

  f. Processing Detainees;

  g. Offering voluntary departure to Detainees, including any monetary incentives offered;

  h. Performance awards, incentives, standards, quotas, requirements, or the like related to obtaining a Detainee's consent to voluntary departure, removal, or otherwise foregoing immigration court review;

  i. Requesting or securing signatures from Detainees on any documents presented to them;

  j. Explaining to Detainees the contents of any documents presented to them;

  k. Attorneys' access to Detainees;

  l. Detainees' access to attorneys, including telephonic and in-person;

  m. Detainees' access to phone calls;

  n. Provision of medical screening and medical care to Detainees, including mental health screening and care;

  o. Screening Detainees for disabilities, sexual orientation and gender identity, pregnancy, whether an individual presents as a "safety hazard," or other vulnerable conditions that may exempt a Detainee from being placed in a hold room;

  p. Protocols for medical emergencies and infection control;

      q. Provision of food, water, hygiene products, clothes, shoes, bedding, blankets, and any other supplies to Detainees; and

      r. Maintenance of detention and inspection logs; and

      s. Maintenance and updating of the ICE Detainee Online Locator.

7. Any and all training of personnel at the Broadview facility, including formal or informal onboarding processes and instructional materials, on the topics set forth in No. 6.

8. The processes for tracking arrestees/detainees in ICE custody from the moment of their arrest through their transfer out of Broadview, including but not limited to their intake, processing, duration of detention at Broadview, destination after transfer out of Broadview, and how the BSSA Daily Cell Logs are filled in, including the meaning of the abbreviations and color-coding used in the logs produced to Plaintiffs in production in this case.

9. The processes for updating and maintaining the ICE online detainee locator, including the purpose of the locator, when it is updated, how it is updated, how frequently it is updated, who updates the locator (title and position), what information is included in the locator, and the circumstances under which Detainees' locations at Broadview are withheld from the locator.

10. Regarding the video recording system at the Broadview facility:

      a. The video system architecture, including cameras, storage, network topology, and failover systems.

      b. Retention policies and system settings for the video system, including how video footage is recorded, compressed, stored, indexed, and overwritten.

      c. The loss of the video footage for October 20-31, 2025, including how the footage was lost and what efforts were made to recover it.

      d.    The activities of Five by Five Management, LLC, ASI Security, and any other government personnel involved in operating and maintaining the video system.

11.    Information pertaining to the documents produced by Defendants in response to Plaintiffs' Requests for Production in this litigation, including but not limited to receipts, purchase documents, and contracts for supplies, service documents (e.g., for janitorial and medical services), detainee transfer documents, medical treatment forms, intake forms, staff lists, A files, housing logs, facility audits and compliance checks, notices to Broadview facility staff, and emails to and from attorneys seeking access to clients.

Dated: November 24, 2025

Respectfully submitted,

*s/ Nathan P. Eimer*
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
Alec Solotorovsky
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com
asolotorovsky@eimerstahl.com

*/s/ Jonathan Manes*
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky

        Chisato Kimura
        **MACARTHUR JUSTICE CENTER**
        160 E. Grand Avenue, 6th floor
        Chicago, Illinois 60611
        Phone:  312-503-1336
        alexa.vanbrunt@macarthurjustice.org
        jonathan.manes@macarthurjustice.org
        danielle.berkowsky@macarthurjustice.org
        chisato.kimura@macarthurjustice.org

        */s/ Kevin M. Fee*
        Kevin M. Fee
        Michelle T. García
        Rebecca K. Glenberg
        Samuel Cole
        Jennifer Stark
        Kathleen Hickey
        **ROGER BALDWIN FOUNDATION OF ACLU, INC.**
        150 N. Michigan, Suite 600
        Chicago, Illinois 60601
        Phone: (312) 201-9740
        kfee@aclu-il.org
        mgarcia@aclu-il.org
        rglenberg@aclu-il.org
        scole@aclu-il.org
        jstark@aclu-il.org
        khickey@aclu-il.org

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of November, 2025, a true and correct copy of **Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendants**, was served by electronic mail to all counsel who have filed appearances in the above-captioned case:

        */s/ Nathan P. Eimer*