**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 25-cv-13323 |
| v. | ) | Hon. Robert W. Gettleman |
| | ) | Mag. Judge Laura K. McNally |
| KRISTI NOEM, Secretary of the U.S. | ) | |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFFS' SUBPOENA AND NOTICE OF RULE 30(b)(6) DEPOSITION OF THIRD-PARTY ASI SECURITY**</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, Plaintiffs Pablo Moreno Gonzalez and Felipe Agustin Zamacona ("Plaintiffs") will take the deposition of the person or persons designated under Rule 30(b)(6) by third-party ASI Security as most knowledgeable of the subject matters set forth in the attached Schedule A Topics for Examination. ASI Security must also provide the documents set forth in the attached Schedule A Documents to Produce to Plaintiffs no later than December 5, 2025.

The deposition shall take place at Eimer Stahl LLP, 224 South Michigan Avenue, Suite 1100, Chicago, Illinois 60604, on December 10, 2025 at 9:00 AM Central Time, and shall continue from day to day (weekends and holidays excepted) until completed. The deposition shall be recorded stenographically and by videotape.

ASI Security is advised that Rule 30(b)(6) requires it to produce one or more witnesses at the stated location and time who are aware of and prepared to testify about ASI Security's knowledge, and not just information personally known by the witness, of the topics described and set forth below in the attached Schedule A Topics of Examination. If the designated representative

1

or representatives do not have such knowledge, they are required to acquire it through whatever reasonable investigation may be necessary.

Dated: November 24, 2025                                      Respectfully submitted,

/s/ Alec Solotorovsky                                        /s/ Alexa Van Brunt
Nathan P. Eimer                                              Alexa Van Brunt
Scott C. Solberg                                             Jonathan Manes
Michael L. McCluggage                                        Danielle Berkowsky
James B. Speta                                               Chisato Kimura (license pending)
Lisa S. Meyer                                                **MACARTHUR JUSTICE CENTER**
Brent R. Austin                                              160 E. Grand Avenue, 6th floor
Alec Solotorovsky                                            Chicago, Illinois 60611
**EIMER STAHL LLP**                                          Phone:  312-503-1336
224 S. Michigan Avenue, Suite 1100                           alexa.vanbrunt@macarthurjustice.org
Chicago, Illinois 60604                                      jonathan.manes@macarthurjustice.org
Phone:  312-660-7600                                         danielle.berkowsky@macarthurjustice.org
neimer@eimerstahl.com                                        chisato.kimura@macarthurjustice.org
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com                                        /s/ Kevin M. Fee
lmeyer@eimerstahl.com                                        Kevin M. Fee
baustin@eimerstahl.com                                       Michelle T. García
asolotorovsky@eimerstahl.com                                 Rebecca K. Glenberg
                                                             Samuel Cole
                                                             Jennifer Stark
                                                             Kathleen Hickey
                                                             **ROGER BALDWIN FOUNDATION OF
                                                             ACLU, INC.**
                                                             150 N. Michigan, Suite 600
                                                             Chicago, Illinois 60601
                                                             Phone: (312) 201-9740
                                                             kfee@aclu-il.org
                                                             mgarcia@aclu-il.org
                                                             rglenberg@aclu-il.org
                                                             scole@aclu-il.org
                                                             jstark@aclu-il.org
                                                             khickey@aclu-il.org

                                                             *Counsel for Plaintiffs*

2

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of November, 2025, a true and correct copy of the above was sent by electronic mail to all counsel who have filed appearances in the above-captioned case.

_/s/ Alec Solotorovsky_
Alec Solotorovsky

## SCHEDULE A

## <u>DEFINITIONS</u>

1. "ASI Security" means ASI Security located at 1439 N. Great Neck Rd, Ste 100, Virginia Beach, VA 23454, including its predecessors or successors, as well as its past and present officers, directors, employees, agents, partners, subsidiaries, affiliates, and related entities.

2. "Broadview" means the Broadview U.S. Immigration and Customs Enforcement ("ICE") facility, located at 1930 Beach Street, Broadview, Illinois.

3. "Document" includes, but is not limited to: (a) all writings of whatever type, nature or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

4. "Communication" includes, but is not limited to, any discussion, meeting, conversation, correspondence, message, letter, e-mail, facsimile, note, memoranda, text message, and voicemail.

