**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 25-cv-13323 |
| v. | ) | |
| | ) | Hon. Robert W. Gettleman |
| KRISTI NOEM, Secretary of the U.S. | ) | Mag. Judge Laura K. McNally |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR EXTENSION OF THE TEMPORARY RESTRAINING ORDER**

Plaintiffs, Pablo Moreno Gonzalez *et al.*, by and through their undersigned counsel, and Defendants, Kristi Noem *et al.*, by and through their undersigned counsel, jointly move this court for entry of an order extending the Temporary Restraining Order (TRO) entered by the Court on November 5, 2025, ECF No. 49, and extended by agreement of the parties until December 17, 2025, ECF No. 67. The Parties respectfully request a four-month extension of the TRO, until April 19, 2026, and to reset deadlines accordingly. The parties disagree as to whether the Court should hold a preliminary injunction hearing or set the matter for trial prior to the expiration of the TRO in April, as set forth herein.

1.      On October 30, 2025, Plaintiffs filed a Complaint on behalf of a class of immigrant detainees at the Broadview ICE facility. ECF No. 1. Plaintiffs concurrently filed motions for a TRO, Class Certification, and Expedited Discovery. ECF Nos. 5, 15, 17.

2.      On November 5, 2025, the Court entered a TRO after finding that Plaintiffs and the class members have suffered constitutional violations at Broadview and are likely to suffer irreparable harm absent emergency relief. ECF No. 49.

3.     On November 12, Defendants agreed to an extension of the TRO until December 17, 2025, and the Court set the preliminary injunction hearing for that day. ECF No. 67.

4.     On December 3, 2025, during a hearing before Magistrate Judge McNally, Defendants agreed to extend the TRO until April 19, 2026, pursuant to Fed. R. Civ. P. 65(b)(2). In light of that agreement, Magistrate Judge McNally entered an order granting Plaintiffs' requests for the periodic production of daily detainee logs and for access to Broadview to conduct in-person attorney-client visits, ECF No. 116, but striking all other fact and expert discovery deadlines, ECF No. 118.

5.     The parties now jointly move to extend the existing TRO by agreement until April 19, 2026. *See* Fed. R. Civ. P. 65(b)(2); *Levas v. Vill. of Antioch*, 684 F. 2d 446, 448 n.1 (7th Cir. 1982).

6.     Defendants seek to consolidate the preliminary injunction hearing with a trial on the merits to take place prior to April 19, 2026, as permitted under Fed. R. Civ. P. 65(a)(2). Plaintiffs oppose consolidation and ask the Court to schedule a preliminary injunction hearing during the third week of April 2026.

**Plaintiffs' Position**

Plaintiffs propose a preliminary injunction hearing prior to the April 19, 2026 expiration of the TRO.

Plaintiffs oppose consolidating the preliminary injunction hearing with a hearing on the merits because it would be extraordinarily difficult for the parties to conclude full merits discovery in four months and prepare the case for a full trial. "[I]t is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). As the Seventh Circuit has explained, "in granting or

denying a *preliminary* injunction, the court would decide only the plaintiffs' *likelihood of success on the merits*, whereas in granting or denying a *permanent* injunction, it would decide their *actual success on the merits*." *Lacy v. Cook Cnty.*, 897 F.3d 847, 859 (7th Cir. 2018) (emphasis in original); *see also Horn v. Hous. Auth. of Champaign Cnty.*, No. 23-CV-2131, 2025 WL 2684014, at *6 (C.D. Ill. Sept. 15, 2025) (holding that "[t]here is a significant difference between the 'propriety of preliminary relief and resolution of the merits' in a case" (citing *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011)).

Federal Rule of Civil Procedure 65 permits courts to "advance the trial on the merits and consolidate it with the [preliminary injunction] hearing." Fed.R.Civ.P. 65(a)(2). The Seventh Circuit has held that "consolidation may serve the interests of justice" in rare occasions, including if "the parties consent, if discovery has been concluded or if it is manifest that there is no occasion for discovery." *Paris v. U.S. Dep't of Hous. & Urb. Dev.*, 713 F.2d 1341, 1345 (7th Cir. 1983) (citing *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972)).

