# Exhibit D

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Zachary NIGHTINGALE; Courtney
McDERMED; Cheryl DAVID; Pao
LOPA; Maribel CARANDANG,

     Plaintiffs,

        v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
DEPARTMENT OF HOMELAND SECURITY,

     Defendants.

**No. 3:19-cv-03512-WHO**

**JOINT STATUS REPORT**

**Status Conference
Date:  September 23, 2025
Time:  2:00 p.m.
Before:  Hon. William H.
Orrick**

Joint Status Report

1

Case No. 3:19-cv-03512-WHO

Pursuant to this Court's July 16, 2025 Minute Order, ECF No. 187, Plaintiffs and Defendants respectfully submit the following joint status report. This case involves a certified class action under the Freedom of Information Act ("FOIA") in which this Court held that U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") engaged in an unlawful pattern or practice of failing to make timely determinations on FOIA requests for "A-Files." On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants. *See* ECF Nos. 89 at 27 & 90 at 1-2. The injunction set forth the following:

    a. <u>Adhere to FOIA Timing Requirements</u>: Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C. §§ 552(a)(6)(A) and (B);

    b. <u>Eliminate the Backlogs</u>: **Within sixty (60) days of this order,** defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

    c. <u>Quarterly Compliance Reports</u>: Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due **within ninety (90) days** of this order.

ECF No. 89 at 27 (emphasis in the original); ECF No. 90 at 1-2 (emphasis in the original).

Since the injunction issued in December 2020, Defendants have filed nineteen compliance reports, the parties have filed fourteen joint status reports (this filing being the fourteenth), and the Court has held twelve case management conferences, most recently on July 16, 2025. The next case management conference is scheduled for September 23, 2025.

Joint Status Report                               Case No. 3:19-cv-03512-WHO

**Plaintiffs' Position**

Defendants' Nineteenth Compliance Report and Fourth Declaration of M. David Arnold demonstrate that Defendant USCIS is on the path to return to substantial compliance with the Court's permanent injunction as the agency reports that Defendant USCIS asserts a completion rate of 91.98 percent for the current reporting period. ECF No. 188 at 3; ECF No. 188-1 at ¶12. Given the reported influx of A-File FOIA requests, the extended hiring freeze, and the increased percentage of vacant or unstaffed positions, Plaintiffs look forward to continued compliance reports with details regarding the number of requests, average processing times and backlogs as well as ongoing updates about funding, training, and overtime measures employed to address the number of requests and existing backlog of 4,831 at the time the report was filed. ECF No. 188 at 4; ECF No. 188-1 at ¶13.

**Defendants' Position**

The record in this case demonstrates Defendants' consistent and ongoing commitment to satisfying their FOIA obligations and maintaining substantial compliance with this Court's injunction. For instance, in each of the nine compliance-reporting periods from December 2022 to March 2025, USCIS maintained an A-File FOIA backlog of between just two and 33 requests at the end of a given reporting period.[1] In that same nearly 2.5-year period, USCIS maintained a timely completion rate of between 88.51% and 99.81%, with the majority of rates in that period falling above 99%.[2] Moreover, USCIS has consistently provided requesters with

---

[1] *See* Ninth Compliance Report ¶ 5, ECF No. 151 (backlog of 3 requests); Tenth Compliance Report ¶ 5, ECF No. 155 (backlog of 6 requests); Eleventh Compliance Report ¶ 5, ECF No. 156 (backlog of 2 requests); Twelfth Compliance Report ¶ 4, ECF No. 163 (backlog of 10 requests); Thirteenth Compliance Report ¶ 4, ECF No. 167 (backlog of 11 requests); Fourteenth Compliance Report ¶ 4, ECF No. 171 (backlog of 14 requests); Fifteenth Compliance Report ¶ 4, ECF No. 173 (backlog of 22 requests); Sixteenth Compliance Report ¶ 4, ECF No. 178 (backlog of 33 requests); Seventeenth Compliance Report ¶ 4, ECF No. 182 (backlog of 9 requests).

