UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, FELIPE AUGUSTIN ZAMACONA, and a class of similarly situated people, | ) ) ) ) |
| Plaintiffs, | ) ) No. 25 C 13323 |
| v. | ) ) Judge Gettleman |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, *et al.*, | ) Magistrate Judge McNally ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS, STRIKE OR FOR A MORE DEFINITE STATEMENT**

**Introduction**

This is a class action suit seeking injunctive relief stemming from the conditions of confinement, access to counsel, and an alleged practice of coercing detainees into signing voluntary departure forms at the U.S. Immigration and Customs Enforcement processing facility located in Broadview, Illinois. Plaintiffs' complaint should be dismissed because it is neither short nor plain as the Federal Rules of Civil Procedure require and because it improperly pleads evidence. Plaintiffs' complaint should alternatively be dismissed for failure to state a claim upon which relief may be granted. More specifically, plaintiffs have not alleged facts showing final agency action or that they lack an adequate remedy in court for purposes of their Administrative Procedure Act claim. They have also failed to state a constitutional claim under the First and Fifth Amendments concerning their access to counsel because any temporary limitations on detainees' access to counsel at Broadview were reasonable and their proposed liberty interest is overly broad. The complaint should thus be dismissed.

**Argument**

**I.     The Complaint Improperly Pleads by Means of Obfuscation.**

Even though this case is straight-forward, plaintiffs filed an unnecessarily long complaint weighing in at 76 pages, 241 paragraphs (not including excessive subparagraphs), 68 footnotes, and 40 exhibits (including 36 sworn declarations of witnesses). Dkt. 1. Fed. R. Civ. P. 8(a) requires a "short and plain statement." The reason for the rule is "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Hoiness*, No. 24 C 50531, Dkt. 29, p. 3 (N.D. Ill. Sept. 18, 2025) (*citing U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). A complaint that is unnecessarily long, or "prolix," makes it difficult to respond to and cumbersome for orderly litigation. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994). Courts should thus not allow plaintiffs to plead "by means of obfuscation." *Id*. at 776.

A court may dismiss a complaint if it is unduly long. *Davis v. Anderson*, 718 F. App'x 420, 423 (7th Cir. 2017); *Lockheed-Martin*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length and complexity may doom a complaint by obfuscating the claim's essence."). *See also Vicom*, 20 F.3d at 775 (119-page complaint); *Jennings v. Emry*, 910 F.2d 1434, 1435 (7th Cir. 1990) (55-page complaint). The court may also strike "any redundant, immaterial, impertinent, or scandalous matter" from the complaint under Rule 12(f). Alternatively, the court may order plaintiffs to make a more definite statement under Rule 12(e), which in this case would mean an amended complaint that pleads sufficient facts to show a plausible basis for liability but is not the length of a novel and does not plead evidence (*i.e.*, citing to media articles posted on the internet and incorporating by reference witness declarations).

Plaintiffs' complaint should be dismissed like the one filed in *Hartz v. Friedman*, 919 F.2d 469 (7th Cir. 1990), because it is neither short nor plain and improperly pleads evidence. The Seventh Circuit described the complaint in *Hartz* as an "egregious violation" of Rule 8 because, at 125 pages and 323 paragraphs, it included "a mass of details which might be relevant and appropriate at trial, but which are clearly surplusage in stating a claim." *Hartz*, 919 F.2d at 471. Here too, plaintiffs' complaint includes impertinent allegations addressing what percent of detainees arrested in the Chicagoland area have criminal histories, whether detainees were arrested based on "how they look," whether their arrests were warrantless, whether those arrested have legal status, statements by government officials about the need for immigration enforcement in the Chicagoland area, operations of the U.S. Customs and Border Protection outside of Broadview, statistics about how ICE operated in 2023 and 2024, PREA audits that took place in 2018 and 2023, protests and riots that took place outside of Broadview, an assortment of hearsay articles, and personal accounts of just under 40 witnesses (some of whom are anonymous). *E.g.*, Dkt. 1, ¶¶ 37-38, 41-42, 44-49, 51, 60-62, 64-65, 70, 75, 81, 87, 99-100, 105, 122. Extremely detailed complaints are deemed to be attempts to try one's case completely through the pleadings, which results in unfair prejudice to the defendant.

