UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 25 C 13323 |
| | ) | |
| KRISTI NOEM, Secretary U.S. Department of Homeland Security, *et al.*, | ) | Judge Gettleman |
| | ) | Magistrate Judge McNally |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO COMPEL PRODUCTION

**Introduction**

Defendants state for their response in opposition that: (1) the video of Defendant Noem's visit to Broadview from October 3, 2025, is not probative of issues to be decided at the preliminary injunction hearing; and (2) they are amenable to produce the remaining records in addressed in plaintiffs' motion on a rolling production within 60 days. The court should deny plaintiffs' motion to compel.

This court should issue a protective order to enforce the scope of discovery, and its limits appropriate for the current posture of this case which is preparations for a preliminary injunction hearing. Since a preliminary injunction order maintains the status quo while litigation plays out, discovery on past—rather than current—conditions at Broadview are unproductive. During weekly visits to Broadview, plaintiffs' counsel must have observed current conditions of confinement at the facility and interviewed individuals who were there to be processed. The conditions of confinement at Broadview, which, as the court is aware, are vastly changed since the TRO was entered and do not now present the issues that existed earlier. Yet, Plaintiffs' view of

discovery wholly ignores the concomitant responsibility of the parties and the court to ensure that discovery is not only relevant, but also proportional. Fed. R. Civ. P. 1, 26(b)(1).

Defendants have produced more than 2,000 pages of documents contained in 375 electronic files in response to plaintiffs' Revised Expedited Discovery Requests, with more on the way. But plaintiffs continue to insist on discovery about *past* conditions that is not necessary to prepare for the preliminary injunction hearing set for April 21-22, 2026. There is no basis for plaintiffs to conduct untrammeled discovery beyond what is necessary for the court's adjudication of their yet-to-be filed preliminary injunction motion. Furthermore, plaintiffs' expansive discovery requests impose an onerous burden disproportionate to the evidentiary value of the information they seek. Despite meet-and-confer sessions, the parties are unable to resolve their several differences.

**Background**

This is a class action suit seeking injunctive relief stemming from the conditions of confinement, access to counsel, and an alleged practice of coercing detainees into signing voluntary departure forms at the U.S. Immigration and Customs Enforcement processing facility located in Broadview, Illinois. A temporary restraining order was entered on November 5, 2025. Dkt. 49. A preliminary injunction hearing was originally set for November 19, 2025, but was reset to December 17, 2025. Dkt. 49, Dkt. 67. And it is currently set for April 21-22, 2026. Dkt. 120.

Relevant here, plaintiffs have served on the defendants more than 50 requests for production and more than 10 interrogatories. Specifically, plaintiffs have now moved to compel defendants to produce (1) complete alien files for 154 individuals; (2) information concerning defendants' use of Broadview for immigration enforcement in the Chicago area; (3) video of defendant Noem's visit to Broadview from October 3, 2025; and (4) informal policies guiding operations at the facility. Defendants anticipate the parties could reach agreement on three of the

four issues plaintiffs raised in their motion to compel. Defendants propose a rolling production of the requested A-Files over the next 90 days. Defendants also intend to produce records regarding immigration enforcement and use of Broadview, and informal policies, subject to any privileges. In addition, more materials that were not mentioned in Plaintiffs' motion will soon be produced. They include the food services contract, janitorial contract, detention cell cleaning logs, attorney logs, visitor logs, and related records. However, defendants reiterate that the video of Secretary Noem's October 3, 2025, visit that plaintiffs seek to compel is not probative of the conditions of confinement at Broadview as they exist today. Their request on this score should be denied.

As some plaintiffs' counsel will have observed during their in-person visits, the conditions at Broadview are no longer what they were when this complaint was filed. Things have changed at Broadview drastically, with it returning to be a very short-term processing center without overnight stays. The scope and urgency of plaintiffs' multiple discovery requests are no longer proportional to the needs of the case as it exists, if they ever were.

## Argument

Federal Rule of Civil Procedure 26(b)(1) provides that discovery may be taken regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. See Rule 26(b)(1). For information to be relevant to a "claim or defense," the presence of the claim is a necessary predicate in any analysis of "relevance." "'[T]he relevance standard of Rule 26 is not without bite,' and will not allow 'explor[ation] [of] matter which does not presently appear germane on the theory that it might conceivably become so.'" *Prasad v. George Wash. Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017) (quoting *Food Lion v. United Food & Commer. Workers*

*Int'l Union*, 103 F.3d 1007 (D.C. Cir. 1997)). Even if discovery requests fall within the above scope of discovery, the court still may impose other limits because, for example, if the discovery is unreasonably cumulative, can be obtained in a more convenient way, or the discovering party has already had ample opportunity to obtain what it is seeking. *See* Rule 26(b)(2)(C). Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery." The "initial responsibility of establishing relevance lies with the party seeking the information . . . ." *Prasad,* 323 F.R.D. at 92. "Discovery to pursue a suspicion or a hunch is unwarranted." *Id.* at 94 (denying motion to compel) (citations omitted).

