# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 25 C 13323 |
| | ) Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department of Homeland Security, *et al.*, | ) Magistrate Judge McNally |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
THIRD SET OF EXPEDITED DISCOVERY REQUESTS**

Defendants by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, respond to plaintiffs' third set of expedited discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows:

**General Objections[1]**

1. Defendants object to the requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, joint defense or common interest privilege, the attorney work product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality. By responding and objecting to the requests, defendants do not waive or intend to waive the attorney-client privilege, joint defense or common interest privilege, the work product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure. Accordingly, any response, objection, or production of documents inconsistent with the foregoing is, and shall be construed to be, entirely

---

[1] These general objections are the same as General Objection Nos. 4, 7, and 8 asserted by plaintiffs in their November 18, 2025, discovery production.

1

inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity. Moreover, the production of privileged information or confidential materials shall not constitute, and shall not be construed to constitute, a waiver by defendants of any privilege, protection, or immunity from production in this or in any further matters in this proceeding or in any other litigation, dispute, or other context.

2. In responding to the requests, defendants do not in any way waive or intend to waive, but rather preserve: (a) all objections as to relevance, materiality, or admissibility into evidence of (i) documents and information produced in response to the requests or (ii) the responses set forth herein; (b) all rights to object on any ground to the use of any of said documents, information, requests, responses, or objections, or the subject matter thereof, in these or any other subsequent proceedings; and (c) all rights to object on any ground to (i) any request for further production or responses to these or any other requests for documents or information, or (ii) any other discovery requests in, or relating to, the above-captioned action.

3. Defendants object to plaintiffs' revised expedited discovery requests to the extent they exceed the proper scope of expedited discovery. Defendants object to plaintiffs' requests that seek information beyond what the parties intend to rely on during the evidentiary hearing currently scheduled for April 21-22, 2026 ("Hearing"), or plaintiffs' forthcoming request for permanent injunction. Defendants will file preliminary witness and exhibit lists for the Hearing in accordance with the court's scheduling order. Dkt. 88. Defendants reserve the right to supplement their witness and exhibit lists as necessary.

**Responses**

22. All video footage for the period September 28, 2025–November 7, 2025, for camera feeds to be identified after conferral between the parties.

**Response:** Video footage, to the extent it exists, is saved in a server that was disconnected on November 24, 2025 ("Old Server"). The parties and Five by Five Management, LLC, the defendants' contractor, held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely copy the requested video footage.

23. All video footage, including any overwritten, corrupted, or partially recovered footage for the period October 20, 2025 – October 31, 2025, for Cameras 18, 21, 33, 46, 62, and those camera feeds identified per Request for Production No. 22 above.

**Response:** None. On October 31, 2025, Five by Five Management, LLC, discovered the video system crashed and had not recorded any video since October 19, 2025.

24. All system logs for the video system that records the Broadview facility ("Video System") for the Relevant Period, including event logs, device logs, audit trail logs, camera connection logs, core dump logs, and recording pipeline logs.

**Response:** This information if it exists is in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the old server.

25. All logs for the Video System from the Relevant Period reflecting camera errors, disconnections, time drift, storage overflow, or write failures.

**Response:** This information if it exists is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

26. All configuration files for the Video System, including retention settings, recording schedules, recording modes, motion detection thresholds, storage partitioning, Network Interface

Card ("NIC") configuration, Network Time Protocol ("NTP") time synchronization settings, and roles, permissions, and user accounts.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

27. All camera configuration files for the Video System, including firmware versions, stream settings, resolution/Frames Per Second ("FPS") settings, multicast/unicast configuration, and IP addressing and network topology.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

28. Documents sufficient to describe the Video System architecture, including diagrams, topology maps, device lists, and models.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the old server.

29. Documents showing the retention policy for video footage and Video System information, including written policies, procedures, and internal memos.

> **Response:** Objection. This request seeks information that do not relate to plaintiff's claim or defense and therefore are outside the scope of discovery necessary for the Hearing, or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation conduct is not at issue. In addition, this request invades the protections afforded by the attorney-client privilege and work

product doctrine.

30. All Documents or logs reflecting overwrite events, retention expiration, manual purge, or system auto-delete activity on the Video System during the Relevant Period.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the old server.

