# Exhibit D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 13323 |
| v. | ) | |
| | ) | Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department of Homeland Security, *et al.*, | ) | Magistrate Judge McNally |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED RESPONSES TO PLANTIFFS'
SECOND SET OF EXPEDITED DISCOVERY REQUESTS**

Defendants by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, amend their responses to plaintiffs' second set of expedited discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows:

**General Objections[1]**

1. Defendants object to the requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, joint defense or common interest privilege, the attorney work product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality. By responding and objecting to the requests, defendants do not waive or intend to waive the attorney-client privilege, joint defense or common interest privilege, the work product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure. Accordingly, any response, objection, or production of documents inconsistent

---

[1] These general objections are the same as General Objection Nos. 4, 7, and 8 asserted by plaintiffs in their November 18, 2025, discovery production.

1

with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity. Moreover, the production of privileged information or confidential materials shall not constitute, and shall not be construed to constitute, a waiver by defendants of any privilege, protection, or immunity from production in this or in any further matters in this proceeding or in any other litigation, dispute, or other context.

2. In responding to the requests, defendants do not in any way waive or intend to waive, but rather preserve: (a) all objections as to relevance, materiality, or admissibility into evidence of (i) documents and information produced in response to the requests or (ii) the responses set forth herein; (b) all rights to object on any ground to the use of any of said documents, information, requests, responses, or objections, or the subject matter thereof, in these or any other subsequent proceedings; and (c) all rights to object on any ground to (i) any request for further production or responses to these or any other requests for documents or information, or (ii) any other discovery requests in, or relating to, the above-captioned action.

3. Defendants object to plaintiffs' revised expedited discovery requests to the extent they exceed the proper scope of expedited discovery. Defendants object to plaintiffs' requests that seek information beyond what the parties intend to rely on during the evidentiary hearing currently scheduled for April 21-22, 2026 ("Hearing"), or plaintiffs' forthcoming request for permanent injunction. Defendants will file preliminary witness and exhibit lists for the Hearing in accordance with the court's scheduling order. Dkt. 88. Defendants reserve the right to supplement their witness and exhibit lists as necessary.

**Responses**

14. All Documents and Communications regarding the scheduling and preparation for the court-ordered Rule 34 inspection of the Broadview facility on November 13, 2025.

2

   **Response:** Objection. This request is overly broad. In addition, it seeks information unlikely to lead to the discovery of evidence probative of plaintiffs' claims of conditions of confinement and access to counsel at Broadview.

 15. Documents and Communications supporting the descriptions requested in Interrogatory No. 1, *infra*, *i.e.*, those sufficient to show Your and Your Agents' efforts to comply with the Temporary Restraining Order issued in the above captioned matter on November 5, 2025 (ECF No. 49), including, but not limited to, your efforts to accomplish the fifteen (15) enumerated requirements and the current status of each of those fifteen directives.

   **Response:** See ATTY_001-000001-000002, CLEAN_001-000001-0000053, FORM_001-000001-000186, INSP_001-000001-000026, INTAKE_001-000001-000003, JNITOR_001-000001, LOG_003-000001-000022, LOG_003-000023-000028, LOG_003-000029-000031, LOG_004-000001-000005, MEALS_001-000001-000011, ODLS_001-000001-000017, POSTR_001-000001-00004, POSTR_002-000001-000018, POSTR_003-000001-000002, PURCHS_001-000001-000131, PURCHS_002-000001-000023, PSW_001-000001-000120, SALES_001-000001-000006, TEST_001-000001-000007, VISTOR_001-000001-000002, MEDIA_001-000001, MEDIA_002-000001-000004, JNITOR_002-000001-0000076, VISTOR_002-000001, CLEAN_002-000001-0000046, ATTY_002-000001-000003.

   Investigation continues.

 16. Documents and Communications sufficient to show Your current plans for the use of Broadview during the next six months. This includes Documents indicating whether immigration enforcement personnel temporarily reassigned for the winter are scheduled to return to the Chicago area in the spring.

   **Response:** Defendants will produce non-privileged responsive documents sufficient to show use of Broadview as a holding facility for immigration enforcement in the Chicago area, including its staffing.

 17. Documents sufficient to identify any facilities that are currently being used to process individuals arrested within the Northern District of Illinois for functions that, as of October

3

2025, were being performed at Broadview. This request includes identification of any locations where detainees are presently being taken in lieu of Broadview for the same processing activities.

