**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| PABLO MORENO GONZALEZ, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  1:25−cv−13323 |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al*. | ) ) ) ) ) | Hon. Laura K. McNally |
| Defendants. | ) | |

## <u>PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED INSPECTION</u>

Plaintiffs respectfully request that the Court order a brief inspection of the Immigration and Customs Enforcement Broadview facility at 1930 Beach Street, Broadview, Illinois ("Broadview"), with their medical and mental health expert, Dr. Pablo Stewart, in preparation for the upcoming motion for a preliminary injunction. A limited inspection is necessary to address medical and mental health issues not covered in the November 2025 inspection, and to enable this Court to have a fuller record in adjudicating the forthcoming motion for a preliminary injunction.

Dr. Stewart—who is a nationally recognized expert in the fields of mental health and medical care—has limited availability to travel to Chicago, Illinois, prior to the March 25, 2026, deadline for disclosures of expert testimony pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Given the short timeframe, Dr. Stewart's only remaining availability to visit the ICE Broadview facility is March 2, 3, 9, or 10, 2026. Because the parties' efforts to resolve this matter informally have not proved successful, Plaintiffs now seek leave of Court.

1

## BACKGROUND

Plaintiffs contacted counsel for the Department of Homeland Security ("DHS") on February 14, 2026, to request that Plaintiffs' mental health and medical expert, Dr. Stewart, accompany Plaintiffs' counsel on one of their weekly trips to Broadview. **Ex. A**. As Plaintiffs explained, their medical expert "would like to walk through the main floor to understand the facility's layout and infrastructure, and … to speak with detainees alongside" Plaintiffs' counsel, but would "not be interviewing staff or taking photos." *Id.* Counsel for DHS responded by asking Plaintiffs to send this request as a formal Rule 34 Inspection Request. **Ex. B**.

On February 19, 2026, Plaintiffs sent DHS a formal Rule 34 Inspection Request seeking "a limited inspection for Plaintiffs' expert to walk through the main floor to understand the facility's layout and infrastructure and speak with detainees alongside Plaintiffs' counsel as part of their regular weekly visit." Plaintiffs stated that "[n]o photographs will be taken." Plaintiffs also requested that this inspection last three hours instead of the regular two hours that Plaintiffs' counsel has been provided on a weekly basis to interview detainees. **Ex. C**.

Defendants refused to agree to an inspection, writing that "DHS is not inclined to agree" to the visit because Plaintiffs "already had an expert at the facility" and "took a lot of photographs." **Ex. D**. Defendants' counsel also noted that "the medical issue may become moot" because Defendants are hiring medical staff who will be "at Broadview in the near future." *Id.*

The parties met and conferred to no avail on February 24, 2026, at 1:30 p.m. via videoconference. Plaintiffs' counsel then sent counsel for DSH an additional correspondence seeking to resolve this matter in good faith by clarifying: (1) that Plaintiffs seek only a brief inspection to assist Plaintiffs' expert in personally observing and understanding the layout of the facility, including privacy and safety considerations, and the opportunity to speak with class

2

members; (2) to minimize interruptions to the facility, the inspection would take place in lieu of the regular weekly visit with class members, and the parties could discuss the length of the visit; and (3) Plaintiffs are not seeking any additional photographs, measurements, interviews with staff, or anything else that would interfere with Broadview's operations. **Ex. E**. Despite Plaintiffs' efforts, Defendants continue to refuse to agree to this inspection. **Ex. F**.

ARGUMENT

**A.  Plaintiffs' Need for a Limited Inspection with a Medical/Mental Health Expert**

Plaintiffs now seek leave of the Court to enable Dr. Stewart to visit the Broadview facility on March 2, 3, 9, or 10, to personally observe the conditions of the facility, including privacy and safety considerations, and to speak with class members who are detained at Broadview about their experiences. Based on ongoing discovery, including regular contact with class members detained at Broadview, Plaintiffs anticipate that one of the key issues at the preliminary injunction hearing will be ongoing denials of medical and mental health care that subject detainees to an unreasonable risk of harm in violation of the Fifth Amendment.

Moreover, Plaintiffs did not have a prior opportunity to have a medical expert view Broadview or talk to class members there. At the November 13, 2025 inspection, Plaintiffs and Defendants agreed that Plaintiffs would only bring one expert, Dora Schriro, who was an expert on immigration detention standards and had no medical training. *See* Dkt. 68 ("By agreement, the Plaintiffs may bring five attorneys, one translator, and their disclosed expert."). The subject matter of Plaintiffs' custody expert is different than that of Dr. Stewart, a medical doctor who will opine specifically on issues related to medical and mental health care. Defendants have also repeatedly claimed that conditions at Broadview have changed since mid-November. *See, e.g.*, Dkt. 119 (arguing that Broadview "has been operating" differently "since U.S. Border Patrol

3

Commander Gregory Bovino and his team redeployed to other cities in mid-November 2025"). Information gleaned from the prior inspection is therefore not a sufficient replacement for Dr. Stewart's own observations as a means of informing his opinions.

