UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-cv-13323 |
| | ) | |
| v. | ) | Hon. Laura K. McNally |
| | ) | |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court is Defendants' Motion for Extension of Time to Complete Video Footage Production [181]. For the reasons stated at the video hearing on 3/2/26 and as set forth below, Defendants' motion is granted in part.

This motion concerns video footage, as well as access logs and other data located on a decommissioned hard drive. The records at issue have been the subject of multiple Court orders, including Dkt. 151 (1/22/26) and Dkt. 163 (2/13/26). As described in Plaintiffs' response brief Dkt. 184, a description not contested by Defendants at the video hearing on 3/2/26, Defendants have not yet completed the production of records due 2/27/26. Indeed, at the video hearing, Defendants informed the Court that as further technical processes continue, they are unable to predict when the production could be completed.

As discussed on the record, the Court finds that Defendants have not moved with reasonable diligence in response to the Court orders regarding these records. The record reflects inexplicable delays, miscommunications, and bureaucratic hurdles to

completion of this project—problems outside the technological issues with the decommissioned server. The Court finds no good cause for this timeline.

Defendants' motion seeks an extension through 3/12/26 to complete production of the outstanding video records. Yet by Defendants' admission at the hearing, Defendants' technical experts are unable to predict whether the materials will be ready on that date. More concerning, that deadline would leave less than two weeks for Plaintiffs' experts to review and analyze these records before their Rule 26(a)(2)(B) disclosures are due.

With these considerations in mind, the Court grants Defendants an extension through 3/4/26 to complete its production of video footage as well as the outstanding logs and data records. After that date, based on Defendants' repeated failure to comply with the Court's discovery orders regarding these records, Defendants are precluded from contesting at the preliminary injunction hearing Plaintiffs' witnesses' descriptions of what the video footage would have shown, had it been preserved and timely produced.

There are four important caveats to this ruling: First, this ruling is for purposes of the preliminary injunction hearing only. If Defendants are able to produce these records in a timely manner in post-preliminary injunction discovery, this restriction will not apply at trial. Second, this ruling also does not provide a broad adverse inference that would relieve Plaintiffs of their obligation to present evidence or testimony as to the conditions at the Broadview facility. Third, this ruling applies only to areas of the facility covered by a missing camera and not covered by any other camera. And fourth, this ruling does not extend to footage of the time period 10/19/25-10/31/25, which will be the subject of separate consideration.

Defendants are ordered to deliver hard drives containing the remaining video footage to Plaintiffs' counsel, no later than 6:00 p.m., each day as the downloads are ready through 3/4/26. (The Court understands that Plaintiffs have provided blank hard drives to Defendants for this purpose.) Plaintiffs' request for fees is denied.

DATED: 3/3/2026

                                                          Laura K. McNally
                                                          U.S. Magistrate Judge