

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*
*Western Division*

| | | |
|---|---|---|
| Jana L. Brady | 327 South Church Street, Suite 3300 | Phone:815-987-4462 |
| Assistant United States Attorney | Rockford, Illinois 61101 | Fax: 815-987-4236 |
| | | Email:jana.brady@usdoj.gov |

March 4, 2026

*Via Email*
Jonathan Manes
MacArthur Justice Center
160 E. Grand Avenue, 6th Floor
Chicago, Illinois
jonathan.manes@macarthurjustice.org
broadview@aclu-il.org

    Re:    *Moreno Gonzalez v. Noem, et al.,* No. 25 C 13323 (N.D. Ill.)

Dear Attorney Manes:

    We are writing in response to your March 3, 2026, correspondence addressing plaintiffs' eighth set of expedited discovery requests directed to defendants and in anticipation of the hearing set for March 4, 2026. By way of brief background, plaintiffs filed a motion for expedited discovery, set forth in Exhibit A, on October 30, 2025, so that the "court can have a fuller record in adjudicating the forthcoming motion for a preliminary injunction." Dkt. 15, p. 1. The discovery requested was limited to September 8, 2025, to the present and included an inspection of the Broadview Service Staging Area by plaintiffs' corrections expert, three depositions limited to three hours each, and 12 document production requests. Dkt. 15-1. The motion was "granted limited as stated on the record." Dkt. 45.

    Since that time, what was supposed to have been limited preliminary injunction hearing discovery limited to a two-month period has somehow expanded exponentially into what has become class action discovery on the merits dating back to January 1, 2025, on an expedited basis that has proven to be challenging to keep up with, to say the least. The defendants maintain that the expansion of discovery beyond what was sought in Exhibit A is improper as beyond the scope of the approved expedited discovery and not proportionate to the needs of the preliminary injunction hearing set for April 21-22, 2026, particularly now that defendants have been barred from contesting "Plaintiffs' witnesses' descriptions of what the video footage [not produced] would have shown." Dkt. 188.

    Without waiving these objections, this takes us to plaintiffs' eighth set of expedited discovery requests, which are attached for easy reference. On February 6, 2026, plaintiffs issued subpoenas to several federal employees seeking deposition testimony and records. We promptly objected to the requests for records because the records belong to the government, not the employees, and plaintiffs failed to comply with the Department of Homeland Security's *Touhy* regulations. 6 C.F.R. § 5.44; 6 C.F.R. § 5.45. In response, plaintiffs withdrew the request for

records directed to the federal employees and, on February 9, 2026, issued a "DRAFT" of plaintiffs' eighth set of discovery requests seeking voluminous records dating back to January 1, 2025, three business days prior to the depositions of Yalisa Riley (set for March 16, 2026), Keith Taylor (set for March 11, 2026), Shawn Byers (set for March 20, 2026), Ray Hernandez (set for March 17, 2026), Jonathan Bugayong (set for March 13, 2026), Esteban Rivas (set for March 10, 2026), and Commander of U.S. Public Health Services James P. Chaney (DHS has not been able to get a hold of him) "as well as any other Deponents designated as witnesses in this action." On February 18, 2026, the defendants agreed to search the emails of the individuals set to be deposed but objected to the scope of the requests and indicated that it would propose search terms and a limited timeframe. Defense counsel emphasized that the eighth set of requests are so extremely broad that DHS might struggle to fashion a query that catches all responsive emails.

The undersigned counsel was advised by agency counsel of the following on March 3, 2026, at 9:15 p.m.:

> Search Terms for emails, teams and phone (all applied for each deponent) from June 24, 2025, to February 18, 2026
>
> 1. legal call W/5 ("hold room" OR Broadview)
> 2. ((call* OR phone*) W/5 (attorney* OR counsel* OR client* OR legal* OR lawyer* OR speak* OR talk* OR communicat* OR demand*)) W/10 (issue OR concern* OR complain* OR escalat* OR problem* OR complian* OR noncomplian*) AND ("hold room" OR Broadview)
> 3. medical* W/10 (issue OR concern* OR complain* OR escalat* OR problem* OR complian* OR noncomplian*) AND "hold room"
> 4. (email* OR visit* OR access*) W/5 (attorney* OR atty* OR counsel* OR lawyer*) W/10 (deny OR refuse* OR restrict* OR delay*) AND ("hold room" OR Broadview)
> 5. (bedding OR sleeping OR mat OR mats OR blanket* OR cloth*) W/10 (issue OR concern* OR complain* OR deny OR insufficient OR unavailable) AND ("hold room" OR Broadview)
> 6. clean* AND (issue OR concern* OR complain* OR escalat* OR problem* OR complian* OR noncomplian*) AND ("hold room" OR Broadview)
> 7. hygien* W/10 (issue OR concern* OR complain* OR escalat* OR problem* OR complian* OR noncomplian*) AND ("hold room" OR Broadview)
> 8. Broadview W/10 (plan OR intend OR expect* OR schedule* OR project* OR forecast* OR anticipat* OR strateg*) AND (issue OR concern* OR complain* OR delay* OR overcrowd* OR capacity)
> 9. (food OR water OR meal* OR drink* OR nutrition* OR beverage*) W/10 (issue OR concern* OR complain* OR escalat* OR problem* OR complian* OR noncomplian*) AND ("hold room" OR Broadview)

10. (voluntar* OR consent OR agree) W/5 (depart* OR return* OR removal*) W/10 (coerc* OR pressure* OR force* OR involuntary*) W/10 Broadview

11. (Overcrowd* OR decompress* OR crowd*) W/10 ("hold room" OR Broadview OR capacity OR exceed*)

12. Over W/5 capacity W/10 (complain* OR concern* OR problem*) AND ("hold room" OR Broadview)

13. Pablo Moreno W/5 Gonzalez AND Broadview

14. ▮

15. ▮

16. ▮

17. ▮

18. ("detainee intake screening" OR "arrival screening" OR "processing intake") W/5 (issue OR concern* OR complain* OR unavailable OR delay*) AND Broadview

19. ("language line" OR "limited English proficiency" OR "translation services" OR "interpreter fluency testing") W/10 (issue OR concern* OR complain* OR unavailable OR delay*) AND Broadview

20. ("interview process" OR "signature request" OR "explaining documents" AND "vulnerable condition") W/10 (issue OR concern* OR complain* OR delay*) AND Broadview

21. ("Temporary Restraining Order" OR "TRO") W/5 Broadview

22. ("disability screening" OR "gender identity screening" OR "pregnancy screening" OR "safety hazard") W/10 (issue OR concern* OR complain* OR deny OR delay*) AND Broadview

23. ("detainee log maintenance" OR "tracker maintenance" OR "inspection log" OR "cleaning log") W/10 (issue OR concern* OR complain* OR condition* OR hazard*) AND Broadview

24. ("ICE Detainee Online Locator" OR "ODLS") W/5 (issue OR concern* OR complain* OR delay*) AND Broadview

Defense counsel has been advised that the U.S. Attorney's Office should start receiving responsive emails on March 4, 2026, although we may receive some in redacted form. We have been told that the agency may be asserting that certain emails are attorney-client, law enforcement, and deliberative process privileged. We have asked for a privilege log to support the assertion of the privileges. We hope this helps frame the issues for the hearing set for March 4, 2026.

Very truly yours,

ANDREW S. BOUTROS
United States Attorney

By: s/ Jana L. Brady
JANA L. BRADY
Assistant United States Attorney