UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PABLO MORENO GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25 C 13323 |
| v. | ) | |
| | ) | Judge Gettleman |
| MARKWAYNE MULLIN[1], Secretary, U.S. | ) | Magistrate Judge McNally |
| Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

The parties, by their undersigned attorneys, hereby submit the following joint status report pursuant to the Court's March 12, 2026 directive to notify the Court whether the motion to dismiss (ECF No. 141) is withdrawn, whether the parties intend to reschedule a preliminary injunction hearing, and to report on the status of litigation. ECF No. 212.

---

[1] Markwayne Mullin has succeeded Kristi Noem as Secretary of the U.S. Department of Homeland Security and Matthew Putra has succeeded Sam Olson as the Acting Chicago Field Office Director. As these Defendants were sued in their official capacities, pursuant to Federal Rule of Civil Procedure 25(d), Mullin and Olson are automatically substituted as Defendants for Noem and Olson, respectively. Gregory Bovino, who was sued in his official capacity as Commander at Large, separated from DHS on March 24, 2026. He is consequently no longer a defendant. Plaintiffs' lawsuit names the office of "Commander at Large of U.S. Customs and Border Protection" as a defendant and describes that office's duties. ECF No. 1 ¶ 29. The parties are looking into who, if anyone, may be named as Bovino's successor for purposes of Rule 25(d).

1

**A. Status of Settlement, Preliminary Injunction Hearing, and Litigation**

1.     **Settlement Negotiations:** On March 12, 2026, the parties agreed to cancel the April 21-22 preliminary injunction hearing and pause discovery (except as described below, *infra* ¶ 5) in order to engage in settlement discussions. *See* ECF Nos. 211, 212. On March 27, 2026, the parties appeared before Magistrate Judge McNally. The Court scheduled a settlement conference for April 13, 2026, at 11:00 a.m. ECF No. 215.

2.     **Rescheduled Preliminary Injunction Hearing:** The parties do not intend to move forward with rescheduling a preliminary injunction hearing. If the parties are unable to reach a settlement in the near future in accordance with Magistrate Judge McNally's order, the parties will ask the Court to schedule a trial on the merits in late 2026. Plaintiffs will also seek leave from Magistrate Judge McNally to restart discovery.

3.     **Extension of the TRO:** The parties stipulate and agree that the temporary restraining order (TRO) entered by the Court on November 5, 2025 (ECF No. 49) will remain in effect through a trial on the merits (including the time after such trial needed for the Court to issue a ruling), unless otherwise agreed by settlement. Pursuant to Federal Rule of Civil Procedure 65(b)(2), with the Government's consent, the parties therefore request that this Court enter an order on the record extending the TRO through the time of trial.

4.     **Status of the Litigation**

a.     *Plaintiffs' position*: Over the last four months, Plaintiffs invested considerable time preparing for the preliminary injunction hearing, which included obtaining expedited discovery, meeting with Class Members at Broadview, and working

2

with multiple retained experts. Plaintiffs filed four motions to compel, ECF Nos. 134, 146, 154, 173, which were, in large part, granted. ECF Nos. 147, 151, 163, 208.[2] Plaintiffs also filed a motion to compel production of DHS emails improperly withheld as privileged. ECF No. 172. Following an *in camera* review, the Court ordered at least partial production of 297 out of 368 contested emails. ECF No. 206. Over the course of these disputes, the Court awarded Plaintiffs several adverse inferences for the preliminary injunction hearing. First, when Defendants sought an extension to comply with the Court Order granting Plaintiffs' third motion to compel, the Court held that if Defendants did not produce certain video footage by the new deadline, March 4, they would be precluded from contesting Plaintiffs' evidence about what the footage would have shown. *See* ECF No. 188. Defendants did not produce all of the footage that was ordered to be produced. Then, in granting Plaintiffs' fourth motion to compel, the Court found that Plaintiffs had been prejudiced by Defendants' failures to comply with the discovery rules and held that Defendants would be precluded from offering evidence to rebut Plaintiffs' evidence concerning deployment of the voluntary departure program at Broadview, the provision of translation services, Defendants' awareness of the conditions at Broadview, and, if phone records were not produced by March 13, the telephone access granted to non-citizens to speak with attorneys. ECF No. 208.

---

[2] Plaintiffs' oral motion to compel electronic discovery was denied as unripe. ECF No. 194. Plaintiffs' emergency motion to compel (ECF No. 202) was denied without prejudice for being filed before the deadline provided by the Federal Rules of Civil Procedure. ECF No. 209.