5. "Referring to" or "relating to" shall mean the following, but is not limited to, concerning, consists of, refers to, reflects, evidences, displays, shows, proves, is in any way legally, logically or factually connected with the matter referred to or has a tendency to prove or disprove the matter referred to.

6. Any use of the word "and" shall include "or" and vice versa.

7. As used herein, any use of the singular shall include the plural and the plural the singular. Any word connoting the masculine gender shall include the feminine and non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of non-gender shall include both the masculine and feminine.

8. As used herein, any use of the past tense shall include the present and future tense. Any use of the present or future tense shall also include the past tense.

## DOCUMENTS TO PRODUCE

1. All Documents related to ASI Security's work for and at, or encompassing Broadview.

2. All Documents related to the loss of Broadview video recordings from October 20, 2025 through October 31, 2025, including how the loss happened and any efforts to recover the lost footage.

3. All communications with the United States Government related to Broadview from January 1, 2025 to present.

4. All communications with Five by Five Management, LLC regarding Broadview, including the lost footage from October 20, 2025 through October 31, 2025.

5. All guidelines, standards, requirements, and government directives concerning the creation, maintenance, retention or destruction of videos relating to Broadview.

6. ASI Security's contract and statement of work related to its work for and at Broadview.

7. Documents sufficient to identify the professional experience and qualifications of all ASI Security personnel who were involved in operating and maintaining the video system at Broadview or otherwise had access to such system.

## TOPICS OF EXAMINATION

1. ASI Security's work for and at, or encompassing Broadview.

2. The loss of the October 20, 2025 through October 31, 2025 Broadview video recordings, including how the loss happened and any efforts to recover the lost footage.

3. ASI Security's relationship and communications with the United States Government regarding Broadview.

4. Guidelines, standards, requirements, and government directives concerning ASI Security's creation, maintenance, retention or destruction of videos relating to Broadview.

5. ASI Security's contract and statement of work related to its work for and at Broadview.

6. Communications and the working relationship between ASI Security and Five by Five Management, LLC regarding Broadview.

**7.** The documents produced by ASI Security in response to this subpoena.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

PABLO MORENO GONZALEZ, et al., )
*Plaintiff* )
v. ) Civil Action No. 25-CV-13323
KRISTI NOEM, Secretary of the U.S. Department of )
Homeland Security, et al., )
*Defendant* )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Five by Five Management, LLC
c/o Kenneth Nichol
834 Burning Trail, Carol Stream, IL 60188

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A. You are requested to produce the documents at least three days in advance of the deposition at a mutually convenient time and place.

| Place: EIMER STAHL LLP | Date and Time: |
| 224 S. Michigan Ave. Ste. 1100 | |
| Chicago, IL 60604 | 12/05/2025 9:00 am |

The deposition will be recorded by this method: stenographically and by videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A - You are requested to produce the documents at least three days in advance of the deposition at a mutually convenient time and place.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/21/2025

| *CLERK OF COURT* | |
| | OR |
| | /s/ Nathan P. Eimer |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PABLO MORENO GONZALEZ, FELIPE AGUSTIN ZAMACONA, and the certified class , who issues or requests this subpoena, are:

Nathan P. Eimer; 224 S. Michigan Ave. Ste. 1100, Chicago, IL 60604; neimer@eimerstahl.com; 312-660-7600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 25-CV-13323

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

   ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

   ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

                                         _____
                                              *Server's signature*

                                         _____
                                            *Printed name and title*

                                         _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1. "Five by Five" means Five by Five Management, LLC, located at 834 Burning Trail, Carol Stream, IL 60188, including its predecessors or successors, as well as its past and present officers, directors, employees, agents, partners, subsidiaries, affiliates, and related entities.

2. "Broadview" means the Broadview U.S. Immigration and Customs Enforcement ("ICE") facility, located at 1930 Beach Street, Broadview, Illinois.

3. "Document" includes, but is not limited to: (a) all writings of whatever type, nature or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

4. "Communication" includes, but is not limited to, any discussion, meeting, conversation, correspondence, message, letter, e-mail, facsimile, note, memoranda, text message, and voicemail.