Plaintiffs do not consent to consolidation, there is occasion for discovery, and discovery is far from concluded. There are many disputed facts at issue in this case requiring discovery, including whether Defendants have complied with the terms of the TRO, the extent of Defendants' practice of coercing waivers of rights, and how and whether conditions at the facility will change (once again) in the spring when the Defendants ramp up enforcement. Defendants have, to date, failed to respond to many of Plaintiffs' expedited discovery requests, including those seeking evidence about post-TRO conditions at Broadview. *See* Plaintiffs' Motion to Compel Discovery, ECF No. 109. (Defendants agreed to extend the current TRO in the midst of a hearing before Magistrate Judge McNally on Plaintiffs' motion to compel such discovery.) Notably, Defendants

3

have taken the position that "information related to post-TRO conditions" is "irrelevant," ECF No. 115 at 6-7, while also claiming that this case is moot because of alleged improvements in post-TRO conditions. Defendants cannot have it both ways.

Given the current pace of Defendants' production and responses to Plaintiffs' discovery requests and the additional discovery required to adequately prepare for trial, Plaintiffs do not believe all fact and expert discovery in this complex class action—which encompasses detention conditions, counsel access, and coerced/involuntary waivers of rights—will be concluded in four short months, before April 19, 2026. For instance, Plaintiffs anticipate that full merits discovery in this case will go well beyond PI discovery by, among other things, reaching back further in time (Plaintiffs have thus far limited PI discovery to a period that starts only on September 8, 2025); involving depositions of many more officials, including additional ICE deportation officers involved in processing detainees, as well as CBP officers and DHS contractors who have worked on detention operations inside Broadview; seeking broader review and production of ESI from ICE and CBP officials; and seeking discovery about DHS's detention operations in the Northern District of Illinois after ICE and CBP increase their Chicago operations "fourfold" in the spring (as DHS has reportedly promised).[1]

Based on such discovery, Plaintiffs will likely seek an injunction that includes additional relief beyond the terms of the TRO. This is exactly what the Court contemplated when crafting the terms of the TRO, which it made clear was "a work-in-progress" that the parties may seek to modify as the case "move[s] forward" through discovery. Nov. 5, 2025 Tr. at 14-16 ("I'm fully open to any suggestions you might have concerning the language of the TRO, the breadth of the

---

[1] *See* Jon Seidel & Tina Sfondeles, *U.S. Border Patrol boss Greg Bovino, fellow agents to soon leave Chicago but could be back fourfold in March*, Chicago Sun Times (Nov. 11, 2025), https://chicago.suntimes.com/public-safety/2025/11/11/u-s-border-patrol-boss-greg-bovino-fellow-agents-expected-to-soon-leave-chicago.

TRO," including "any type [of] alteration [or] addition"). Plaintiffs' complaint raises additional claims and requests various forms of relief beyond those addressed in the TRO, so this case cannot be mooted by Defendants' (purported) compliance with that preliminary order. For example, it is now clear that Broadview was designed with an attorney visitation room that would allow attorneys to have secure, non-contact meetings with their clients detained there.

Defendants are also substantively wrong that this case is "moot." It is Defendants' burden to demonstrate that "there is no reasonable expectation that the wrong will be repeated." *Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 747 (7th Cir. 1999). But Defendants have taken the position that they owe no discovery about their compliance with the TRO, ECF No. 115 at 7, so their claims are unverifiable and they cannot meet their burden. Moreover, there is clear evidence of on-going violations of the TRO, even with Defendants' failure to comply with discovery. For instance, until ordered otherwise on December 3 by Magistrate Judge McNally, Defendants were refusing class counsel access to Broadview to speak with clients. ECF No. 108 at 3; ECF No. 116 (court order). And any improvements undertaken in response to a court order should not be interpreted as voluntary; the material risk of conditions returning to their pre-TRO state once enforcement efforts ramp up is precisely the kind of risk courts rely on to grant a preliminary injunction. *Mays v. Dart,* 456 F. Supp. 3d 966, 1008 (N.D. Ill.) (observing that where cessation of wrongful activity occurred in response to a TRO, such cessation was not necessarily "voluntary" and that a "cognizable danger of recurrent violation" is enough to warrant converting a TRO into a preliminary injunction (citation modified)), *aff'd in part, vacated in part, rev'd in part*, 974 F.3d 810 (7th Cir. 2020).[2]

---

[2] Defendants misleadingly invoke *Chicago Headline Club, et al., v. Noem*, No. 25 C 12173 (N.D. Ill.), a case which involved different conduct, claims, and plaintiffs than the instant matter. Moreover, in that case, the government appeal the relief ordered at the district level; the government here has agreed to a months-