[2] *See* Ninth Compliance Report ¶ 6, ECF No. 151 (99.81% timely completion); Tenth Compliance Report ¶ 6, ECF No. 155 (99.64% timely completion); Eleventh Compliance Report ¶ 6, ECF No. 156 (88.51% timely completion); Twelfth Compliance Report ¶ 5, ECF No. 163 (99.27% timely completion); Thirteenth Compliance Report ¶ 5, ECF No. 167 (99.31% timely completion); Fourteenth Compliance Report ¶ 5, ECF No. 171 (98.07% timely completion); Fifteenth Compliance Report ¶ 5, ECF No. 173 (99.62% timely completion);

3

the greatest need for A-Files—i.e. those in Track 3—responses well within the statutory timelines.[3]

In their June 16, 2025 compliance report, Defendants advised that USCIS's performance had been adversely impacted by a simultaneous increase in the number of new A-File requests as well as extraordinary new constraints related to agency resources and staffing, including the loss of more than a quarter of USCIS FOIA staff. *See* Eighteenth Compliance Report ¶¶ 4, 6, ECF No. 183. This led USCIS to report a backlog of approximately 12,741 A-File requests and a timely completion rate of approximately 59.39%. *See id.* ¶¶ 4-5. The number of cases in USCIS's backlog from Track 3 requesters remained at zero, and the average processing times for requests in each track remained within the statutory time periods. *See id.*

Since that report, as shown in Defendants' September 15, 2025 compliance report, USCIS has increased its timely completion rate to approximately 91.98% and has decreased its backlog by approximately 62%, to approximately 4,831 A-File requests. *See* Nineteenth Compliance Report ¶ 4, ECF No. 188. There remain no Track 3 cases in USCIS's backlog, and the average processing times for requests in each track remain within the statutory time periods. *See id.* ¶¶ 4-5. Defendants achieved this progress through continued investments in USCIS's FOIA program, summarized in their report and USCIS's accompanying declaration. *See id.* ¶¶ 7-8; Fourth Declaration of M. David Arnold ¶¶ 14-21, ECF No. 188-1 ("4th Arnold Decl."). Although USCIS continues to face resource challenges, *see* 4th Arnold Decl. ¶¶ 6-7, the agency expects that the measures it has implemented will enable it to continue reporting a

---

Sixteenth Compliance Report ¶ 5, ECF No. 178 (98.59% timely completion); Seventeenth Compliance Report ¶ 5, ECF No. 182 (99.39% timely completion).

[3] *See* Ninth Compliance Report ¶ 6, ECF No. 151 (7.82 business days for Track 3); Tenth Compliance Report ¶ 6, ECF No. 155 (8.4 business days for Track 3); Eleventh Compliance Report ¶ 6, ECF No. 156 (8.5 business days for Track 3); Twelfth Compliance Report ¶ 5, ECF No. 163 (8.26 business days for Track 3); Thirteenth Compliance Report ¶ 5, ECF No. 167 (7.42 business days for Track 3); Fourteenth Compliance Report ¶ 5, ECF No. 171 (4.46 business days for Track 3); Fifteenth Compliance Report ¶ 5, ECF No. 173 (4.39 business days for Track 3); Sixteenth Compliance Report ¶ 5, ECF No. 178 (4.13 business days for Track 3); Seventeenth Compliance Report ¶ 5, ECF No. 182 (5.81 business days for Track 3).

Joint Status Report      Case No. 3:19-cv-03512-WHO

high timely completion rate, and to further reduce its backlog by its next compliance report, which is due by December 15, 2025.

Respectfully submitted,

| | |
|---|---|
| /s/Trina Realmuto | BRETT A. SHUMATE |
| Trina Realmuto (CA SBN 201088) | Assistant Attorney General |
| Mary Kenney* | Civil Division |
| National Immigration Litigation Alliance | |
| 10 Griggs Terrace | ELIZABETH J. SHAPIRO |
| Brookline, MA 02446 | Deputy Branch Director |
| (617) 819-4447 | |
| trina@immigrationlitigation.org | /s/Cristen C. Handley |
| | CRISTEN C. HANDLEY, MO Bar No. 69114 |
| Matt Adams (WSBA No. 28287)* | Trial Attorney |
| Northwest Immigrant Rights Project | United States Department of Justice |
| 615 Second Avenue, Suite 400 | Civil Division, Federal Programs Branch |
| Seattle, WA 98104 | 1100 L Street, NW |
| (206) 957-8611 | Washington, D.C. 20005 |
| | (202) 305-2677 |
| Raul Pinto ((DC Bar No. 90013180)* | Cristen.Handley@usdoj.gov |
| American Immigration Council | |
| PMB2026 | Counsel for Defendants |
| 2001 L Street N.W., Suite 500Washington, | |
| DC 20036 | |
| (202) 507-7549 | |
| | |
| Stacy Tolchin (CA SBN 217431) | |
| Law Offices of Stacy Tolchin | |
| 634 S. Spring St., Suite 500A | |
| Los Angeles, CA 90014 | |
| (213) 622-7450 | |

Counsel for Plaintiffs

*Admitted pro hac vice

Dated: September 18, 2025

Joint Status Report                                         Case No. 3:19-cv-03512-WHO