Although it is an out-of-jurisdiction case, the reasoning employed by the court in *Thompson v. Hens-Greco*, No. 16 C 1100, 2016 U.S. Dist. LEXIS 155587 (W.D. Pa. Nov. 7, 2016), translates here. In dismissing an overly detailed complaint, the court in *Thompson* recognized that excessively factual complaints amount to accelerating "the function of discovery to the pleadings stages" by requiring a defendant to answer such averments, which "distorts both the purpose and the function of the Federal Rules of Civil Procedure and the administration of [the] civil case." *Id*. at *6.

3

Defendants seek dismissal of plaintiffs' complaint because it improperly pleads evidence and would be overly (and unnecessarily) burdensome to respond to. For instance, the defense will need to review and fact-check the veracity of the nearly 70 hearsay-riddled articles and 36 sworn (and oftentimes vague) declarations incorporated into the complaint — an impossible task. *E.g.*, Dkt. 1, ¶ 81(c) ("John Doe has religious restrictions that prevent him from eating the Subway sandwiches he was provided at the facility. When he informed the officers of his restrictions, he was told to 'take it or leave it.' As a result, he went without food for approximately four days. Ex. 17, John Doe Decl. ¶ 13."). Defendants would also need to investigate extraneous issues such as the percentage of detainees who were arrested without a warrant or without a criminal history and whether detainees were arrested based on "how they look" when these facts have no bearing on the claims before the court. Dkt. 1, ¶¶ 37-38, 48. The complaint impermissibly functions as a *de facto* Rule 36 request to admit. This is precisely what the court in *Thompson* cautioned against. In sum, plaintiffs' complaint is neither short nor plain and should consequently be dismissed or stricken without prejudice.

**II.     There Can Be No APA Claim Absent Final Agency Action and Lack of a Remedy.**

Plaintiffs' Administrative Procedure Act claim asserted in Count III of the complaint should be dismissed with prejudice under Rule 12(b)(1) and (6). The APA provides an exception to federal agency sovereign immunity by allowing an individual to seek judicial review of an agency decision. 5 U.S.C. § 702. However, to establish subject matter jurisdiction under the APA, plaintiff must show (1) that he obtained a final agency action and (2) no other adequate remedy is available in a court. *Garcia v. United States DEA*, No. 17 C 6136, 2018 U.S. Dist. LEXIS 45886, *6-7 (N.D. Ill. March 19, 2019) (*citing* 5 U.S.C. § 704 and 5 U.S.C. § 551(6), (13) (defining an "agency action" under the APA as an agency "order" that is in turn defined as "the whole or a part

4

of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter")). Plaintiffs have not satisfied either requirement.

Plaintiffs' APA claim is based upon an alleged practice at Broadview of coercing detainees into signing voluntary departure forms without translation. Dkt. 1, ¶¶ 137-158, 227-228. This alleged practice is not "final agency action." Indeed, plaintiffs' claim is belied by the fact that DHS has a regulation that prohibits this alleged conduct. 8 C.F.R. § 287.8(c)(2)(vii) ("The use of threats, coercion, or physical abuse by the designated immigration officer to induce a suspect to waive his or her rights or to make a statement is prohibited."). Plaintiffs point to no "final agency action" in their complaint and therefore have failed to state a claim upon which relief may be granted. Moreover, plaintiffs have an alternative adequate remedy in court; they can simply add the coercion allegations to Counts I or II which seek injunctive relief for purported constitutional violations. At best, plaintiffs challenge an alleged day-to-day operational decision that the Supreme Court has advised does not fall within the APA's jurisdiction. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 899 (1990). Count III should thus be dismissed with prejudice.