1. **Request for Video Footage by Government Personnel of Secretary Noem's Visit to Broadview Is Not Probative of Issues at the Preliminary Hearing**

The video footage of the October 3, 2025, visit of DHS Secretary Kristi Noem to Broadview is unhelpful to the issues the court will adjudicate at the preliminary injunction hearing. Plaintiffs insist on this request despite hours of video footage already produced. As plaintiffs admit in their papers, videos posted online, and surveillance footage defendants produced to plaintiffs, show the conditions at Broadview during the Secretary's visit to Broadview on October 3, 2025. Dkt. 134, p. 12-13.

None of the arguments that plaintiffs advance, suggest this video footage is probative of current conditions at Broadview, which is the focus of the preliminary injunction hearing. First, plaintiffs argue the video likely reflects statements by a named defendant who oversees operations, while present at Broadview, and discussing detention and enforcement operations in Chicago. Dkt. 134, p. 13. However, this argument is misplaced because plaintiffs' burden at the preliminary injunction hearing is more focused—whether *current* conditions support a need for continued court intervention—rather than relitigating conditions that existed in October 2025, before the court

4

granted a TRO. Second, plaintiffs speculate the footage could well provide clear evidence the Secretary received personal knowledge on October 3, 2025, of constitutional violations in the facility that her agency runs. *Id.* Again, this historical information is unhelpful to the court as it decides whether current conditions at Broadview violate the U.S. Constitution. Finally, plaintiffs argue the video could show the Secretary's statement to CBP Chief Bovino and other officers while at Broadview and other places in Chicago, which may be direct evidence corroborating the unconstitutional policies and practices that are the subject of this lawsuit. *Id.* Yet again, this is historical information that will not inform the court at the preliminary injunction hearing of the current conditions at Broadview. Evidence depicting conditions at Broadview as they existed on October 3, 2025, is not probative of whether the court should maintain the status quo at the facility and oversee conditions at a facility that is now used for brief processing purposes.

**2.     The Rest of Plaintiffs' Arguments Should Be Denied as Moot**

Defendants will produce the rest of the records plaintiffs seek to compel. Defendants will produce all the A-Files plaintiff seek on a rolling production and propose to do so over the next 60 days to allow sufficient time to search and copy them. The United States Citizenship and Immigration Service ("USCIS") creates and maintains A-Files to track all non-naturalized resident aliens as they pass through the U.S. immigration process. While USCIS is the custodian for the A-Files, ICE and CBP rely heavily on information in A-Files to carry out their missions. A-Files are primarily maintained in physical paper files and, therefore, move physically to federal offices in various parts of the country as business need dictates. For example, when a noncitizen is requesting benefits, is involved in enforcement proceedings, or relocates, their file must travel to the office of relevant agency. Also, A-Files may be needed simultaneously by more than one agency or by more than one office within an agency. With tens of millions of A-Files traveling

5

through various federal offices, tracking them is an enormous task. When there is no immediate business need for an A-File, it is transported to and stored in a Federal Records Center storage facility. Federal Records Center storage facilities—some of which are man-made caves—are operated by the National Archives and Records Administration (NARA). For example, when the noncitizen is not seeking a benefit or after they are removed or voluntarily depart, their A-File is moved to and stored in an underground facility by NARA, with millions of other paper immigration files. Defendants need sufficient time to search, copy, and produce those records.

Defendants will also produce non-privileged documents regarding immigration enforcement, and use of Broadview as a holding facility for immigration enforcement in the Chicago area, including its staffing, in response to RFP No. 16. Defendants have produced documents responsive to plaintiffs' request for "informal policies and guidance governing attorney access, conditions, and voluntary departures." Dkt. 134, p. 14. So, plaintiffs' motion to compel production of those materials should be denied as moot. Specifically, defendants produced emails and attachments on January 6, 2026, that were identified at the deposition plaintiffs referenced in their motion. Equally, the court has addressed plaintiffs' request to set a deadline for defendants to begin rolling production of documents. *Id.* at p. 15. Consistent with agreement of the parties, defendants started rolling production of documents on January 9, 2026. See Dkt. 138.

## Conclusion

For the foregoing reasons, the court should deny plaintiffs' motion to compel.

    Respectfully submitted

    ANDREW S. BOUTROS
    United States Attorney

    By: s/ Ifeanyi C. Mogbana
        IFEANYI MOGBANA
        JANA L. BRADY

                    PATRICK JOHNSON
                    Assistant United States Attorneys
                    327 S. Church St., Suite 3300
                    Rockford, Illinois 61101
                    ifeanyi.mogbana@usdoj.gov
                    jana.brady@usdoj.gov
                    patrick.johnson@usdoj.gov