31. All Documents related to any changes in retention or overwrite settings of the Video System during the Relevant Period.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

32. All Documents related to any missing, corrupted, or unavailable footage from the Video System during the Relevant Period.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

33. All Communications, including without limitation contracts and statements of work, with Five by Five Management, LLC, ASI Security, and any other party working on or having access to the Video System from January 1, 2025 to present.

> **Response:** Objection. This request seeks information that do not relate to plaintiff's claim or defense and therefore are outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation

conduct is not at issue. In addition, this request invades the protections afforded by the attorney-client privilege and work product doctrine.

34. All maintenance logs, service tickets, repair reports, and other documents related to servicing of the Video System during the Relevant Period.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

35. All records of power loss, reboot events, electrical problems, or system crashes affecting the Video System during the Relevant Period.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on to safely retrieve information from the Old Server.

36. Any records of insufficient storage, full disk warnings, drive failures, or other events affecting storage of video footage on the Video System during the Relevant Period.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

37. Documents sufficient to identify all persons who had access to the Video System during the Relevant Period, including without limitation the ability to download footage from the system, change settings or configurations, and delete or overwrite data stored on the system.

> **Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to

make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

38. All remote access or VPN access logs for the Video System during the Relevant Period.

**Response:** This information, if it exists, is saved in the Old Server. The parties and Five by Five Management, LLC, the defendants' contractor held a lengthy conferral on December 17, 2025, regarding how to make this production. All agreed that Five by Five Management, LLC, will circulate a proposal for the parties' approval on how to safely retrieve information from the Old Server.

39. All Communications during the Relevant Period regarding footage from the Video System, problems with the Video System, attempts to recover footage for the period October 20, 2025 – October 31, 2025, or any missing, corrupted, or overwritten footage from the Video System.

**Response:** Objection. This request seeks information that do not relate to plaintiff's claim or defense and therefore are outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation conduct is not at issue. In addition, this request invades the protections afforded by the attorney-client privilege and work product doctrine.

40. Any legal hold notices issued with respect to the Video System in this or any other litigation.

**Response:** Objection. This request seeks information that do not relate to plaintiff's claim or defense and therefore are outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation conduct is not at issue. In addition, this request invades the protections afforded by the attorney-client privilege and work product doctrine.

**INTERROGATORIES**

6. Identify by name and role every person and organization (e.g., third-party vendors) who had access to the Video System, including without limitation the ability to download footage from the system, change settings or configurations, and delete or overwrite data stored on the system.

>   **Response:** Objection. This request seeks information that do not relate to plaintiff's claim or defense and therefore are outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation conduct is not at issue. In addition, this request invades the protections afforded by the attorney-client privilege and work product doctrine.

7. Identify every person with knowledge of the circumstances under which the October 20 – October 31, 2025, footage from the Video System was lost, whether firsthand or acquired through any subsequent investigation.

>   **Response:** Objection. This request seeks information that do not relate to plaintiff's claim or defense and therefore are outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation conduct is not at issue. In addition, this request invades the protections afforded by the attorney-client privilege and work product doctrine.

>   Respectfully submitted,
>
>   ANDREW S. BOUTROS
>   United States Attorney
>
>   By: s/ Ifeanyi C. Mogbana
>       IFEANYI C. MOGBANA
>       JANA L. BRADY
>       PATRICK JOHNSON
>       Assistant United States Attorneys
>       327 South Church Street Suite 3300
>       Rockford, Illinois 61101
>       (815) 987-4444
>       ifeanyi.mogbana@usdoj.gov

jana.brady@usdoj.gov
patrick.johnson@usdoj.gov

| | |
|---|---|
| PABLO MORENO GONZALEZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 25 C 13323 |
| v. ) | |
| ) | Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department ) | Magistrate Judge McNally |
| of Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that the following document:

DEFENDANTS' RESPONSE TO PLAINTIFFS'
THIRD SET OF EXPEDITED DISCOVERY REQUESTS

was sent by e-mail to counsel of record on December 31, 2025.

s/ Ifeanyi C. Mogbana
IFEANYI C. MOGBANA
Assistant United States Attorney
327 South Church Street Suite 3300
Rockford, Illinois 61101
(815)987-4444
ifeanyi.mogbana@usdoj.gov