> **Response:** Objection. This request seeks information unlikely to lead to the discovery of evidence probative of plaintiffs' claims of conditions of confinement and access to counsel at Broadview.

18. Documents and data sufficient to show the following information from the Relevant Time Period for all persons *arrested and detained* by You and Your agents within the Northern District of Illinois: the name, age, case number or A Number, country of citizenship, history of and current location of detention (including the date and time such person was arrested, booked in, detained, processed, transferred to another facility, and/or removed from the United States), and current case status, including the final disposition and whether such person was subject to a voluntary departure. The response to this Request includes but is not limited to unredacted spreadsheets with data relevant to any facilities in which persons arrested within the Northern District of Illinois have been detained during the Relevant Time Period, including "Arrest" and "Detention" spreadsheets by the ERO LESA Statistical Tracking Unit. Plaintiffs request that Defendants provide this information to Plaintiffs' counsel on an on-going weekly basis.

> **Response:** Objection; this request is not proportionate to the needs of the Hearing, or even of the merits of this case. In addition, this request seeks information unlikely to lead to the discovery of evidence probative of plaintiffs' allegations about conditions of confinement and access to counsel at Broadview. The following tangible items were produced without waiving said objections:
>
> See LOG_001-000001-000030, LOG_002-000001-000031, LOG_003-000023-000031, LOG_005-000001-000031, LOG_006-000001-000033 (up to December 31, 2025)

19. All formal and informal policies, procedures, directives, regulations, and guidance memoranda in effect during the Relevant Time Period related to Your retention of Documents and Communications ("Document Retention Policies") related to the Broadview facility and Operation

4

Midway Blitz.

> **Response:** Objection; this request is vague (especially the word, "informal") and not proportionate to the needs of the Hearing. Answering further, Department of Homeland Security records management is governed by numerous Public Laws and regulations, such as: (1) 44 U.S.C. Chapters 21, 29, 31, 33; (2) The Paperwork Reduction Act, 44 U.S.C. 3501 et seq.; (3) 18 U.S.C. Chapter 101; (4) 36 C.F.R. parts 1220, 1222, 1224, 1226, 1228, 1230, 1232, 1234, and 1236. The following tangible item was produced without waiving said objections:
>
> See POLICY_001-000001-000015.

20. All Documents and Communications reflecting Your suspension of Document Retention Policies for Documents and Communications related to this litigation during the pendency of this litigation, including but not limited to Your suspension of any video record overwriting.

> **Response:** Objection; this request has no foundation in the record. In addition, this request seeks information unlikely to lead to the discovery of evidence probative of plaintiffs' claims of conditions of confinement and access to counsel at Broadview.

21. Any litigation hold notice issued regarding this litigation, including a list of recipients of any such notice.

> **Response:** Objection. This request seeks information that do not relate to plaintiff's claim or defense and therefore are outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation conduct is not at issue.

### INTERROGATORIES

1. Describe in detail Your and Your Agents' efforts to comply with the Temporary Restraining Order issued in the above captioned matter on November 5, 2025 (ECF No. 49), including, but not limited to, your efforts to accomplish the fifteen (15) enumerated requirements

5

and the current status of each of those fifteen directives. As an example, for directive number 1 (requiring Defendants to "provide all persons detained at Broadview…overnight in any hold room, cell, or other space… with a clean bedding mat and bedding with sufficient space to sleep"), describe, at least, when you initiated efforts to obtain such bedding, how you did so (who you contacted, what vendors were approached, etc.), any policies or directives issued to personnel running the Broadview site designed to facilitate compliance with this directive, whether (and when) the directive has been accomplished, and how it will continue to be enforced.

> **Response:** Objection. This interrogatory is unduly burdensome as it calls for a detailed narrative response more suitable as a deposition question than one propounded in writing due to the amount of information it requests.

2. Describe when and why the population at Broadview decreased shortly after the filing of the above-captioned matter, including, *inter alia*, whether detainees arrested within the Northern District of Illinois are or were being held at alternative facilities (and, if so, where) for the same processing purposes that were being carried out at the Broadview site in October 2025, and whether personnel were directed or encouraged to reduce the population at Broadview before the court-ordered Rule 34 inspection of the Broadview facility on November 13, 2025.

> **Response:** Objection. This interrogatory seeks information that does not relate to plaintiff's claim or defense and therefore is outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Furthermore, relevance aside, this interrogatory is unduly burdensome as it calls for a detailed narrative response more suitable as a deposition question than one propounded in writing due to the amount of information it requests.