While Plaintiffs are encouraged to learn that DHS may be looking to hire medical personnel to work at Broadview at some point in the future, there are no assurances about whether this will actually transpire, when it may occur, or how it may impact the medical and mental health care provided to detainees at Broadview. In the interim, class members continue to experience challenges related to inadequate medical and mental health care that puts them at serious risk of harm. Just this week, counsel for Plaintiffs met multiple detainees with serious medical conditions at Broadview who had no access to their prescription medications or other care.

Finally, the brief, limited inspection by Dr. Stewart that Plaintiffs request would not unduly burden Defendants or create any significant interruptions to operations at Broadview. Plaintiffs' counsel has visited Broadview to meet with class members on a weekly basis since December 2025. These visits have all gone smoothly, and Plaintiffs are aware of no security or operational issues resulting from their brief presence at the facility each week. This visit with Dr. Stewart would be far less involved than the November 2025 inspection.

### B. Dr. Pablo Stewart's Medical and Mental Health Expertise

Dr. Stewart has approximately 36 years of experience in correctional mental health and medical care, including serving as a court-recognized and court-appointed expert in class action cases regarding the provision of mental health care and medical care to incarcerated people. Dr. Stewart's curriculum vitae is attached hereto as **Exhibit G**.

4

Among his many accomplishments, Dr. Stewart has extensive experience managing and monitoring medical and mental health systems in detention settings, including as a federal court appointed monitor in *Rasho v. Baldwin* (C.D. Ill.), a class case involving the provision of mental health care to the incarcerated population of the Illinois Department of Corrections. For ten years, Dr. Stewart also served as a court-appointed medical and psychiatric expert for the federal court in the consent decree case *Gates v. Deukmejian*, E.D. Cal. Case No. 87-1636. That case involved medical care, psychiatric care, conditions of confinement, and treatment for people with HIV. The United States Supreme Court cited Dr. Stewart's expert reports twice in their opinion upholding a three-judge court's imposition of an order requiring California to reduce overcrowding to address constitutional violations. *Brown v. Plata*, 563 U.S. 493, 519 n.6 & 522 (2011). Most recently, Dr. Stewart served as an attending psychiatrist at the Oahu Community Correctional Center, where he supervised psychiatry residents in their provision of acute and chronic care to the mentally ill population housed at the jail. In that capacity, he was also involved with local agencies in formulating the jail's response to COVID-19.

Dr. Stewart has the knowledge and experience to be able to advise Plaintiffs and the Court about the conditions involving medical and mental health care in this case, and about any further reforms necessary both to implement the terms of the Temporary Restraining Order (TRO) and to protect the class. *Cf. Plata*, 563 U.S. at 540 ("When expert opinion is addressed to the question of how to remedy the relevant constitutional violations [in a correctional facility], federal judges can give it considerable weight."); *see also Smith v. Barr*, 512 F. Supp. 3d. 887, 897-98 (S.D. Ind. 2021) (granting preliminary injunction on Eighth Amendment claim and mandating COVID protections in federal prison based on expert evidence about risks of transmission).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' emergency request for a brief inspection is reasonable and necessary to prepare and present their motion for preliminary injunction. Due to limitations on Dr. Stewart's availability, Plaintiffs respectfully request that this Court grant the motion and permit Plaintiffs' mental health and medical expert to visit Broadview on March 2, March 3, March 9, or March 10, 2026, for the purpose of personally observing the Broadview facility and speaking with detained class members.

Dated: February 26, 2026

Respectfully submitted,

*/s/ Jennifer L. Stark*
Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
Fax: (312) 288-5225
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org

*/s/ Alexa Van Brunt*
Alexa Van Brunt
Jonathan Manes
Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**

6

160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone:  312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org

/s/ Nathan P. Eimer
Nathan P. Eimer
Scott C. Solberg
Michael L. McCluggage
James B. Speta
Lisa S. Meyer
Brent R. Austin
Alec Solotorovsky
Gregory M. Schweizer
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone:  312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com
asolotorovsky@eimerstahl.com
gschweizer@eimerstahl.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.2

Plaintiffs certify that they conferred with Defendants via videoconference about the relief requested in this motion as laid out above. The parties were unable to come to an agreement.

/s/ Jennifer Stark

7