At the time the parties agreed to extend the TRO, Plaintiffs were about to take depositions of several of Defendants' employees and high-level officials, including Deputy Field Office Director (FOD) Shawn Byers, Assistant FOD Keith Taylor, and Assistant FOD and 30(b)(6) witness, Ray Hernandez. Relevant ESI from the deponents' emails and Teams messages were due to Plaintiffs just prior to their depositions, scheduled for March 12 through 17. The morning of March 12, two hours before the first of the scheduled depositions, Defendants contacted Plaintiffs seeking to pause discovery while the parties explored settlement. Plaintiffs agreed.

If settlement is not successful, Plaintiffs anticipate that discovery in the case will pick up where it left off in March (*e.g.*, Defendants will be required to respond to Plaintiffs' pending document requests, including requests for ESI from each of the deponents), and the Court will set new deadlines for merits discovery. Plaintiffs disagree with Defendants' position, below, that Magistrate Judge McNally's previously-ordered sanctions for Defendants' discovery conduct—including the awarding of adverse inferences against the Government—are all moot. That issue will have to be addressed before Magistrate Judge McNally.

b.      *Defendants' position*: The parties' efforts to complete expedited preliminary injunction hearing discovery and the sanctions issued by Magistrate Judge McNally, which only impacted preliminary injunction proceedings, are moot by virtue of the defendants' agreement to extend the TRO until the time of trial and plaintiffs' agreement to proceed with a trial on the merits instead of a preliminary injunction hearing. Defendants expect that merits discovery will start anew consistent with the deadlines set

4

forth in the Federal Rules of Civil Procedure if the parties are unable to reach a settlement agreement.

5. **Ongoing Discovery**:

a. The parties agree that Defendants will continue rolling weekly production of the Daily Cell Logs. Plaintiffs have requested that rolling video footage production continue as well, in order to avoid backlogs in both production and review. Defendants have not yet given their position on ongoing video production but have made two video productions since discovery was halted.

b. Plaintiffs' weekly visits to the Broadview facility — as ordered in ECF No. 116 — will also continue. ECF No. 211.

**B. Motion to Dismiss**

6. The defendants agree to withdraw without prejudice their pending motion to dismiss (ECF No. 141) subject to being re-noticed for a ruling based upon the briefs already filed (ECF Nos. 141-142, 164, and 180) if the parties are unable to reach a settlement agreement. The parties agree that the defendants' responsive pleading deadline is stayed pending settlement negotiations.

Dated: March 30, 2026

Respectfully submitted,

*Counsel for Plaintiffs*

/s/ Alexa Van Brunt
Alexa Van Brunt                         Nathan P. Eimer
Jonathan Manes                          Scott C. Solberg
Jessica Gingold                         Michael L. McCluggage

Danielle Berkowsky
Chisato Kimura
**MACARTHUR JUSTICE CENTER**
160 E. Grand Avenue, 6th floor
Chicago, Illinois 60611
Phone: 312-503-1336
alexa.vanbrunt@macarthurjustice.org
jonathan.manes@macarthurjustice.org
jessica.gingold@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org
chisato.kimura@macarthurjustice.org


Kevin M. Fee
Michelle T. García
Rebecca K. Glenberg
Samuel Cole
Jennifer Stark
Kathleen Hickey
**ROGER BALDWIN FOUNDATION OF
ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, Illinois 60601
Phone: (312) 201-9740
kfee@aclu-il.org
mgarcia@aclu-il.org
rglenberg@aclu-il.org
scole@aclu-il.org
jstark@aclu-il.org
khickey@aclu-il.org

James B. Speta
Lisa S. Meyer
Brent R. Austin
Alec Solotorovsky
Gregory M. Schweizer
**EIMER STAHL LLP**
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: 312-660-7600
neimer@eimerstahl.com
ssolberg@eimerstahl.com
mmccluggage@eimerstahl.com
jspeta@eimerstahl.com
lmeyer@eimerstahl.com
baustin@eimerstahl.com
asolotorovsky@eimerstahl.com
gschweizer@eimerstahl.com


*Counsel for Defendants*


ANDREW S. BOUTROS
United States Attorney

By: */s/ Jana L. Brady*
JANA L. BRADY
PATRICK JOHNSON
IFEANYI MOGBANA
Assistant United States Attorneys
327 S. Church St., Suite 3300
Rockford, Illinois 61101
jana.brady@usdoj.gov
patrick.johnson@usdoj.gov
ifeanyi.mogbana@usdoj.gov