5. "Referring to" or "relating to" shall mean the following, but is not limited to, concerning, consists of, refers to, reflects, evidences, displays, shows, proves, is in any way legally, logically or factually connected with the matter referred to or has a tendency to prove or disprove the matter referred to.

6. Any use of the word "and" shall include "or" and vice versa.

7. As used herein, any use of the singular shall include the plural and the plural the singular. Any word connoting the masculine gender shall include the feminine and non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of non-gender shall include both the masculine and feminine.

1

8. As used herein, any use of the past tense shall include the present and future tense. Any use of the present or future tense shall also include the past tense.

## DOCUMENTS TO PRODUCE

1. All documents related to Five by Five's work for and at, or encompassing Broadview.

2. All documents related to the loss of Broadview video recordings from October 20, 2025 through October 30, 2025, including how the loss happened and any efforts to recover the lost footage.

3. All communications with the government related to Broadview.

4. All guidelines, standards, requirements, and government directives concerning the creation, maintenance, retention or destruction of videos relating to Broadview.

5. Five by Five's contract and statement of work related to its work for and at Broadview.

6. Documents sufficient to identify the professional experience and qualifications of all Five by Five personnel who were involved in operating and maintaining the video system at Broadview or otherwise had access to such system.

## TOPICS OF EXAMINATION

1. Five by Five's work for and at, or encompassing Broadview.

2. The loss of the October 20, 2025 through October 30, 2025 Broadview video recordings, including how the loss happened and any efforts to recover the loss footage.

3. Five by Five's relationship and communications with the government regarding Broadview.

4. Guidelines, standards, requirements, and government directives concerning Five by Five's creation, maintenance, retention or destruction of videos relating to Broadview.

5. Five by Five's contract and statement of work related to its work for and at Broadview.

6. The documents produced by Five by Five in response to this subpoena.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.  25-cv-13323 |
| v. | ) | Hon. Robert W. Gettleman |
| | ) | Mag. Judge Laura K. McNally |
| KRISTI NOEM, Secretary of the U.S. | ) | |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUBPOENA AND NOTICE OF RULE 30(b)(6) DEPOSITION OF
THIRD-PARTY FIVE BY FIVE MANAGEMENT, LLC**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and

45, Plaintiffs Pablo Moreno Gonzalez and Felipe Agustin Zamacona ("Plaintiffs") will take the

deposition of the person or persons designated under Rule 30(b)(6) by third-party Five by Five

Management, LLC ("Five by Five") as most knowledgeable of the subject matters set forth in the

attached Schedule A Topics for Examination. Five by Five must also provide the documents set

forth in the attached Schedule A Documents to Produce to Plaintiffs no later than three days prior

to the deposition, or December 2, 2025.

The deposition shall take place at Eimer Stahl LLP, 224 South Michigan Avenue, Suite

1100, Chicago, Illinois 60604, on December 5, 2025 at 9:00 AM Central Time, and shall continue

from day to day (weekends and holidays excepted) until completed. The deposition shall be

recorded stenographically and by videotape.

Five by Five is advised that Rule 30(b)(6) requires it to produce one or more witnesses at

the stated location and time who are aware of and prepared to testify about Five by Five's

knowledge, and not just information personally known by the witness, of the topics described and

1

set forth below in the attached Schedule A Topics of Examination. If the designated representative

or representatives do not have such knowledge, they are required to acquire it through whatever

reasonable investigation may be necessary.