Given the extent of the controverted facts at issue here, setting a trial on the merits in April 2026 would prejudice Plaintiffs by preventing them from fully developing the evidentiary record on their claims. *City of Chicago v. U.S. Dep't of Homeland Sec.*, No. 25 C 5463, 2025 WL 3043528, at *4 (N.D. Ill. Oct. 31, 2025) (citing Fed. R. Civ. P. 65(a)(2); *Lacy v. Cook Cnty.*, 897 F.3d 847, 859 (7th Cir. 2018)) (finding that "[c]onsolidation must not deprive the parties of a full opportunity for discovery and presentation of all their evidence"). Therefore, Plaintiffs are requesting that the Court hold a preliminary injunction hearing prior to the expiration of the TRO in April 2026 and the Court set a later trial date as appropriate on a permanent injunction.

**Defendants' Position**

Rule 65(a)(2) allows for the consolidation of the preliminary injunction hearing with the trial on the merits for cases precisely like this one where it makes little sense to conduct duplicative proceedings where the conditions that prompted the Court to issue a temporary restraining order no longer exist. Simply stated, this case is moot. Ever since U.S. Border Patrol Commander Gregory Bovino and his team redeployed to other cities in mid-November 2025, Broadview has been operating as a less than 12-hour processing center. There have been days where no one was processed at Broadview. On other days, one or two people were processed there. On rare days where 20-30 people were processed at Broadview, they were in and out in a matter of hours. Broadview is fully complying with the terms of the TRO even though many of its provisions no longer apply due to the change in circumstances. Broadview has learned a lot, is better equipped, and does not foresee having any conditions of confinement or access to counsel issues in the future.

---

long extension of the TRO. The posture of *Chicago Headline Club* has no bearing on Plaintiffs' claims about the ongoing conditions inside Broadview.

Plaintiffs speculate above that immigration enforcement will "ramp up" in the spring resulting in an increased population at Broadview, but that is entirely conjecture. Plaintiffs' standing to seek an injunction against future conduct cannot be premised on "past exposure to illegal conduct," *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974), or "hypothetical speculation and conjecture that harm will occur in the future," *Palmer v. City of Chicago*, 755 F.2d 560, 571 (7th Cir. 1985). "Abstract is not enough." *L.A. v. Lyons*, 461 U.S. 95, 101 (1983) (plaintiff lacked standing to seek injunctive relief based upon a prior instance of being placed in a chokehold because there was no finding that he "faced a real and immediate threat of again being illegally choked."). But that is what plaintiffs cling to here in order to keep their now moot case going. Instead of moving to voluntarily dismiss this suit as the plaintiffs did in *Chicago Headline Club, et al., v. Noem*, No. 25 C 12173 (N.D. Ill.), plaintiffs here want to make the case *bigger* both in terms of discovery and court proceedings.

Plaintiffs made it crystal clear above that they will be seeking to conduct far-reaching, unnecessary discovery about past conditions even though this is a forward-looking case seeking injunctive relief. On top of that, counsel for plaintiffs indicated on December 5, 2025, that they still believe they are entitled to expedited discovery. Plaintiffs have already served defendants with four sets of discovery requests demanding responses in five days (not even business days). For that reason, defendants filed a motion for a protective order seeking to limit plaintiffs' discovery requests that are not proportionate to the needs of this case. Dkt. 115. With the extension of the TRO into April, defendants also seek to end the expedited discovery madness. In sum, the barn is not burning. This suit is no longer needed to protect the class members' interests. Let's not make the lawsuit bigger than it needs to be.

WHEREFORE, for the reasons stated above, the Parties respectfully request that this Court extend the Temporary Restraining Order until April 19, 2026.

Dated: December 9, 2025

Respectfully submitted,

*Counsel for Plaintiffs*

/s/ *Alexa Van Brunt*
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org

Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org

Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
Alec Solotorovsky
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com
asolotorovsky@eimerstahl.com

*Counsel for Defendants*

ANDREW S. BOUTROS
United States Attorney

By: /s/ *Jana L. Brady*
JANA L. BRADY
PATRICK JOHNSON
IFEANYI MOGBANA
Assistant United States Attorneys
327 S. Church St., Suite 3300
Rockford, Illinois 61101
jana.brady@usdoj.gov
patrick.johnson@usdoj.gov
ifeanyi.mogbana@usdoj.gov