**III. Plaintiffs Failed to State a Viable Constitutional Claim Based on Access to Counsel.**

Plaintiffs allege that detainees at Broadview suffered violations of their First and Fifth Amendment right to access to counsel because their ability to make outgoing calls was limited (albeit present), their attorneys had not been able to contact them by phone before they were transferred to a long-term detention center, there were no in-person visits with counsel, and the ICE detainee locator did not update immediately to show that they were being detained at Broadview. Dkt. 1, ¶¶ 114-158. Plaintiffs' allegations, even if true, do not violate the First or Fifth Amendments.

5

### A. ICE Detainee Locator

Plaintiffs seek an order from the court requiring the ICE online detainee locator system to be updated within three hours of detainees' arrival at Broadview. Dkt. 1, p. 73. However, the ICE detainee locator tool is provided by defendants on a voluntary basis. Neither the constitution nor any law requires defendants to maintain it much less on an immediate, real-time basis. Also, certain privacy laws prevent defendants from adding certain detainees who require protection to the locator. 8 U.S.C. § 1367; 8 C.F.R. § 208.6. Plaintiffs' First and Fifth Amendment claims stemming from the ICE detainee locator should thus be dismissed.

### B. First Amendment

As to plaintiff's First Amendment claim in Count II, although the right to consult with an attorney is generally protected by the First Amendment, *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000), civil immigration detainees do not have a constitutional right to *immediate* access to counsel. *See, e.g., Haitian Refugee Ctr., Inc. v. Baker*, 953 F.2d 1498, 1514 (11th Cir. 1992) ("[T]he Government does not infringe on a third party's first amendment right to associate with an alien by holding the alien for a period of time during which the third party is unable to contact him."); *Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1429 & n.21 (11th Cir. 1995) ("[A]ssociational freedom in no way implies a right to compel the Government to provide access to those with whom one wishes to associate."). Nonetheless, plaintiffs seek an order from the court requiring defendants to provide detainees with attorney access within three hours of their arrival at Broadview and every 12 hours thereafter along with in person attorney visits. Dkt. 1, pp. 72-73. Plaintiffs do not have a First Amendment right to the relief they seek, which is impractical and infeasible given existing systems and facility limitations.

6

Content-neutral time, place, and manner restrictions on speech are lawful if they advance reasonable governmental interests such as maintaining security, operational efficiency, and facilitating timely transfers. *See generally Turner Broad Sys., Inc. v. F.C.C.*, 520 U.S. 180, 189 (1997); *NAACP V. Button*, 371 U.S. 415, 437 (1963); *Turner v. Safley*, 482 U.S. 78, 89 (1987). Any short-lived delay in detainees' ability to consult with counsel after being processed at Broadview and before being transferred to a detention facility does not violate their First Amendment rights because it serves important governmental interests such as in protecting its borders and enforcing the nation's immigration laws, as well as in allowing the facility to process and transfer detainees quickly without unnecessary interruptions, and protecting the safety and security of its law enforcement officers and those it detains. *See Landon v. Plasencia*, 459 U.S. 21, 34 (1982) ("The government's interest in efficient administration of the immigration laws at the border is weighty"); *Bell v. Wolfish*, 441 U.S. 520, 540 (1979) ("The Government also has legitimate interests that stem from its need to manage the facility in which the individual is detained. . . . For example, the Government must be able to take steps to maintain security and order at the institution . . . ."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character and while arrangements were being made for their deportation"); *Kariye v. Mayorkas*, 650 F. Supp. 3d 865, 909 (C.D. Cal. 2022) (collecting cases).

Even persons in custody who must be read their *Miranda* rights (rights that are not applicable here) have no right to notice that a lawyer wishes to speak with them; their right is to terminate any interrogation by a government official, not to have counsel on the spot as plaintiffs suggest. *First Def. Legal Aid v. City of Chicago*, 319 F.3d 967, 971 (7th Cir. 2003). Plaintiffs have thus failed to state a First Amendment claim.