3. Describe the decision-making process, identify the decisionmakers, and explain the present plan for use of Broadview and/or other facilities for detention and processing of detainees arrested within the Northern District of Illinois over the next six months, including whether immigration enforcement personnel temporarily reassigned for the winter are scheduled to return

to the Chicago area in the spring, and whether you intend to adhere to the directives of the November 5, 2025, TRO entered in this case.

> **Response:** Broadview is and remains an ICE processing facility, which is used for detainee intake, processing, administrative handling, and short-term custody functions rather than long-term detention. The Broadview Processing Center contains hold rooms, which are secure, supervised rooms used for the temporary placement of detainees during the processing or movement within the facility. The defendants maintain a presence in the Chicago area, have historically maintained a presence in the Chicago area, and intend to continue maintaining an operational presence there in the future in furtherance of its civil immigration enforcement mission. The Field Office Director, or the individual acting in that capacity, serves as the responsible decision-maker for field operational determinations consistent with ICE policy and applicable law. Because operations are driven by evolving enforcement priorities, resource availability, and case-specific circumstances, the defendants cannot predict the nature or timing of specific enforcement operations. Nevertheless, disclosure of ongoing or future investigations or enforcement techniques could risk compromising law enforcement efforts, including thwarting the agency's ability to carry out its mission. To support ongoing civil immigration enforcement activities, staffing levels at ICE field offices across the nation are also regularly supported by assigning personnel temporary duty assignments in field locations other than their primary duty stations. Additionally, consistent with standard federal workforce management practices, the Defendants utilize authorized incentives and recruitment or retention tools, as appropriate, to support staffing levels sufficient to carry out its civil immigration enforcement mission.

4. Describe the process by which You identified documents responsive to each of Plaintiffs' Revised Expedited Discovery Requests (served November 6, 2025) and Plaintiffs' Second Set of Expedited Discovery Requests, including:

    a. How You identified individuals likely to have responsive information;

    b. Names and job titles of the custodians whose data was searched;

    c. Type of document sources searched (*i.e.*, email; hard drives; messaging apps, including Microsoft Teams, Signal; text messages);

   d.  Document collection method (*i.e.*, self-collection; inbox, hard drive, phone imaging; other);

   e.  Search terms used; and

   f.  Any date restrictions applied on the searches.

   **Response:** Objection. This request seeks information that does not relate to plaintiff's claim or defense and therefore is outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to meet their discovery obligations, their conduct is not at issue. Furthermore, relevance aside, this interrogatory is unduly burdensome as it calls for a detailed narrative response more suitable as a deposition question than one propounded in writing due to the amount of information it requests.

5.  Identify each individual who received a litigation hold notice related to this litigation and the claims raised in the Complaint, the method by which the hold notice was provided, and the date on which each such individual received that hold notice.

   **Response:** Objection. This interrogatory seeks information that does not relate to plaintiff's claim or defense and therefore is outside the scope of discovery necessary for the Hearing or even allowed under FRCP 26(b)(1). Absent evidence that defendants failed to preserve or otherwise meet their discovery obligations, their preservation conduct is not at issue.

           Respectfully submitted,

           ANDREW S. BOUTROS
           United States Attorney

           By: s/ Ifeanyi C. Mogbana
            IFEANYI C. MOGBANA
            JANA L. BRADY
            PATRICK JOHNSON
            Assistant United States Attorneys
            327 South Church Street Suite 3300
            Rockford, Illinois 61101
            (815) 987-4444
            ifeanyi.mogbana@usdoj.gov

8

jana.brady@usdoj.gov
Patrick.johnson@usdoj.gov

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 13323 |
| v. | ) | |
| | ) | Judge Gettleman |
| KRISTI NOEM, Secretary U.S. Department of Homeland Security, *et al.*, | ) | Magistrate Judge McNally |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that the following document:

DEFENDANTS' AMENDED RESPONSES TO PLAINTIFFS'
SECOND SET OF EXPEDITED DISCOVERY REQUESTS

was sent by e-mail to counsel of record on January 10, 2026.

        s/ Ifeanyi C. Mogbana
        IFEANYI C. MOGBANA
        Assistant United States Attorney
        327 South Church Street Suite 3300
        Rockford, Illinois 61101
        (815) 987-4444
        ifeanyi.mogbana@usdoj.gov