Dated: November 21, 2025                                Respectfully submitted,

*/s/ Nathan P. Eimer*                                  */s/ Alexa Van Brunt*
Nathan P. Eimer                                        Alexa Van Brunt
Scott C. Solberg                                       Jonathan Manes
Michael L. McCluggage                                  Danielle Berkowsky
James B. Speta                                         Chisato Kimura (license pending)
Lisa S. Meyer                                          **MACARTHUR JUSTICE CENTER**
Brent R. Austin                                        160 E. Grand Avenue, 6th floor
Alec Solotorovsky                                      Chicago, Illinois 60611
**EIMER STAHL LLP**                                    Phone:  312-503-1336
224 S. Michigan Avenue, Suite 1100                     alexa.vanbrunt@macarthurjustice.org
Chicago, Illinois 60604                                jonathan.manes@macarthurjustice.org
Phone:  312-660-7600                                   danielle.berkowsky@macarthurjustice.org
neimer@eimerstahl.com                                  chisato.kimura@macarthurjustice.org
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com                                  */s/ Kevin M. Fee*
lmeyer@eimerstahl.com                                  Kevin M. Fee
baustin@eimerstahl.com                                 Michelle T. García
asolotorovsky@eimerstahl.com                           Rebecca K. Glenberg
                                                       Samuel Cole
                                                       Jennifer Stark
                                                       Kathleen Hickey
                                                       **ROGER BALDWIN FOUNDATION OF
                                                       ACLU, INC.**
                                                       150 N. Michigan, Suite 600
                                                       Chicago, Illinois 60601
                                                       Phone: (312) 201-9740
                                                       kfee@aclu-il.org
                                                       mgarcia@aclu-il.org
                                                       rglenberg@aclu-il.org
                                                       scole@aclu-il.org
                                                       jstark@aclu-il.org
                                                       khickey@aclu-il.org

                                                       *Counsel for Plaintiffs*


2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 21st day of November, 2025, a true and correct copy of the above was sent by electronic mail to all counsel who have filed appearances in the above-captioned case.

*/s/ Nathan P. Eimer*
Nathan P. Eimer

## SCHEDULE A

## DEFINITIONS

1.  "Five by Five" means Five by Five Management, LLC, located at 834 Burning Trail, Carol Stream, IL 60188, including its predecessors or successors, as well as its past and present officers, directors, employees, agents, partners, subsidiaries, affiliates, and related entities.

2.  "Broadview" means the Broadview U.S. Immigration and Customs Enforcement ("ICE") facility, located at 1930 Beach Street, Broadview, Illinois.

3.  "Document" includes, but is not limited to: (a) all writings of whatever type, nature or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

4.  "Communication" includes, but is not limited to, any discussion, meeting, conversation, correspondence, message, letter, e-mail, facsimile, note, memoranda, text message, and voicemail.

5.  "Referring to" or "relating to" shall mean the following, but is not limited to, concerning, consists of, refers to, reflects, evidences, displays, shows, proves, is in any way legally, logically or factually connected with the matter referred to or has a tendency to prove or disprove the matter referred to.

6.  Any use of the word "and" shall include "or" and vice versa.

7.  As used herein, any use of the singular shall include the plural and the plural the singular. Any word connoting the masculine gender shall include the feminine and non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of non-gender shall include both the masculine and feminine.

8. As used herein, any use of the past tense shall include the present and future tense. Any use of the present or future tense shall also include the past tense.

## DOCUMENTS TO PRODUCE

1. All documents related to Five by Five's work for and at, or encompassing Broadview.

2. All documents related to the loss of Broadview video recordings from October 20, 2025 through October 30, 2025, including how the loss happened and any efforts to recover the lost footage.

3. All communications with the government related to Broadview.

4. All guidelines, standards, requirements, and government directives concerning the creation, maintenance, retention or destruction of videos relating to Broadview.

5. Five by Five's contract and statement of work related to its work for and at Broadview.

6. Documents sufficient to identify the professional experience and qualifications of all Five by Five personnel who were involved in operating and maintaining the video system at Broadview or otherwise had access to such system.

## TOPICS OF EXAMINATION

1. Five by Five's work for and at, or encompassing Broadview.

2. The loss of the October 20, 2025 through October 30, 2025 Broadview video recordings, including how the loss happened and any efforts to recover the loss footage.

3. Five by Five's relationship and communications with the government regarding Broadview.

4. Guidelines, standards, requirements, and government directives concerning Five by Five's creation, maintenance, retention or destruction of videos relating to Broadview.