C.  **Fifth Amendment**

Plaintiffs have likewise failed to state a claim for a Fifth Amendment violation in Count I as it relates to access to counsel by all detainees at Broadview regardless of their immigration status. A threshold requirement for establishing a due process violation is identifying a liberty interest. Thus, the court's substantive due process analysis must begin with a careful description of the asserted right. *Reno v. Flores*, 507 U.S. 292, 302 (1993) (noting that liberty interests are narrowly defined). The right must be deeply rooted in this Nation's history and tradition. *Dep't of State v. Munoz*, 602 U.S. 899, 910, (2024). Plaintiffs allege in Count I (Fifth Amendment) that defendants have "impeded access to counsel," Dkt. 1, ¶ 212, yet they have failed to explicitly allege a protected liberty interest. Removal proceedings are civil in nature, and litigants in those proceedings retain no right to counsel under the Sixth Amendment, are not entitled to *Miranda* warnings, and are otherwise not entitled to the "full panoply of procedural and substantive safeguards" that are provided in criminal proceedings. *Lyon v. U.S. Immigr. & Customs Enf't*, 171 F. Supp. 3d 961, 975 (N.D. Cal. 2016).

It is well-settled that not all aliens are similarly situated for purposes of the Fifth Amendment Due Process Clause. *Mathews v. Diaz*, 426 U.S. 67, 78 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The nature of protection varies depending on status and circumstance. *Zadvydas v. Davis*, 533 U.S. 678, 694 (2001); *Las Americas Immigrant Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 39 (D.D.C. 2020) (the INA did not establish that asylum seekers had a right to access counsel prior to a credible fear interview; more efficient processing of noncitizens who were subject to expedited removal was the entire goal of the challenged policy). The role of the court is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause and "does not extend to imposing procedures that merely displace

8

congressional choices of policy." *Landon*, 459 U.S. at 34-35. The court may not impose deportation procedures here because it finds them to be preferable. *Id*.

Not all detainees at Broadview had a right to consult with counsel under the Fifth Amendment. *See, e.g., United States v. Garcia-Villa*, No. 14 CR 1481, 2014 U.S. Dist. LEXIS 139854, *9 (S.D. Cal. Sept. 30, 2014) (due process rights were not violated by not being informed of right to consult with counsel because it is not "tantamount to the denial of counsel" when the alien is not entitled to counsel). For instance, aliens have no right to counsel during the reinstatement of removal proceeding itself. 8 U.S.C. § 1231(a)(5); *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497 (9th Cir. 2007). Aliens in expedited removal proceedings who entered the United States without admission and cannot establish they have been here for more than two years also do not have a right to counsel. 8 U.S.C. § 1225(b); 8 C.F.R. § 235.3(b)(2)(ii) (aliens in expedited removal are "not entitled to a hearing before an immigration judge" except regarding credible fear appeals); *United States v. De La Mora-Cobian*, 18 F.4th 1141, 1146 n.1 (9th Cir. 2021) (no right to see an immigration judge); *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011) (no right to counsel in expedited removal); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (an alien in expedited removal after illegally entering the United States "has only those rights regarding admission that Congress has provided by statute"); *Am. Immigr. Laws. Ass'n v. Reno*, 199 F.3d 1352, 1354–55 (D.C. Cir. 2000) (same). Similarly, aliens who have final orders of removal and are awaiting removal after release on orders of supervision have no right to counsel when supervision is withdrawn or revoked. 8 U.S.C. § 1231(a) (authorizing detention while the government works to execute the removal order); 8 C.F.R. § 241.13(i). Governing regulations dictate the process and do not include the right to counsel. 8 C.F.R. §§ 241.13(h)(4), (i); *see also* 241.4(l). In short, there is no Fifth Amendment

9

right to counsel for these groups of detainees, but plaintiffs nevertheless inappropriately seek injunctive relief requiring access to counsel for all detainees at Broadview. Simply put, plaintiffs overstate the constitutional protections detainees at Broadview possess. Because no law imposes a right to counsel during processing at Broadview for all detainees, plaintiffs' overly broad Fifth Amendment claim rooted in access to counsel should be dismissed.

## Conclusion

For the foregoing reasons, the court should dismiss plaintiffs' complaint.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Jana L. Brady
JANA L. BRADY
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444
jana.brady@usdoj.gov