5. Five by Five's contract and statement of work related to its work for and at Broadview.

6. The documents produced by Five by Five in response to this subpoena.

5

Rec'd 11/25
3:20pm

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    1:25-CV-13323 |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al., | ) ) | |
| *Defendant* | ) | |

**AMENDED**
## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  ASI Security - 1439 N. Great Neck Rd, Ste 100, Virginia Beach, VA 23454
c/o Registered Agent Meagan J. Kalantar - Williams Mullen, 222 Central Park Avenue, Suite 1700, Virginia Beach, VA 23462

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Schedule A

| | |
|---|---|
| EIMER STAHL LLP - 224 S. Michigan Ave. Ste. 1100 Chicago, IL 60604 | |
| Place: ~~or~~ By Remote Deposition (if the 30(b)(6) deponent chosen resides, is employed, or regularly transacts business in person more than 100 miles from Chicago, IL) | Date and Time:   12/10/2025 9:00 am |

The deposition will be recorded by this method:   stenographically and by videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A - You are requested to produce the documents at least three days in advance of the deposition at a mutually convenient time and place.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/24/2025

CLERK OF COURT

OR

/s/ Alec Solotorovsky
_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   PABLO MORENO GONZALEZ, et al., _____ , who issues or requests this subpoena, are:

Alec Solotorovsky, 224 S. Michigan Ave. Ste. 1100, Chicago, IL 60604; asolotorvsky@eimerstahl.com; 312-660-7600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:25-CV-13323

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1. "ASI Security" means ASI Security located at 1439 N. Great Neck Rd, Ste 100, Virginia Beach, VA 23454, including its predecessors or successors, as well as its past and present officers, directors, employees, agents, partners, subsidiaries, affiliates, and related entities.

2. "Broadview" means the Broadview U.S. Immigration and Customs Enforcement ("ICE") facility, located at 1930 Beach Street, Broadview, Illinois.

3. "Document" includes, but is not limited to: (a) all writings of whatever type, nature or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, work papers, diaries, letters, telegrams, telefaxes and facsimiles, contracts, bids, quotations, and proposals, checks, statements, invoices, receipts, returns, notations of any sort of conversations, telephone calls, meetings or other communications, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings, computer tapes, discs, photographs, charts, presentations, and other electronic or mechanical recordings, however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

4. "Communication" includes, but is not limited to, any discussion, meeting, conversation, correspondence, message, letter, e-mail, facsimile, note, memoranda, text message, and voicemail.

5. "Referring to" or "relating to" shall mean the following, but is not limited to, concerning, consists of, refers to, reflects, evidences, displays, shows, proves, is in any way legally, logically or factually connected with the matter referred to or has a tendency to prove or disprove the matter referred to.

6. Any use of the word "and" shall include "or" and vice versa.

7. As used herein, any use of the singular shall include the plural and the plural the singular. Any word connoting the masculine gender shall include the feminine and non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of non-gender shall include both the masculine and feminine.

1

8. As used herein, any use of the past tense shall include the present and future tense. Any use of the present or future tense shall also include the past tense.

## DOCUMENTS TO PRODUCE

1. All Documents related to ASI Security's work for and at, or encompassing Broadview.

2. All Documents related to the loss of Broadview video recordings from October 20, 2025 through October 31, 2025, including how the loss happened and any efforts to recover the lost footage.

3. All communications with the United States Government related to Broadview from January 1, 2025 to present.

4. All communications with Five by Five Management, LLC regarding Broadview, including the lost footage from October 20, 2025 through October 31, 2025.

5. All guidelines, standards, requirements, and government directives concerning the creation, maintenance, retention or destruction of videos relating to Broadview.

6. ASI Security's contract and statement of work related to its work for and at Broadview.

7. Documents sufficient to identify the professional experience and qualifications of all ASI Security personnel who were involved in operating and maintaining the video system at Broadview or otherwise had access to such system.

## TOPICS OF EXAMINATION

1. ASI Security's work for and at, or encompassing Broadview.

2. The loss of the October 20, 2025 through October 31, 2025 Broadview video recordings, including how the loss happened and any efforts to recover the lost footage.

3. ASI Security's relationship and communications with the United States Government regarding Broadview.

4. Guidelines, standards, requirements, and government directives concerning ASI Security's creation, maintenance, retention or destruction of videos relating to Broadview.

5. ASI Security's contract and statement of work related to its work for and at Broadview.

6. Communications and the working relationship between ASI Security and Five by Five Management, LLC regarding Broadview.

7. The documents produced by ASI Security in response to this subpoena.

2